UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------

Paul Agostino,

Plaintiff, pro se,

v.

CITY OF YONKERS;

TRACEY KUZEMCZAK, HUMAN RESOURCES MANAGER;

THOMAS MEIER, COMMISSIONER OF DEPARTMENT OF PUBLIC WORKS;

GREGORY MACK, INDEPENDENT MEDICAL EXAMINER;

ARLENE BROSKA, INDEPENDENT MEDICAL EXAMINER

Defendants.

------------------------------------------------------------

COMPLAINT

(42 U.S.C. § 1983 – CIVIL RIGHTS)

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the First and Fourteenth Amendments.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Yonkers, New York.

## II. PARTIES

4. Plaintiff Paul Agostino is a resident of Westchester County, New York and was employed by the City of Yonkers until his termination in August 2024.

5. Defendant City of Yonkers is a municipal entity organized under the laws of the State of New York.

6. Defendant Tracey Kuzemczak personally initiated the IME referral and relied on its results to remove Plaintiff from employment.

7. Defendant Thomas Meier approved or ratified the actions resulting in Plaintiff's termination.

8. Defendant Gregory Mack acted jointly with City officials under color of state law.

9. Defendant Arlene Broska acted jointly with the City officials under color of state law.

## III. FACTUAL ALLEGATIONS

10. On July 26, 2022, Plaintiff filed a formal complaint with Human Resources regarding workplace misconduct.

11. Defendants were aware of this protected activity.

12. Plaintiff was medically cleared to return to work on October 21, 2022.

13. Defendants nevertheless forced Plaintiff to undergo an IME based on false allegations.

14. Plaintiff was denied advanced written notice of the factual allegations supporting the IME referral, denied access to the information supplied to the examining physicians, denied a meaningful pre-deprivation hearing prior to placement on involuntary leave and

termination, and denied the opportunity to rebut the allegations before a neutral decision-maker.

15. Plaintiff was terminated pursuant to Civil Service Law § 73 in August 2024.

16. Defendants falsely labeled Plaintiff a workplace “threat” and disseminated that designation beyond Plaintiff’s immediate supervisors, including to City officials and medical examiners, in connection with Plaintiff’s termination, without providing Plaintiff a name-clearing hearing.

17. As a direct and proximate result of Defendants’ actions, Plaintiff lost his employment, wages, pension accruals, health benefits, professional reputation, and future employment opportunities.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of Procedural Due Process (Fourteenth Amendment)

18. Plaintiff had a protected property interest in continued employment.

19. Defendants deprived Plaintiff of that interest without due process.

20. The constitutional rights at issue were clearly established at the time of Defendants’ conduct, and no reasonable official could believe that terminating a public employee based on undisclosed and false medical information without procedural safeguards was lawful.

### SECOND CAUSE OF ACTION

Stigma-Plus Liberty Interest Violation

21. Defendants disseminated false and stigmatizing statements.

22. Plaintiff suffered termination and reputational harm without due process.

THIRD CAUSE OF ACTION

First Amendment Retaliation

23. Plaintiff engaged in protected speech.

24. Defendants retaliated through adverse employment actions, including forced medical examinations and termination, motivated at least in part by Plaintiff's protected complaint to Human Resources.

IV. A. MUNICIPAL LIABILITY (MONELL)

25. Defendants' actions were taken pursuant to policies, practices, or customs of the City of Yonkers, including the misuse of medical examinations to remove employees without procedural safeguards, and were ratified by officials with final policymaking authority over Plaintiff's employment.

V. RELIEF REQUESTED

Plaintiff respectfully requests declaratory, injunctive, compensatory, and punitive relief, as well as costs and any further relief the Court deems just.

Dated: January 21, 2026

Paul Agostino

2848 Springhurst Street

Yorktown Heights, New York 10598

(914) 800-4668

PA7546@yahoo.com