UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL AGOSTINO,

                Plaintiff,

           -against-

CITY OF YONKERS; TRACEY
KUZEMCZAK, HUMAN RESOURCES
MANAGER; THOMAS MEIER,
COMMISSIONER OF DEPARTMENT OF
PUBLIC WORKS; GREGORY MACK;
INDEPENDENT MEDICAL EXAMINER;
ARLENE BROSKA, INDEPENDENT
MEDICAL EXAMINER,

                Defendants.

26-CV-0946 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S. C. § 1983, alleging

that Defendants violated his constitutional rights by retaliating against him for his protected

speech in the workplace and thereafter terminating him. He names as defendants the City of

Yonkers; Tracey Kuzemczak, Human Resources Manager; Thomas Meier, the Commissioner of

the Department of Public Works; Greogry Mack, Independent Medical Examiner; and Arlene

Broska, Independent Medical Examiner.

By order dated February 9, 2026, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court

dismisses the complaint, with 30 days' leave to replead.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On July 26, 2022, while Plaintiff was employed by the City of Yonkers, he "filed a formal complaint with Human Resources regarding workplace misconduct." (ECF No. 1, at ¶ 10.) While he does not set forth the substance of the complaint or state whether making workplace complaints of this nature were part of his job

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

responsibilities, he concludes that his complaint to his employer was "protected activity." (*Id*. at ¶ 11.)

Plaintiff alleges that even though he was "medically cleared to return to work on October 21, 2022," Defendants "nevertheless forced Plaintiff to undergo an [independent medical exam, or IME] based on false allegations." (*Id*. at ¶¶ 12-13.) He asserts that he "was denied advanced written notice of the factual allegations supporting the IME referral, denied access to the information supplied to the examining physicians, denied a meaningful pre-deprivation hearing prior to placement on involuntary leave and termination, and denied the opportunity to rebut the allegations before a neutral decision-maker." (*Id*. at ¶ 14.)

Defendants terminated Plaintiff in August 2024. (*Id*. at ¶ 15.) Plaintiff contends that Defendants transmitted false information about him to "City officials and medical examiners, in connection with [his] termination, without providing [him] a name-clearing hearing." (*Id*. at ¶ 16.)

Plaintiff asserts Section 1983 claims for violations of his rights under the First and Fourteenth Amendments against Defendants, who are the City of Yonkers and several of its employees or contractors. He seeks monetary, declaratory, and injunctive relief. (*Id*. at § 5.)

## DISCUSSION

### A.    Due process claims under the Fourteenth Amendment

Plaintiff brings two separate but related Section 1983 claims under the Fourteenth Amendment: a procedural due process claim and a "stigma-plus" claim.

The two threshold questions in any Section 1983 claim for denial of procedural due process are "whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *Bryant v. New York*

*State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process.").

The Due Process Clause, "in limited circumstances," provides a remedy for defamation by government actors under the so-called "stigma plus" doctrine. *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004); *see Paul v. Davis*, 424 U.S. 693, 701 (1976). A "stigma plus" claim requires a plaintiff to establish that a state actor (1) made "a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah*, 383 F.3d at 38 (quoting *Doe v. Dep't of Pub. Safety ex rel. Lee,* 271 F.3d 38, 47 (2d Cir.2001)). Thus, a stigma-plus claim requires "the loss of reputation coupled with some other tangible element," *id.*, such as the deprivation of a plaintiff's property, *Greenwood v. New York, Office of Mental Health*, 163 F.3d 119, 124 (2d Cir. 1998), the termination of a plaintiff's government employment, *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004), direct interference with a plaintiff's business, *Sadallah*, 383 F.3d at 38, or other state-imposed burden or alteration of rights, *see Patterson*, 370 F.3d at 329-30 ("[L]oss of a person's reputation can, however, invoke the protections of the Due Process Clause if that loss is coupled with the deprivation of a more tangible interest."). General harms from a "sullied reputation" are insufficient. *See Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994).

1.    **Pre-deprivation hearing**

In addition to alleging a denial of a protected liberty interest, to state a procedural due process or a stigma-plus claim, a plaintiff must allege facts suggesting that he was denied that interest without due process. "The fundamental requisite of due process of law is the opportunity

to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

"When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted). "When the state conduct in question is random and unauthorized," post-deprivation remedies are appropriate. *Rivera-Powell*, 470 F.3d at 465 (citing *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880). "In contrast, when the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Id.* (citing *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880); *see Van Oss v. New York*, 783 F. Supp. 2d 681, 695 (S.D.N.Y. 2011) ("[W]here the deprivation is systemic, litigants have a well-established right to pursue their claims in federal court without resorting to state judicial remedies.").

