UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL AGOSTINO,<br><br>                          Plaintiff,<br><br>        -against-<br><br>CITY OF YONKERS; TRACEY KUZEMCZAK, HUMAN RESOURCES MANAGER; THOMAS MEIER, COMMISSIONER OF DEPARTMENT OF PUBLIC WORKS; GREGORY MACK, INDEPENDENT MEDICAL EXAMINER,<br><br>                          Defendants. | 26-CV-946 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing pro se, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. He sues the City of Yonkers; Tracey Kuzemczak, an employee of the Human Resources Department at the City of Yonkers Department of Public Works; Thomas G. Meier, the Commissioner of the Department of Public Works; Gregory Mack, a physician retained by the City of Yonkers to complete a psychological fitness-for-duty evaluation of Plaintiff; and Arlene Broska, another independent medical examiner who conducted a fitness-for-duty evaluation of Plaintiff.

By order dated February 9, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) denies Plaintiff's application for the court to request pro bono counsel, without prejudice; and (2) directs service on Defendants.

**DISCUSSION**

**A.      Request for the court to request counsel**

Plaintiff has submitted an application for the court to request counsel to represent him in this action. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**B.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

3

and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Court denies Plaintiff's application for the court to request counsel, without prejudice to renewal at a later date. The Clerk of Court is directed to terminate the motion at ECF No. 10.

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   March 19, 2026
         White Plains, New York

_____
        Jessica G. L. Clarke
        United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    City of Yonkers
      40 South Broadway, Suite 300
      Yonkers, NY 10701

2.    Tracey Kuzemczak
      Human Resources
      One Larkin Plaza, 2nd Floor
      Yonker, NY 10701

3.    Thomas J. Meier
      Department of Public Works
      40 South Broadway, Suite 300
      Yonkers, NY 10701

4.    Gregory Mack
      220 U.S. Route 6
      Mahopac, NY 10541

5.    Arlene Broska
      220 North Central Avenue, 2nd Floor
      Hartsdale, NY 10530