RECEIVED
SDNY DOCKET UNIT
2026 MAR 11 AM 11:41

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paul Agostino

Write the full name of each plaintiff.

26 CV 0946

(Include case number if one has been assigned)

-against-

City of Yonkers, Tracey Kuzemczak, Thomas Meier, Gregory Mack, Arlene Broska

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☑ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

If the defendant is an individual:

The defendant, ______________________, is a citizen of the State of
(Defendant's name)

______________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________.

If the defendant is a corporation:

The defendant, City of Yonkers, is incorporated under the laws of the State of New York

and has its principal place of business in the State of New York

or is incorporated under the laws of (foreign state) ______________________

and has its principal place of business in City of Yonkers.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| [illegible] Paul | | Agostino |
| First Name | Middle Initial | Last Name |

2848 Springhurst Street
Street Address

| | | |
|---|---|---|
| Yorktown Heights, | NY | 10598 |
| County, City | State | Zip Code |

| | |
|---|---|
| (914) 800-4668 | pa7546@yahoo.com |
| Telephone Number | Email Address (if available) |

**B. Defendant Information**

**To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.**

Defendant 1: Tracey Kuzemczak
First Name Last Name
City of Yonkers, Human Resources
Current Job Title (or other identifying information)
One Larkin Plaza, 2nd Floor
Current Work Address (or other address where defendant may be served)
Yonkers, NY 10701
County, City State Zip Code

Defendant 2: Gregory Mack
First Name Last Name
Dr.
Current Job Title (or other identifying information)
220 US Route 6
Current Work Address (or other address where defendant may be served)
Mahopac, NY 10541
County, City State Zip Code

Defendant 3: Arlene Broska
First Name Last Name
IME Hartsdale
Current Job Title (or other identifying information)
220 North Central Ave, 2nd Floor
Current Work Address (or other address where defendant may be served)
Hartsdale, NY 10530
County, City State Zip Code

Defendant 4: City of Yonkers c/o Corporation Counsel
40 South Broadway #300
Yonkers, NY 10701

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Fourteenth Amendment and First Amendment

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, ~~Paul Agostino~~ (Plaintiff's name), is a citizen of the State of

________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

3/11/26 — Dated

[signature] — Plaintiff's Signature

Paul — First Name

Middle Initial

Agostino — Last Name

2848 Springhurst Street — Street Address

Yorktown Heights — County, City

NY — State

10598 — Zip Code

(914) 800-4668 — Telephone Number

pa7546@yahoo.com — Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL AGOSTINO, Plaintiff,

v. 26-CV-0946

CITY OF YONKERS; THOMAS G. MEIER,

Commissioner of the Department of Public Works;

TRACEY KUZEMCZAK, Human Resources Director;

DR. GREGORY MACK, Ph.D.; DR. ARLENE BROSKA, Defendants.

---

AMENDED COMPLAINT

Plaintiff, appearing pro se, alleges as follows:

I. NATURE OF THE ACTION

1. Plaintiff brings this action under 42 U.S.C. §1983 for violations of his rights under the First and Fourteenth Amendment to the United States Constitution.

2. Plaintiff was a long- time employee of the City of Yonkers Department of Public Works. In 2022, a humiliating workplace rumor began circulating among employees falsely alleging that Plaintiff was engaging in a sexual relationship with another male employee. Plaintiff is married with a family, and the rumor caused significant embarrassment and personal distress when it spread within and beyond the workplace.

3. Plaintiff reported the rumor to Human Resources and filed a grievance complaint in an effort to stop the spread of the false allegations and to address the hostile work environment created by the gossip.

4. Shortly after Plaintiff filed the grievance complaint, Human Resources informed Plaintiff that his employment could be in jeopardy and instructed him to take leave while the grievance complaint was being investigated. Plaintiff did not request medical leave and did not claim any medical condition preventing him from performing his job duties. Nevertheless, Human Resources partially completed Family and Medical Leave Act (FMLA) paperwork and directed Plaintiff to obtain a physician to complete the remaining sections.

