UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PAUL AGOSTINO,

Plaintiff,

– against –

CITY OF YONKERS, TRACEY KUZEMCZAK, THOMAS MEIER, GREGORY MACK, ARLENE BROSKA,

Defendants.
-----------------------------------------------------x

26-CV-00946 (JGLC)

Assigned Magistrate
Hon. Andrew E. Krause

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………...3

I. PRELIMINARY STATEMENT……………………………………………………. . . . .5

II. LEGAL ARGUMENT ……………………………………………………………….. . . .6

A. STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 ARE TIME-BARRED ……………………………………………………………………………………...6

C. PLAINTIFF HAS FAILED TO STATE A PROCEDURAL DUE PROCESS CLAIM UNDER 42 U.S.C. § 1983 ………………………………………….. . . . . . . . . . . . . . .8

D. PLAINTIFF HAS FAILED TO STATE A FIRST AMENDMENT RETALIATION CLAIM UNDER 42 U.S.C. § 1983 ………………………………………. . . . . . . . .9

E. PLAINTIFF HAS FAILED TO STATE A *MONELL* CLAIM PURSUANT TO 42 U.S.C. § 1983 ……………………………………………………….. . . . . . . . . . . . 11

F. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANT KUZEMCZAK FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION ..…………………………13

**TABLE OF AUTHORITIES**

## Cases

*Ashcroft v. Iqbal*, 129 S. Ct. 1949 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
*Bd. of Regents v. Tomanio,* 446 U.S. 478, 100 S. Ct. 1790 (1980) . . . . . . . . . . . . . . . . . . . . . . .6, 8
*Bd. of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701 (1972) . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .8
*Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) . . . . . . . . . . . . . . . . . . . . . . . . .. 12
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . 6, 10
*Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . ..8
*Calvelos v. City of New York*, 2020 U.S. Dist. LEXIS 109266 (S.D.N.Y. 2020). . . . . . . . . . . . . . 10
*Chi Chao Yuan v. Rivera*, 48 F. Supp. 2d 335, 343 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . 12
*Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . ..7
*Cox v. Warwick Valley Cent. Sch. Dist*., 654 F.3d 267, 272 (2d Cir. 2011) . . . . . . . . . . . . . . . . . ..9
*Davis v. City of New York*, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002), *aff'd*, 75 F. App'x 827 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..11
*Dukes v. NYCERS*, 361 F.Supp.3d 358, 371 (S.D.N.Y. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
*Dwares v. New York*, 985 F.2d 94, 100 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 13
*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) . . . . . . . . . . . .6
*Graham v. Macy's Inc.,* No. 14-CV-3192, 2015 U.S. Dist. LEXIS 35588 (S.D.N.Y. Mar. 23, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
*Jackson v. City of New York*, 2015 U.S. Dist. LEXIS 92054 (S.D.N.Y. 2015). . . . . . . . . . . . . . .14
*Jaghory v. New York State Dep't of Educ*., 131 F.3d 326, 331 (2d Cir. 1997) . . . . . . . . . . . . . . .6, 7
*Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371 (2d Cir. 1978). . . . . . . . . . . . 14
*Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11
*Meyer v. Frank*, 550 F.2d 726, *cert. denied*, 434 U.S. 830 (1977) . . . . . . . . . . . . . . . . . . . . . . .. . 7
*Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008). . . . . . . . . . . . . . . . . . . .11
*Nogue v. City of New York*, 1999 U.S. Dist. LEXIS 13201 (E.D.N.Y. 1999). . . . . . . . . . . . . . . . .. 5
*Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12
*Romer v. Leary*, 425 F.2d 186 (2d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
*Ross v. Breslin*, 693 F.3d 300 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . .10
*Rossy v. City of Buffalo*, 2025 U.S. App. LEXIS 6004 (2d Cir. 2025). . . . . . . . . . . . . . . . . . . . . . ..5
*St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
*Silva v. Worden*, 130 F.3d 26, 31 (1st Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 13
*Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, 106 S. Ct. 1292 (1986). . . . . . . . . . . . . . . . . ..11
*Quinones v. City of Binghamton*, 997 F.3d 461, 466 n.2 (2d Cir. 2021). . . . . . . . . . . . . . . . . . . . .5
*Owens v. Okure,* 488 U.S. 235 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . ...6
*Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..7
*Walton v. Safir*, 122 F. Supp. 2d 466, 477 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Statutes

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. *passim*
FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