Here, Plaintiff alleges, in a conclusory fashion, that he was terminated "pursuant to policies, practices, or customs of the City of Yonkers, including the misuse of medical examinations to remove employees without procedural safeguards." (ECF No. 1, at ¶ 25.) The Court liberally construes this allegation as suggesting that Defendants terminated Plaintiff based on established state procedures. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990) (explaining that an adequate post-deprivation remedy is not a defense to a § 1983 due process claim where the deprivation results from established state procedures). Plaintiff's barebones allegations, however, are insufficient for the Court to infer that Defendants' actions were the result of established state procedures. He suggests that Defendants did not provide a hearing or

notice, but he does not include in his complaint a clear statement of facts, describing in chronological order what transpired before his termination and what the established state procedures commanded of Defendants. If Plaintiff intends to pursue this theory of a due process violation, he must set forth facts in an amended complaint describing what the established state procedures were that caused his termination.

### 2.    Post-deprivation hearing

If a public employer does not provide a pre-deprivation process because exigencies require that it act quickly, it must provide an adequate post-deprivation process. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997); *Barry v. Barchi*, 443 U.S. 55, 66 (1979). In such an instance, a state official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 230-31 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). In New York, "[a]n Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881.

Plaintiff has not alleged that he availed himself of any post-deprivation remedy provided by New York law, such as an Article 78 proceeding under the New York Civil Practice Law & Rules in state court, or that an Article 78 proceeding was unavailable or inadequate to protect his alleged liberty interests in his public employment and reputation. The Court therefore dismisses Plaintiff's procedural due process and stigma-plus claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff chooses to pursue this theory of a due process violation in an amended complaint, he must set forth facts showing that

an Article 78 proceeding in state court was either unavailable to him or inadequate to protect his liberty interests.

**B.      Retaliation claims under the First Amendment**

Plaintiff alleges that he "filed a formal complaint with Human Resources regarding workplace misconduct," which he deems "protected activity," and that Defendants later retaliated against him for that speech. (ECF No. 1, at ¶¶ 10-11.) The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for exercising his right to free speech under the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). A plaintiff asserting a First Amendment retaliation claim must show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment.").

A government employee's speech is constitutionally protected if the employee is speaking in his capacity as a citizen on a matter of public concern. *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 200-01 (2d Cir. 2010). By contrast, if it is within the scope of employees' duties to make the speech at issue, "the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). "[T]o determine whether a public employee speaks as a citizen," *Matthews v. City of New York*, 779 F.3d 167, 173 (2d Cir. 2015), the critical question . . . is whether the speech at issue is itself ordinarily within the scope of an employee's duties." *Montero v. City of Yonkers,* 890 F.3d 386, 397-98 (2d. Cir. 2018) (quoting *Lane v. Franks*, 573 U.S. 228, 240 (2014)).

Plaintiff alleges in conclusory fashion that his complaint about workplace misconduct was "protected activity." His complaint, however, does not set forth the substance of the complaint or whether Plaintiff's speech was part of his employment-related duties. Plaintiff has therefore failed to provide facts that would allow the Court to infer that, when he made the complaint, he was speaking in his capacity as a citizen on a matter of public concern, which would be protected by the First Amendment, *see Weintraub*, 593 F.3d at 200-01, or instead was acting pursuant to his official duties in offering the speech, which would not be protected by the First Amendment, *see Garcetti*, 547 U.S. at 421. The Court therefore dismisses Plaintiff's First Amendment retaliation claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff intends to pursue this claim in an amended complaint, he must set forth the substance of his complaint to human resources and otherwise set forth facts showing that his complaint was made in Plaintiff's capacity as a citizen speaking on a matter of public concern.

## C.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

8

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Application for the court to request *pro bono* counsel**

Plaintiff has applied for *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**E.     Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims for violations of his rights secured by the First and Fourteenth Amendments, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court denies without prejudice Plaintiff's application for the court to request *pro bono* counsel. The Clerk of Court is directed to terminate the motion pending at ECF No. 10.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court also declines to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 11, 2026
        New York, New York

                                *Louis L. Stanton*
                                  Louis L. Stanton
                                  U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial            Last Name

_____

Street Address

_____

County, City                          State                   Zip Code

_____

Telephone Number                      Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 4:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

Page 6

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7