5. Human Resources later concluded its investigation into Plaintiff's grievance complaint and issued written correspondence stating the investigation was inconclusive and that matter was closed and that management had taken steps to stop the rumor within the workplace.

6. Despite the closure of the investigation and Plaintiff later obtaining medical clearance to return to work, Defendants continued to block Plaintiff from returning to work and instead initiated psychological evaluations after informing examining physicians that Plaintiff was believed to be a danger to himself and others before any evaluation occurred.

7. Defendants ultimately relied on the psychological reports prepared by the examining physicians retained by the City to initiate proceedings under the New York Civil Service Law §72. Those reports repeated and relied upon the allegations previously communicated by Human Resources that Plaintiff posed a danger to himself and others, rather than reflecting the substance of the examinations conducted with Plaintiff. The reports were then used to support the City's decision to remove Plaintiff from his position, resulting in the loss of employment, pension, and medical benefits without the procedural protections required by the Fourteenth Amendment. Plaintiff possesses recordings of the examination sessions that document the substance of those conversations.

II. JURISDICTION

8. This action arises under 42 U.S.C. §1983 for violations of the Fourteenth Amendment Due Process Clause and the First Amendment of the United States Constitution.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

10. Venue is proper in this District because the events occurred in Yonkers, New York.

III. PARTIES

11. Plaintiff, Paul Agostino, is a resident of the State of New York and was employed by the City of Yonkers Department of Public Works as a civil service employee until his removal from employment in connection with proceedings initiated under New York Civil Service §72 and §73.

12. Defendant City of Yonkers is a municipal corporation organized under the State of New York and was responsible for the policies, practices, and customs governing the employment of Plaintiff and other municipal employees.

13. Defendant Thomas G. Meier was, at all relevant times, Commissioner of the Department of Public Works and exercised authority over personnel decisions affecting employees within the Department, including implementation of leave determinations under New York Civil Service Law §72, and acted under color of state law in connection with those decisions.

14. Defendant Tracey Kuzemczak was at all relevant times an employee and agent of the City of Yonkers Human Resource Department and acted under the color of state law in connection with the investigation of Plaintiff's grievance complaint, the placement of Plaintiff on leave, and the

communications with evaluating physicians regarding Plaintiff's alleged fitness for duty.

15. Defendant Dr. Gregory Mack was retained and compensated by the City of Yonkers to conduct a psychological fitness-for-duty evaluation of Plaintiff in connection with the City's consideration of action under New York Civil Service law §72. In conducting this evaluation and preparing a written report relied upon by the City in determining Plaintiff's employment status, Dr. Mack acted pursuant to authority delegated by the City and participated in the decision making process used by the City to determine whether Plaintiff would be permitted to return to work.

16. Defendant Dr. Broska was likewise retained and compensated by the City of Yonkers to conduct a psychological evaluation of the Plaintiff in connection with the city's consideration of action under New York Civil Service Law §72. In conducting this evaluation and preparing a report relied upon by the City in determining Plaintiff's employment status, Dr. Broska acted pursuant to authority delegated by the City and participated in the process through which the City determined Plaintiff's ability to continue his employment.

IV. FACTUAL BACKGROUND

17. At all relevant times, Plaintiff was employed by the City of Yonkers Department of Public Works as a civil service employee and had worked for the City for 25 years prior to the events described in this Complaint. Plaintiff had maintained a clean employment record and had not been the subject of any disciplinary action or workplace misconduct complaints.

18. Prior to the events described in this Complaint, Plaintiff had no history of medical or psychological conditions affecting his ability to perform his job duties and had never previously been required to undergo any fitness-for-duty or psychological evaluation during his employment with the City of Yonkers.