FRCP 12(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
FRCP 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..5
FRCP 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
FRCP 4(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . … 14
FRCP 4(e)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
N.Y. CPLR 308 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

## PRELIMINARY STATEMENT

The City of Yonkers ("City"), Thomas Meier[1] ("Defendant Meier"), and Tracey Kuzemczak ("Defendant Kuzemczak") submit this memorandum of law in support of their motion to dismiss all causes of action alleged in the Amended Complaint filed on March 11, 2026 by Paul Agostino ("Plaintiff"). Plaintiff filed this action alleging constitutional claims pursuant to 42 U.S.C. § 1983 premised upon the First and Fourteenth Amendments to the United States Constitution. This motion to dismiss should be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") based on the following legal grounds: (i) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations; (ii) Plaintiff has failed to state a procedural due process claim under 42 U.S.C. § 1983; (iii) Plaintiff has failed to state a first amendment retaliation claim under 42 U.S.C. § 1983; and (iv) Plaintiff has failed to state a *Monell* Claim pursuant to 42 U.S.C. § 1983. Additionally, the Amended Complaint should be dismissed as against Defendant Kuzemczak pursuant to FRCP 12(b)(5) for insufficient service of process and correspondingly dismissed also pursuant to FRCP 12(b)(2) for lack of personal jurisdiction. This Honorable Court should grant such further and other relief as it deems just and proper.

---

[1] Thomas Meier is the current Commissioner of the Department of Public Works. Tracey Kuzemczak is a former City employee. [Ex. C]. All claims against Defendants Meier and Kuzemczak should be dismissed because such claims are duplicative of the action against the City. *See* Nogue v. City of New York, 1999 U.S. Dist. LEXIS 13201 (E.D.N.Y. 1999)("[t]o the extent the Police Commissioner is being sued in his official capacity, any claim against him is merely duplicative of the action against the City."); Quinones v. City of Binghamton, 997 F.3d 461, 466 n.2 (2d Cir. 2021). Further, the Amended Complaint does not allege that Defendants Meier and Kuzemczak are sued in their individual capacities. *Cf.* Rossy v. City of Buffalo, 2025 U.S. App. LEXIS 6004 (2d Cir. 2025)(finding that an individual capacity claim existed where Plaintiff had explicitly alleged that defendants were sued in an individual capacity, the complaint sought punitive damages, and it alleged facts sufficient to demonstrate that defendants acted under color of state law and caused the deprivation of a federal right). Plaintiff has not stated claims against these defendants in their individual capacities either.

## LEGAL ARGUMENT

### I. STANDARDS OF REVIEW

Plaintiff's Amended Complaint should be dismissed pursuant to FRCP Rule 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (alteration, citations, and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (*per curiam*); *see also* Graham v. Macy's Inc., No. 14-CV-3192, 2015 U.S. Dist. LEXIS 35588 (S.D.N.Y. Mar. 23, 2015) ("For the purpose of resolving the motion to dismiss, the [c]ourt assumes all well-pled facts to be true . . . .").

### II. PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 ARE TIME-BARRED

All of Plaintiff's claims for relief against the City, Defendant Meier, and Defendant Kuzemczak pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations. This includes Plaintiff's claim alleging violations of procedural due process. *See* Dukes v. NYCERS, 361 F.Supp.3d 358, 371 (S.D.N.Y. 2019) ("A plaintiff may bring a cause of action for procedural and substantive violations of rights protected by the due process clause of the United States Constitution pursuant to 42 U.S.C. § 1983."). The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 that accrued in the State of New York is three years. *See* Owens v.

Okure, 488 U.S. 235 (1989); Bd. of Regents v. Tomanio, 446 U.S. 478 (1980); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997); Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994); Romer v. Leary, 425 F.2d 186 (1970); Meyer v. Frank, 550 F.2d 726, *cert. denied*, 434 U.S. 830 (1977).

Here, Plaintiff's constitutional violation claims are premised not upon any termination of employment, but instead upon the City's alleged refusal to allow Plaintiff to return to work between October 21, 2022 and February 14, 2025. [Ex. B, ¶ 48 "exclusion from employment prior to the initiation of statutory procedures under Civil Service Law 72 and prior to any opportunity for a hearing or response"; Ex. B, ¶ 49 ("[t]he exclusion of Plaintiff from work between October 21, 2022 and February 14, 2023 was . . . carried out pursuant to deliberate decisions by officials with authority over Plaintiff's employment status."; Ex. B, ¶ 50 ("[t]hese actions damaged Plaintiff's professional reputation and deprived him of his protected property interest in his public employment . . .")].