19. On or about July 25, 2022 Plaintiff reported misconduct within the Department of Public Works to Human Resources involving workplace rumors and practices that Plaintiff reasonably believed violated departmental rules and municipal policy.

20. Plaintiff's job duties did not require him to report such misconduct.

21. At the time Plaintiff reported the misconduct, Plaintiff had sought counseling related to workplace stress caused by a lewd rumor and conditions within the department. Plaintiff had no diagnosed mental or physical health condition that impaired his ability to perform his job duties.

22. After Plaintiff reported the misconduct, Human Resources informed Plaintiff in a memorandum that his employment could be in jeopardy and advised him to take leave under the Family and Medical Leave Act (FMLA). Human Resources partially completed the FMLA paperwork and instructed Plaintiff to have a physician complete the certification.

23. Plaintiff had not previously sought medical leave and had not yet been examined by a physician whose certification was requested. Plaintiff nonetheless complied with the instruction and submitted the form.

24. Plaintiff complied with the FMLA leave in response to the direction and warning provided by Human Resources and understood that failing to comply could place his employment in jeopardy.

25. During this period Plaintiff used his accrued leave time. Plaintiff did not receive written disciplinary charges or notice of any suspension.

26. Plaintiff's treating physician cleared him to return to work effective October 21, 2022.

27. Human Resources confirmed that Plaintiff was expected to return on that date.

28. Despite medical clearance, Plaintiff was not permitted to return to work on October 21, 2022.

29. Plaintiff was instructed not to report to the workplace and was effectively locked out of the workplace.

30. Plaintiff attempted to return to work following his physician's clearance but was informed by Human Resources that he was not permitted to return to duty. No written suspension notice, disciplinary charges, or notice invoking Civil Service law §72 was provided at that time.

31. No written charges, misconduct allegations, or incident reports were provided to Plaintiff.

32. At that time Defendants had not invoked any statutory procedure under Civil Service Law §72.

33. On October 27, 2022 Defendant Kuzemczak directed Plaintiff to attend a psychological examination.

34. The correspondence scheduling the examination did not cite Civil Service Law §72 and did not identify any specific allegation of misconduct.

35. Plaintiff complied and attended the examination.

36. Plaintiff recorded both psychological examinations. The recordings document the substance of the conversations that occurred during the examinations. The recordings reflect that several statements attributed to Plaintiff in the written evaluation reports were not made during the examinations and that several conclusions in the reports relied upon information supplied by Human Resources rather than statements made by Plaintiff during the examinations.

37. Plaintiff had no history of diagnosed psychological conditions affecting his ability to perform his duties and had never previously been required to undergo a psychological fitness -for-duty examination during his approximately twenty-five years of employment.

38. Prior to this time Plaintiff had not been charged with threatening behavior, workplace violence, or misconduct that would warrant a psychological fitness for duty exam.

39. From October 21, 2022 until February 14, 2023 Plaintiff remained barred from returning to work for nearly four months despite medical clearance and without the initiation of any procedure under Civil Service Law §72, without written charges, and without an opportunity to respond.

40. Plaintiff was forced to use accrued leave time during this period while repeatedly seeking permission to return to work once medically cleared but remained excluded from the workplace with no explanation as to the cause.

41. On February 14, 2023 Defendant Meier issued written correspondence placing Plaintiff on involuntary leave pursuant to Civil Service Law §72.

42. The letter relied upon a psychological evaluation by Defendant Mack stating Plaintiff was unfit for duty.

43. Meier directed that Plaintiff be placed on involuntary leave without pay effective February 15, 2023.

44. Prior to this notice Plaintiff had not received written charges identifying any specific incident of misconduct or threatening behavior.

45. Plaintiff later challenged the determination through available administrative procedures.

46. Plaintiff also sought review through an Article 78 proceeding.

47. The Article 78 proceeding addressed later employment actions but did not remedy Plaintiff's earlier exclusion from work between October 21, 2022 and February 14, 2023.