Because Plaintiff alleges that he was harmed when the City refused to let him return to work starting on October 21, 2022, that is also the date when Plaintiff's claims accrued. [Ex. B, ¶¶ 48-50; *see* Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994) ("the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm").]. Therefore, all of Plaintiff's claims pursuant to 42 U.S.C. § 1983 must have been filed in court within three years of October 21, 2022 or by no later than October 21, 2025. *See* Jaghory,, 131 F.3d at 331; Cornwell, 23 F.3d at 703. Here, however, Plaintiff filed the Complaint on February 2, 2026 and the Amended Complaint on March 11, 2026. [Ex. A; Ex. B]. Neither of these filing dates occurred on or before

October 21, 2025, which is three years from the accrual of Plaintiff's alleged claims. Therefore, all of Plaintiff's claims should be dismissed as barred by the statute of limitations.

Plaintiff's 42 U.S.C. § 1983 claims as against the City, Defendant Meier, and Defendant Kuzemczak should be dismissed pursuant to FRCP 12(b)(6) as time-barred. *See* Bd. of Regents, 446 U.S. 478.

## III. PLAINTIFF HAS FAILED TO STATE A PROCEDURAL DUE PROCESS CLAIM UNDER 42 U.S.C. § 1983

In the section titled "Count I" of Plaintiff's Amended Complaint, Plaintiff alleges a procedural due process claim under 42 U.S.C. § 1983. [Ex. B]. This claim should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim. Plaintiff's procedural due process claim is deficient for numerous reasons. The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. Bd. of Regents v. Roth, 408 U.S. 564, 92 S. Ct. 2701 (1972). "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. at p. 577. "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process." Bryant v. New York State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012). Plaintiff has failed to sufficiently plead both elements.

First, Plaintiff has failed to plead sufficient factual allegations of the existence of a claim of entitlement to the alleged property interest. In the Amended Complaint, Plaintiff never pleads any state law, policy, rule, or contractual provision that establishes that he held a property

interest in that employment. [Ex. B]. Instead, Plaintiff states only that he was a "civil service employee" and that he had a "protected property interest in his public employment," but did not allege the legal source of that purported property right. Id. at ¶¶ 11, 50. Plaintiff also never states the job title that he held while employed by the City. [Ex. A; Ex. B]. The Amended Complaint is deficient in that Plaintiff failed to plead the existence of a cognizable property right encompassed by the Fourteen Amendment, which warrants dismissal pursuant to FRCP 12(b)(6).

Second, Plaintiff also fails to adequately allege facts establishing that he lost a property right. Here, Plaintiff alleges that his constitutional claim arises from his "exclusion from employment prior to the initiation of statutory procedures under Civil Service Law 72 and prior to any opportunity for a hearing or response." [Ex. B, at ¶ 48]. Plaintiff's claims are premised upon the City's alleged refusal to allow him to return to work between October 21, 2022 and February 14, 2025. [Ex. B]. The claims are not, however, premised upon any termination of Plaintiff's employment. [Id.].

Plaintiff's procedural due process claim under 42 U.S.C.§ 1983 should be dismissed pursuant to FRCP 12(b)(6).

## IV. PLAINTIFF HAS FAILED TO STATE A FIRST AMENDMENT RETALIATION CLAIM UNDER 42 U.S.C. § 1983

In the section titled "Count II" of Plaintiff's Amended Complaint, Plaintiff alleges a "First Amendment Retaliation – 42 U.S.C. § 1983" claim. [Ex. B]. This claim should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. With respect to the City, Plaintiff does not allege the existence of any official policy of the municipality sufficient to impute First Amendment liability upon the City pursuant to the standard set forth in *Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (noting that to

"prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove . . . that an official policy of the municipality caused the constitutional injury."). Section V of this memorandum sets forth in greater detail the argument establishing Plaintiff's failure to state a *Monell* claim.