48. The constitutional violation alleged in this action arises from Plaintiff's exclusion from employment prior to the initiation of statutory procedures under Civil Service Law §72 and prior to any opportunity for a hearing or response.

49. The exclusion of Plaintiff from work between October 21, 2022 and February 14, 2023 was not the result of a random or unauthorized act by a subordinate employee but was carried out pursuant to deliberate decisions by officials with authority over Plaintiff's employment status. Because the

Case 7:25-cv-00946-JGLC-AEK Document 17 Filed 03/12/26 Page 13 of 16

deprivation resulted from established governmental decision-making rather than an unpredictable act, constitutionally adequate pre-deprivation process was required.

50. The actions described above occurred after Plaintiff reported workplace misconduct and filed a grievance complaint which resulted in Plaintiff being removed from his employment and portrayed as mentally unstable and dangerous despite the absence of any prior medical history, disciplinary history or workplace misconduct. These actions were taken after Human Resources had closed its investigation into Plaintiff's grievance complaint and after Plaintiff had been medically cleared to return to work. These actions damaged Plaintiff's professional reputation and deprived him of his protected property interest in his public employment without the procedural protections required by the Constitution.

Plaintiff remained barred from work for nearly four months after being medically cleared to return and before any statutory procedure under Civil Service Law§72 was initiated.

COUNT I – PROCEDURAL DUE PROCESS

51. Plaintiff had a protected property interest in continued employment.

52. Beginning October 21, 2022 Defendants prevented Plaintiff from returning to work.

53. This deprivation occurred before the City invoked Civil Service Law §72.

54. Plaintiff was not provided written notice of charges.

55. Plaintiff was not provided an opportunity to respond prior to being excluded from work.

56. Defendants' actions were deliberate personnel decisions made by officials with authority over Plaintiff's employment status.

57. Because the deprivation was not random or unauthorized, constitutionally adequate pre-deprivation process was required.

58. The availability of later administrative proceedings or Article 78 review does not cure the earlier deprivation.

COUNT II – FIRST AMENDMENT RETALIATION

59. Plaintiff's complaint regarding misconduct addressed matters of public concern.

60. Plaintiff spoke as a citizen and not pursuant to his job duties. Reporting workplace misconduct and violations of departmental policy is protected speech under the First Amendment when made as a citizen rather than pursuant to official job duties.

61. Shortly after making this complaint Plaintiff was excluded from work and subjected to involuntary psychological examinations.

62. The timing of these actions supports a plausible inference of retaliatory motive.

63. The adverse actions occurred shortly after Plaintiff reported misconduct, creating a close temporal connection between Plaintiff protected speech and Defendants' actions.

COUNT III – MUNICIPAL LIABILITY

64. The actions described above were carried out by officials with authority over Plaintiff's employment.

65. Defendant Meier exercised statutory authority to place Plaintiff on involuntary leave.

66. The deprivation of Plaintiff's rights was implemented and ratified by municipal officials exercising authority over personnel decisions within the Department of Public Works.

67. Under City policy and New York Civil Service Law §72, the Commissioner of the Department of Public Works possesses authority to initiate and approve involuntary leave determinations affecting departmental employees. The decision to exclude Plaintiff from work and later place him on involuntary leave was made or ratified by officials possessing final policymaking authority for the City.

68. These actions constituted official policy attributable to the City of Yonkers.

PRAYER FOR RELIEF

A. Compensatory damages including lost wages, lost benefits, depletion of accrued leave time, emotional distress, and damage to Plaintiff's professional reputation.

B. Declaratory relief.

C. Injunctive relief restoring Plaintiff's rights and correcting employment records;

D. Costs and any other relief the Court deems just.

E. Punitive damages against the individual defendants for their reckless or callous disregard of Plaintiff's constitutional rights.

F. Reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 should Plaintiff obtain counsel in this matter.

Respectfully Submitted,

______________________________

Plaintiff, Pro Se

Paul Agostino