To establish a First Amendment retaliation claim by a government actor, the plaintiff must demonstrate that "(1) his or her speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him or her; and (3) there was a causal connection between this adverse action and the protected speech. Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 272 (2d Cir. 2011). Here, in reference to the First Amendment Retaliation claim, Plaintiff makes certain vague, conclusory allegations including that (i) Plaintiff's "complaint regarding misconduct addressed matters of public concern" and that (ii) "Plaintiff spoke as a citizen and not pursuant to his job duties." [Ex. B, ¶¶ 59, 60]. Neither of these generalized allegations sufficiently allege that Plaintiff engaged in protected First Amendment speech because they do not contain *any* factual allegations concerning the nature of the misconduct that Plaintiff purportedly reported and to whom he reported it to. *See* Ashcroft v. Iqbal, 129 S. Ct. 1949 (2009), *citing* Twombly, 550 U.S. at 127 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Further, Plaintiff's vague allegations concerning reporting "misconduct" is insufficient to allege that Plaintiff engaged in protected First Amendment speech. *See, e.g.,* Calvelos v. City of New York, 2020 U.S. Dist. LEXIS 109266 (S.D.N.Y. 2020) (dismissing several First Amendment retaliation claims pertaining to "complaints about people committing acts of misconduct on the job."); Ross v. Breslin, 693 F.3d 300 (2d Cir. 2012).

## V. PLAINTIFF HAS FAILED TO STATE A *MONELL* CLAIM PURSUANT TO 42 U.S.C. § 1983

In “Count III” of the Amended Complaint, Plaintiff alleges “Municipal Liability”, in part, that “[t]he actions described above were carried out by officials with authority over Plaintiff’s employment.” [Ex. B]. Plaintiff has failed to properly state a claim pursuant to 42 U.S.C. § 1983. The U.S. Supreme Court has held that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell, 436 U.S. at 691. To "prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe, 542 F.3d at 36. A municipality may not be liable under Section 1983 "by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S. Ct. 1292 (1986). "In determining municipal liability, it is necessary to conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" Davis v. City of New York, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002), *aff'd*, 75 F. App'x 827 (2d Cir. 2003). At least two situations may constitute a municipal policy for purposes of a *Monell* claim: “(1) where there is an officially promulgated policy as that term is generally understood (*i.e.,* a formal act by the municipality's governing body), and (2) where a single act is taken by a municipal employee who, as a matter of State law, has final policymaking authority in the area in which the action was taken." Newton v. City of New York, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) (*citing* Monell, 436 U.S. at 690, and Pembaur, 475 U.S. at 480-81). "A municipal 'custom,' on the other hand, need not receive

formal approval by the appropriate decisionmaker . . . ." Id. Instead, "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Bd. of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Here, Plaintiff failed to allege that a specific, identifiable, and officially promulgated policy or formal act by a governing body caused the alleged constitutional injury. [*See* Ex. B, ¶¶ 1-68]. Plaintiff does not reference any legislative acts taken by the Yonkers City Council, which is the City's governing body[2]. Because Plaintiff fails to identify and allege an official policy or formal act of the governing body that caused the alleged constitutional violation, Plaintiff has failed to state a *Monell* claim on the basis of a municipal policy. *See* Monell, 436 U.S. at 690. "[T]he act of an official with final decision-making authority, if it wrongfully causes the plaintiff's constitutional injury, may be treated as the official act of the municipality . . . .". Walton v. Safir, 122 F. Supp. 2d 466, 477 (S.D.N.Y. 2001). Plaintiff also added conclusory allegations that Defendant Meier "exercised statutory authority to place Plaintiff on involuntary leave." [Ex. B, ¶ 65]. However, because Section 1983 does not confer substantive rights, but rather provides a means by which aggrieved persons may allege violations of specific federal constitutional rights, Plaintiff has failed to state any viable claim against the City and Defendants Meier and Kuzemczak. *See* Walton, 122 F. Supp. 2d 466; *see, e.g.,* Chi Chao Yuan v. Rivera, 48 F. Supp. 2d 335, 343 (S.D.N.Y. 1999).

In addition to a municipal policy, the other necessary inquiry that must be conducted concerning municipal liability under 42 U.S.C. § 1983 is whether there exists a municipal custom. Davis, 228 F. Supp. 2d at 336. To succeed on a *Monell* claim premised upon a municipal

---

[2] *See* Article IV of the Charter of the City of Yonkers: https://ecode360.com/15120516.

custom, plaintiff must prove the existence of a practice that is permanent. St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). "[O]ne method of showing custom is to demonstrate that the custom or practice is so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." Silva v. Worden, 130 F.3d 26, 31 (1st Cir. 1997).

Here, in Count III of the Amended Complaint, Plaintiff does not allege the existence of any custom or otherwise widespread practice by the municipality or its policymaking officials. In fact, the allegations in this portion of the Amended Complaint are focused on Defendant Meier's alleged acts specific to Plaintiff – not on any widespread custom or practice across the entire department or City. [Ex. B, ¶¶ 64-67]. Even a vague assertion of a widespread practice would be insufficient to substantiate a *Monell* claim. *See* Dwares v. New York, 985 F.2d 94, 100 (2d Cir. 1993)("The mere assertion, however, that a municipality has such a custom or policy is insufficient in the ***absence of allegations of fact*** tending to support, at least circumstantially, such an inference.")(emphasis added). Plaintiff has failed to allege a *Monell* claim based on a municipal custom. Accordingly, Plaintiff's § 1983 claims should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim.

## VI. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST DEFENDANT KUZEMCZAK FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION

A complaint may be dismissed for insufficient service of process pursuant to FRCP 12(b)(5). In accordance with FRCP 4(e), "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Because FRCP 4(e)(1) also authorizes service of process to be made by utilizing state law of the state where the district court is located, Section 308 of the N.Y. Civil Practice Law and Rules ("CPLR") is applicable. CPLR § 308 also requires that the summons and complaint be sent by mail if personal service is made upon a person of suitable age and discretion at the defendant's actual place of business, dwelling place or usual place of abode. In reference to Defendant Tracey Kuzemczak, she was not personally served with the summons and complaint nor with the Amended Complaint. [Ex. D (Decl., ¶ 2)]. Therefore, personal service pursuant to FRCP 4(e)(2)(A) and CPLR 308(1) was not made. Additionally, the summons and complaint or Amended Complaint was not served at Defendant Kuzemczak's residence nor were the commencement documents received by mail by Defendant Kuzemczak. Id. Therefore, service of process was not effectuated pursuant to FRCP 4(e)(1) and CPLR § 308(2).

Based upon the foregoing, Plaintiff has failed to properly serve Defendant Kuzemczak and this Court should dismiss Plaintiff's Amended Complaint pursuant to FRCP 12(b)(5) for ineffective service of process. Furthermore, this Court lacks personal jurisdiction over Defendant Kuzemczak because Plaintiff failed to properly serve Defendant Kuzemczak in accordance with FRCP 4. *See* Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371 (2d Cir. 1978) ("If a defendant is not served in the manner outlined in Rule 4 and does not waive formal service,

the court lacks personal jurisdiction over the defendant."); Jackson v. City of New York, 2015 U.S. Dist. LEXIS 92054 (S.D.N.Y. 2015).

**WHEREFORE**, the City, Defendant Meier, and Defendant Kuzemczak respectfully request that their motion to dismiss the Amended Complaint be granted because (i) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations; (ii) Plaintiff has failed to state a procedural due process claim under 42 U.S.C. § 1983; (iii) Plaintiff has failed to state a first amendment retaliation claim under 42 U.S.C. § 1983; and (iv) Plaintiff has failed to state a *Monell* Claim pursuant to 42 U.S.C. § 1983. Additionally, the Amended Complaint should be dismissed as against Defendant Kuzemczak pursuant to FRCP 12(b)(5) for insufficient service of process and correspondingly dismissed also pursuant to FRCP 12(b)(2) for lack of personal jurisdiction. This Honorable Court should grant such further and other relief as it deems just and proper.

Dated: May 28, 2026
Yonkers, New York

Sincerely,

Matthew I. Gallagher
Corporation Counsel
City of Yonkers

By: Dusan Lakic
Dusan Lakic, Esq. (DL2015)
First Deputy Corporation Counsel
40 South Broadway, Room 300
Yonkers, New York 10701
T: (914) 377-6230
E: dusan.lakic@yonkersny.gov

To: **VIA ECF**
Paul Agostino
Plaintiff *Pro Se*

**VIA ECF**
Brian Linares-Ponce, Esq.
*Attorney for Gregory Mack*
Amabile & Erman, P.C.

**PRINTING SPECIFICATIONS STATEMENT**

Pursuant to Local Rule 7.1(c), the foregoing memorandum of law was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of Typeface: Times New Roman

Point Size: 12

Line Spacing: Double

The total number of words in this memorandum of law, inclusive of point headings, footnotes, and endnotes, and exclusive of the caption, table of contents, table of authorities, and signature block, and any required certificates, is 3,351 words, which is in conformity with the 8,750-word limit.

Sincerely,

Matthew I. Gallagher
Corporation Counsel
City of Yonkers

By: /S/ Dusan Lakic
Dusan Lakic, Esq. (DL2015)
First Deputy Corporation Counsel
40 South Broadway, Room 300
Yonkers, New York 10701
T: (914) 377-6230
E: dusan.lakic@yonkersny.gov