RECEIVED
SDNY DOCKET UNIT
2026 JUN 26 PM 2:55

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL AGOSTINO,

Plaintiff,

v.

CITY OF YONKERS, THOMAS G. MEIER,
TRACEY KUZEMCZAK, GREGORY MACK,
and ARLENE BROSKA,

Defendants.

---

26-CV-0946 (JGLC)

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Plaintiff Paul Agostino respectfully submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants seek dismissal by inviting the Court to disregard well-pleaded factual allegations, draw inferences in Defendants' favor, and resolve disputed issues of fact at the pleading stage. That is not the standard governing a Rule 12(b)(6) motion. At this stage, the Court must accept Plaintiff's factual allegations as true and determine only whether the Amended Complaint plausibly states claims upon which relief may be granted.

This case is not simply a challenge to Defendants' decision to invoke New York Civil Service Law § 72 on February 14, 2023. Rather, Plaintiff alleges that after reporting workplace misconduct to Human Resources, he was directed to take Family and Medical Leave Act leave under threat that his employment could be jeopardized.

Plaintiff complied with those directives, obtained medical treatment, and was medically cleared by his treating provider to return to unrestricted duty effective October 21, 2022.

Despite that medical clearance, Defendants allegedly refused to permit Plaintiff to return to work. Instead, Plaintiff alleges that he remained excluded from his employment for nearly four months while Defendants required psychological fitness-for-duty evaluations, despite having initiated no proceedings under Civil Service Law § 72, providing no written disciplinary charges, identifying no specific misconduct, and affording Plaintiff no meaningful opportunity to respond before depriving him of his protected employment.

Defendants' own actions demonstrate that Plaintiff's exclusion from employment continued well beyond October 21, 2022. Rather than restoring Plaintiff to duty after he was medically cleared, Human Resources continued directing Plaintiff to submit to return-to-work evaluations while withholding his return to work. Plaintiff alleges that these actions occurred before Defendants formally invoked Civil Service Law § 72 and therefore before the statutory procedures upon which Defendants now rely had even begun.

Defendants' motion repeatedly asserts that Plaintiff failed to plead facts that are expressly alleged in the Amended Complaint, including Plaintiff's permanent civil service status, his protected property interest in continued employment, the chronology of his exclusion from work before initiation of § 72 proceedings, and the direct participation of Defendants Meier and Kuzemczak in the challenged employment decisions. Whether Plaintiff ultimately proves those allegations is not before the Court. The only question presented is whether the Amended Complaint plausibly states claims for relief under Rule 12(b)(6).

Because it does, Defendants' Motion to Dismiss should be denied in its entirety.

## PROCEDURAL HISTORY

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution in connection with the City's decision to prevent him from returning to work, require psychological evaluations, and later place him on involuntary leave under New York Civil Service Law § 72.

On April 9, 2026, the Court dismissed Plaintiff's original Complaint without prejudice and granted Plaintiff leave to amend. The Court concluded that Plaintiff should be afforded an opportunity to plead additional factual allegations in support of his constitutional claims. Plaintiff thereafter timely filed his Amended Complaint in accordance with the Court's Order.

The Amended Complaint sets forth detailed factual allegations regarding Plaintiff's employment with the City of Yonkers, his report of workplace misconduct, his placement on FMLA leave, his medical clearance to return to work, his exclusion from the workplace before the initiation of proceedings under Civil Service Law § 72, and the subsequent administrative actions taken by Defendants. It further asserts claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment's Due Process Clause, the First Amendment, and municipal liability under *Monell v. Department of Social Services*.

On May 28, 2026, Defendants filed the present Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue, among other things, that Plaintiff's claims are barred by the statute of limitations, fail to state claims for procedural due process, First Amendment retaliation, and municipal liability, and that the claims against Defendants Meier and Kuzemczak should be dismissed.

Defendants also initially argued that Defendant Tracey Kuzemczak had not been properly served. Plaintiff subsequently completed service through the United States Marshals Service, and Defendants advised the Court that they were withdrawing that portion of their motion. Accordingly, the service issue no longer presents a basis for dismissal, and the remaining issues concern only the sufficiency of the allegations contained in the Amended Complaint.

The present Motion therefore requires the Court to determine whether, accepting the well-pleaded allegations of the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged claims upon which relief may be granted under Rule 12(b)(6).

## I. STATEMENT OF FACTS

### A. Plaintiff's Employment with the City of Yonkers

Plaintiff Paul Agostino was employed by the City of Yonkers Department of Public Works for approximately twenty-five years as a Maintenance Mechanic. Throughout his employment, Plaintiff held a permanent civil service position and alleges that, under New York Civil Service Law, he possessed a protected property interest in his

continued employment. Plaintiff further alleges that he could not be removed from duty or placed on involuntary leave except pursuant to the procedures established by New York Civil Service Law.

Defendant Thomas G. Meier served as Commissioner of the Department of Public Works and exercised authority over personnel decisions affecting employees within the Department, including the implementation of leave determinations under New York Civil Service Law § 72. Defendant Tracey Kuzemczak served as Human Resources Director for the City of Yonkers and participated in decisions affecting Plaintiff's employment status.

## B. Plaintiff Reports Workplace Misconduct

On or about July 25, 2022, Plaintiff reported workplace misconduct to the City's Human Resources Department involving workplace rumors and practices that Plaintiff reasonably believed violated departmental rules and municipal policy. Plaintiff alleges that reporting such misconduct was not among his ordinary job responsibilities and that he made the report as a citizen rather than pursuant to his assigned duties.

At that time, Plaintiff had sought counseling because of stress arising from workplace rumors and conditions within the Department. Plaintiff alleges that he did not suffer from any diagnosed mental or physical condition that impaired his ability to perform the essential functions of his position. Instead, he sought counseling to address the emotional impact that the workplace environment was having on his personal life.

## C. Plaintiff Is Directed to Take FMLA Leave

Following Plaintiff's report to Human Resources, Plaintiff alleges that Human Resources advised him in writing that his employment could be in jeopardy and directed him to take leave under the Family and Medical Leave Act ("FMLA"). Plaintiff further alleges that Human Resources partially completed the FMLA certification paperwork before directing him to obtain the remaining medical certification from his treating provider.

Plaintiff had not previously sought medical leave and had not yet been examined by the physician whose certification was requested. Nevertheless, Plaintiff complied with Human Resources' directive, submitted the required certification, and took approved FMLA leave because he understood that failing to comply could jeopardize his employment. During this period, Plaintiff used accrued leave time and did not receive written disciplinary charges or notice of suspension.

D. Plaintiff Is Medically Cleared to Return to Work

Plaintiff's treating provider medically cleared him to return to work effective October 21, 2022. Human Resources acknowledged Plaintiff's anticipated return and confirmed that he was expected to report for duty upon the expiration of his approved FMLA leave.

Plaintiff alleges that, despite this medical clearance, Defendants refused to permit him to return to work. Instead, Plaintiff was instructed not to report to the workplace and was effectively excluded from his position beginning October 21, 2022. Plaintiff attempted to return to work but was informed by Human Resources that he was not permitted to resume his duties. At that time, Plaintiff had not received written disciplinary charges, notice of suspension, or notice invoking Civil Service Law § 72.

E. Plaintiff Is Excluded From Work Before the City Initiates Civil Service Law § 72 Proceedings

Plaintiff alleges that no written charges, misconduct allegations, or incident reports were provided before he was excluded from work. Likewise, the October 27, 2022 correspondence directing Plaintiff to attend a psychological evaluation did not cite Civil Service Law § 72 or identify any specific allegation of misconduct. Plaintiff nevertheless complied with the directive and attended the examination.

Plaintiff further alleges that he had never previously been required to undergo a psychological fitness-for-duty examination during his approximately twenty-five years of employment and had not been charged with threatening behavior, workplace violence, or other misconduct warranting such an examination.

From October 21, 2022 until February 14, 2023, Plaintiff alleges that he remained excluded from work despite having been medically cleared to return. During this period, Plaintiff continued to use accrued leave time, consistently sought to return to work, and remained barred from performing the duties of his position.

F. The City Formally Invokes Civil Service Law § 72

On February 14, 2023, Defendant Meier issued written correspondence placing Plaintiff on involuntary leave pursuant to New York Civil Service Law § 72. The correspondence relied upon a psychological evaluation conducted by Defendant Gregory Mack, Ph.D., and directed that Plaintiff be placed on involuntary leave

without pay effective February 15, 2023. Plaintiff alleges that this was the first formal invocation of Civil Service Law § 72.

Plaintiff further alleges that, before receiving the February 14, 2023 notice, he had not received written charges identifying any specific incident of misconduct or threatening behavior that justified excluding him from work.

G. Administrative Proceedings

Plaintiff challenged Defendants' actions through available administrative procedures and later sought review in an Article 78 proceeding. Plaintiff alleges, however, that the Article 78 proceeding addressed later employment actions and did not remedy the earlier exclusion from work that occurred between October 21, 2022 and February 14, 2023. Plaintiff alleges that the constitutional deprivation asserted in this action arises from that earlier exclusion from employment before the initiation of statutory procedures under Civil Service Law § 72.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. To survive such a motion, a complaint need only contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and construe the complaint in the light most favorable to the non-moving party. The Court does not resolve disputed issues of fact, weigh competing evidence, or determine the credibility of the parties' competing accounts. Those determinations are reserved for later stages of the litigation.

These principles apply with particular force where, as here, the plaintiff is proceeding without counsel. While a pro se plaintiff must allege facts sufficient to state a plausible claim for relief, courts are required to construe pro se pleadings liberally and interpret them to raise the strongest claims they fairly suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Defendants' memorandum repeatedly asks the Court to adopt Defendants' characterization of disputed events, disregard factual allegations contained in the Amended Complaint, and draw inferences against Plaintiff. That is not the inquiry presented by Rule 12(b)(6). At this stage, the Court's sole task is to determine whether the well-pleaded factual allegations of the Amended Complaint, accepted as true, plausibly state claims for relief under 42 U.S.C. § 1983.

## III. PLAINTIFF HAS PLAUSIBLY ALLEGED A PROCEDURAL DUE PROCESS VIOLATION

Defendants argue that Plaintiff has failed to allege the deprivation of a constitutionally protected property interest without due process. Accepting the allegations of the Amended Complaint as true, that argument is incorrect.

A. Plaintiff Possessed a Protected Property Interest

Plaintiff alleges that he served as a permanent civil service employee with the City of Yonkers for approximately twenty-five years. As a permanent employee protected by New York Civil Service Law, Plaintiff possessed a legitimate claim of entitlement to continued public employment and therefore a property interest protected by the Due Process Clause of the Fourteenth Amendment.

Defendants themselves acknowledge that Plaintiff's employment ultimately became subject to proceedings under Civil Service Law § 72. Those statutory protections are consistent with Plaintiff's allegation that his employment could not be interrupted without constitutionally adequate procedures.

B. Plaintiff Alleges That He Was Deprived of That Property Interest Before Civil Service Law § 72 Was Invoked

The Amended Complaint alleges that Plaintiff's treating provider medically cleared him to return to unrestricted duty effective October 21, 2022.

Despite that medical clearance, Plaintiff alleges that Defendants refused to permit him to return to work. Instead, Plaintiff remained excluded from his employment for nearly four months before Defendants formally invoked Civil Service Law § 72 on February 14, 2023.

During that period, Plaintiff alleges that he received no written disciplinary charges, no notice identifying any specific misconduct, and no meaningful opportunity to contest the decision preventing him from returning to work.

For purposes of Rule 12(b)(6), those allegations must be accepted as true.

C. Plaintiff Alleges That the Constitutional Deprivation Occurred Before the Statutory Procedures Upon Which Defendants Rely

Defendants' memorandum focuses almost entirely upon the procedures eventually employed under Civil Service Law § 72.

Plaintiff's claim, however, is narrower.

Plaintiff alleges that Defendants excluded him from his public employment beginning October 21, 2022, yet did not invoke Civil Service Law § 72 until February 14, 2023.

Accordingly, Plaintiff alleges that the constitutional deprivation occurred before the statutory procedures cited by Defendants had even begun.

Whether Defendants ultimately possessed sufficient grounds to proceed under Civil Service Law § 72 is not the issue presented by this motion. The issue is whether Plaintiff has plausibly alleged that he was deprived of a protected property interest without constitutionally adequate process during the period preceding those proceedings.

Accepting the allegations of the Amended Complaint as true, he has done so.

D. Plaintiff's Later Article 78 Proceeding Does Not Defeat the Pleading

Defendants also rely upon Plaintiff's subsequent Article 78 proceeding.

The Amended Complaint specifically alleges that the Article 78 proceeding challenged later employment actions and did not remedy Plaintiff's earlier exclusion from employment between October 21, 2022, and February 14, 2023.

Whether the Article 78 proceeding ultimately provided an adequate post-deprivation remedy for every constitutional injury alleged by Plaintiff presents questions that cannot be resolved on a Rule 12(b)(6) motion where the Court must accept Plaintiff's allegations as true.

Accordingly, Defendants have not demonstrated that Plaintiff's procedural due process claim should be dismissed at the pleading stage.

**IV. THE CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS**

Defendants incorrectly characterize October 21, 2022 as the sole operative date giving rise to Plaintiff's constitutional claims.

The Amended Complaint alleges an ongoing course of governmental conduct beginning after Plaintiff reported workplace misconduct, continuing through Plaintiff's medical clearance, continued exclusion from work, compelled psychological evaluations, initiation of Civil Service Law §72 proceedings, and culminating in Plaintiff's eventual termination.

The Complaint therefore alleges a continuing sequence of constitutional deprivations rather than one isolated employment decision.

Defendants' argument depends upon treating October 21, 2022 as the date on which Plaintiff knew that a final decision had been made depriving him of his constitutional rights. The allegations of the Amended Complaint and the contemporaneous documents referenced by Plaintiff describe a different chronology.

First, Human Resources' correspondence before October 21, 2022 reflected that Plaintiff was expected to return to work following the expiration of his approved FMLA leave. In a letter dated October 3, 2022, Human Resources advised Plaintiff that his FMLA leave would expire on October 20, 2022 and instructed him to submit a fitness-for-duty certification from his treating provider before returning to work. (Agostino Decl., Ex. C.) Nothing in that correspondence advised Plaintiff that he would be permanently excluded from employment or that Defendants had reached a final decision regarding his employment status.

Likewise, on October 19, 2022, Defendant Tracey Kuzemczak emailed Plaintiff asking whether he would be returning to work on Friday, October 21, or Monday, October 24. (Agostino Decl., Ex. D.) That communication likewise reflected that Human Resources anticipated Plaintiff's return following medical clearance rather than advising him that he would be prohibited from returning to work.

Plaintiff thereafter obtained medical clearance from his treating provider effective October 21, 2022. Rather than restoring Plaintiff to duty, Defendants required Plaintiff to undergo an additional psychological evaluation and continued to prevent him from returning to work. Plaintiff alleges that these actions occurred before Defendants initiated any proceedings under New York Civil Service Law § 72.

Plaintiff further alleges that he was never informed during this period that Defendants considered him to be a threat to coworkers or that such concerns formed the basis for excluding him from work. To the contrary, Human Resources had previously

investigated Plaintiff's complaint concerning workplace rumors. By letter dated September 15, 2022, Defendant Kuzemczak advised Plaintiff that the investigation had concluded that the alleged harassment was "inconclusive," while acknowledging that employees had been discussing the workplace rumors and that management had taken steps to stop those discussions. (Agostino Decl., Ex. B.) That correspondence contained no allegation that Plaintiff posed a workplace safety risk or that he would be barred from returning to work.

Plaintiff further alleges that Defendants did not formally invoke New York Civil Service Law § 72 until February 14, 2023, when Defendant Thomas G. Meier issued written notice placing Plaintiff on involuntary leave based upon a psychological evaluation. (Agostino Decl., Ex. G.) Plaintiff alleges that this was the first formal notice advising him that Defendants were proceeding under Civil Service Law § 72. Accepting Plaintiff's allegations as true, the Amended Complaint does not establish that Plaintiff's constitutional claims necessarily accrued on October 21, 2022 as Defendants contend.

Dismissal on statute-of-limitations grounds is appropriate only where untimeliness appears on the face of the complaint. The Amended Complaint does not establish that Plaintiff's claims accrued solely on October 21, 2022, and Defendants' argument depends upon factual determinations inappropriate at the pleading stage.

Defendants' own correspondence further supports Plaintiff's chronology. More than one month after Plaintiff's treating provider medically cleared him to return to unrestricted duty effective October 21, 2022, Human Resources continued requiring Plaintiff to submit to a return-to-work evaluation rather than restoring him to active employment. This correspondence is consistent with Plaintiff's allegation that Defendants continued excluding him from work during this period before formally invoking Civil Service Law § 72. At a minimum, these allegations demonstrate that the timing and nature of the alleged constitutional deprivation cannot be resolved solely from the face of the Amended Complaint.

## V. PLAINTIFF HAS PLAUSIBLY ALLEGED FIRST AMENDMENT RETALIATION

Plaintiff was a permanent civil service employee with approximately twenty-five years of service and therefore possessed a protected property interest in continued public employment.

Plaintiff alleges that he reported workplace misconduct to Human Resources.

Plaintiff's complaint concerned false workplace rumors that he believed violated departmental policy and created a hostile work environment. Human Resources investigated those allegations and concluded that while the source of the rumors could not be determined, employees had in fact been discussing the rumors and management had taken steps to stop the discussions. (Ex. B.)

The Amended Complaint further alleges that reporting such misconduct was not among Plaintiff's ordinary employment responsibilities and therefore constituted protected speech outside the scope of his official duties.

Shortly thereafter, Plaintiff alleges that Defendants warned his employment was in jeopardy, prevented him from returning to work despite medical clearance, compelled psychological examinations, excluded him from employment, and ultimately terminated his employment.

These allegations plausibly establish protected speech, adverse employment actions, and a causal connection sufficient to survive Rule 12(b)(6).

Whether Defendants possessed legitimate non-retaliatory reasons presents factual disputes that must be resolved through discovery rather than on the pleadings.

## VI. PLAINTIFF HAS SUFFICIENTLY ALLEGED MUNICIPAL LIABILITY

Defendants incorrectly argue that Plaintiff merely recites the word "policy."

The Amended Complaint alleges coordinated actions undertaken by Human Resources, the Commissioner of Public Works, and officials responsible for personnel decisions affecting Plaintiff's employment.

Plaintiff alleges these officials collectively prevented his return to work, ordered psychological evaluations, delayed invocation of Civil Service Law §72, and implemented the decisions resulting in his deprivation of constitutional rights.

Whether these officials possessed final policymaking authority is a factual issue ordinarily inappropriate for resolution on a motion to dismiss.

Accordingly, Plaintiff has plausibly alleged municipal liability under Monell.

### A. Defendants' Official-Capacity Argument Does Not Warrant Dismissal

Defendants also argue that the claims asserted against Defendants Meier and Kuzemczak are duplicative because they allegedly are sued only in their official capacities. Construing the Amended Complaint liberally, however, Plaintiff alleges that each Defendant personally participated in the constitutional violations giving rise to this action.

The Amended Complaint attributes specific conduct to Defendant Kuzemczak, including directing Plaintiff's FMLA leave, communicating regarding Plaintiff's return to work, handling Plaintiff's Human Resources complaint, and requiring psychological fitness-for-duty evaluations before permitting Plaintiff to resume his employment. Plaintiff likewise alleges that Defendant Meier exercised authority over Plaintiff's employment and personally implemented the decision placing Plaintiff on involuntary leave pursuant to Civil Service Law § 72.

These allegations seek to impose liability based upon each Defendant's own alleged actions under color of state law rather than solely upon their official positions. At the pleading stage, those allegations are sufficient to permit the claims against the individual defendants to proceed.

## VII. PLAINTIFF HAS ADEQUATELY ALLEGED THE PERSONAL INVOLVEMENT OF DEFENDANTS MEIER AND KUZEMCZAK

Defendants contend that the claims against Defendants Thomas G. Meier and Tracey Kuzemczak should be dismissed because Plaintiff allegedly fails to plead their personal involvement in the constitutional violations asserted under 42 U.S.C. § 1983. That argument overlooks the factual allegations contained in the Amended Complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating that each defendant, acting under color of state law, was personally involved in the alleged constitutional deprivation. At the pleading stage, Plaintiff need only allege sufficient factual matter to plausibly establish each defendant's direct participation in the challenged conduct.

### A. Defendant Tracey Kuzemczak

The Amended Complaint alleges numerous actions personally taken by Defendant Tracey Kuzemczak during the events giving rise to this litigation.

Plaintiff alleges that Defendant Kuzemczak advised Plaintiff that his employment could be jeopardized if he did not take Family and Medical Leave Act ("FMLA") leave and directed him to complete the required medical paperwork. Plaintiff further

alleges that Human Resources partially completed portions of those forms before directing Plaintiff to obtain certification from his treating provider.

Plaintiff further alleges that Defendant Kuzemczak communicated with Plaintiff regarding his anticipated return to work after his approved FMLA leave, including asking whether Plaintiff intended to return on October 21 or October 24, 2022. After Plaintiff obtained medical clearance to return to work, Plaintiff alleges that Defendant Kuzemczak participated in requiring a psychological fitness-for-duty evaluation rather than restoring Plaintiff to his position.

The Amended Complaint also alleges that Defendant Kuzemczak personally handled Plaintiff's Human Resources complaint concerning workplace misconduct. By letter dated September 15, 2022, Defendant Kuzemczak advised Plaintiff that Human Resources had completed its investigation, that the alleged harassment was "inconclusive," while acknowledging that employees had been discussing workplace rumors and that management had taken steps to stop those discussions. (Agostino Decl., Ex. B.)

Accepting these allegations as true, Plaintiff has plausibly alleged Defendant Kuzemczak's direct participation in the sequence of employment decisions challenged in this action.

**B. Defendant Thomas G. Meier**

The Amended Complaint likewise alleges Defendant Meier's personal participation.

Plaintiff alleges that Defendant Meier, as Commissioner of the Department of Public Works, exercised authority over Plaintiff's employment and personally issued the February 14, 2023 notice placing Plaintiff on involuntary leave pursuant to New York Civil Service Law § 72.

Plaintiff further alleges that Defendant Meier participated in the decision to continue excluding Plaintiff from employment after Plaintiff had been medically cleared to return to work and after Plaintiff had not been advised that Defendants considered him a danger to coworkers. Plaintiff alleges that Defendant Meier's actions directly contributed to the constitutional violations asserted in Counts I and II of the Amended Complaint.

These factual allegations identify specific actions taken by Defendant Meier and are sufficient to plead his personal involvement at the Rule 12(b)(6) stage.

**C. Defendants' Argument Ignores the Allegations of the Amended Complaint**

Defendants' memorandum characterizes Plaintiff's claims against Defendants Meier and Kuzemczak as based solely upon their supervisory positions. The Amended Complaint alleges considerably more. Plaintiff identifies specific employment decisions allegedly made or implemented by each Defendant, including directing Plaintiff's FMLA leave, handling Plaintiff's Human Resources complaint, communicating concerning Plaintiff's return to work, requiring a psychological evaluation, and issuing the formal notice placing Plaintiff on involuntary leave under Civil Service Law § 72.

At this stage of the proceedings, the Court must accept those factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Whether discovery ultimately substantiates Plaintiff's allegations is a matter for a later stage of the litigation. Because the Amended Complaint plausibly alleges the personal involvement of Defendants Meier and Kuzemczak, dismissal of the claims against them is not warranted.

## VII. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Should the Court conclude that any portion of the Amended Complaint lacks sufficient factual specificity or otherwise fails to state a claim upon which relief can be granted, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Plaintiff has proceeded in this matter without the assistance of counsel and has made a good-faith effort to comply with the Court's prior Order by filing an Amended Complaint that addresses the issues previously identified. Plaintiff respectfully submits that the Amended Complaint adequately states claims under 42 U.S.C. § 1983. However, if the Court determines that any allegation requires additional factual specificity or clarification, those matters can be addressed through further amendment rather than dismissal with prejudice.

Any amendment would not prejudice Defendants. This case remains at the pleading stage. No scheduling order has been entered, no discovery has commenced, and Defendants would suffer no undue prejudice from the filing of a further amended complaint should the Court determine that additional factual allegations are necessary.

Plaintiff has acted diligently throughout these proceedings and has attempted in good faith to present the facts and legal bases supporting his claims. Any deficiencies identified by the Court would be capable of cure through amendment, including, if necessary, clarification of the capacity in which individual Defendants are sued,

additional factual detail concerning Plaintiff's protected speech, or further factual allegations concerning Plaintiff's protected property interest and municipal liability.

Accordingly, if the Court concludes that dismissal of any claim is warranted, Plaintiff respectfully requests that such dismissal be without prejudice and that Plaintiff be granted leave to file a Second Amended Complaint addressing any pleading deficiencies identified by the Court.

**Defendants' Motion Repeatedly Invites the Court to Resolve Questions of Fact That Cannot Be Decided Under Rule 12(b)(6)**

Throughout their memorandum, Defendants characterize Plaintiff's allegations as conclusory while simultaneously disputing the factual sequence alleged in the Amended Complaint. The pleadings, however, identify the relevant officials, the dates of the challenged employment actions, the communications concerning Plaintiff's return to work, the chronology of the psychological evaluations, and the timing of the City's eventual invocation of Civil Service Law § 72.

Whether Defendants ultimately acted lawfully, whether Plaintiff's exclusion from work was justified, whether Defendants possessed legitimate reasons for requiring additional evaluations, and whether the challenged decisions complied with constitutional requirements are factual questions that cannot properly be resolved on a Rule 12(b)(6) motion. Those issues should be addressed after the parties have had the opportunity to conduct discovery.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied in its entirety together with such further relief as the Court deems just and proper.

Dated:

Respectfully submitted,

Paul Agostino
Plaintiff Pro Se

6/26/26

# PLAINTIFF'S EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| A | Human Resources Complaint |
| B | August 31, 2022 FMLA Designation Letter |
| C | September 15, 2022 Human Resources Investigation Determination |
| D | October 3, 2022 Return-to-Work / FMLA Letter |
| E | Treating Provider Fitness-for-Duty Certification (Return to Work Effective October 21, 2022) |
| F | October 27, 2022 Employer-Directed Fitness-for-Duty Evaluation Notice |
| G | February 14, 2023 Civil Service Law §72 Notice |
| H | August 2024 Civil Service Law §73 Termination Notice |

# EXHIBIT A

## Human Resources Complaint

*Plaintiff's Exhibit*

RECEIVED
AUG 02 2022
HUMAN RESOURCES

# City of Yonkers Human Rights Employment Complaint Form

**1. Your contact information:**

| | |
|---|---|
| First Name: PAUL [crossed out] | Middle Initial/Name: SANTO |
| Last Name: AGOSTINO | |
| Street Address/ PO Box: 2848 SPRINGHURST ST | Apt or Floor #: |
| City: YORKTOWN HEIGHTS | State: N.Y. Zip Code: 10598 |

**2. Regulated Areas:** You believe you were discriminated against in the area of:

- ☐ Employment *(including paid internship)*
- ☐ Apprentice Training
- ☐ Internship *(unpaid only)*
- ☐ Labor Organization
- ☐ Employment Agencies
- ☐ Licensing
- ☐ Volunteer Firefighting *(excludes disability, age, domestic violence victim status, arrest, conviction, genetic history)*

**3. You are filing a complaint against:**

Employer Name

Street Address/ PO Box

City | State | Zip Code

Telephone Number:
(     )  Ext.

In what *county or borough* did the violation take place?

Individual people who discriminated against you:

Name: ____________________ Title: ____________________

Name: ____________________ Title: ____________________

If you need more space, please list them on a separate piece of paper.

**4. Date of alleged discrimination** *(must be within one year of filing):*

The most recent act of discrimination happened on: _____ month _____ day _____ year

**5. For employment and internships, how many employees does this company have?**

☐ 1-3 ☐ 4-14 ☐ 15-19 ☐ 20 or more ☐ Don't know

**6. Are you currently working for this company?**

| | |
|---|---|
| ☐ Yes. Date of hire: _____ month _____ day _____ year | What is your position? |
| ☐ No. Last day of work: _____ month _____ day _____ year | What was your position? |
| ☐ I was never hired. Date of application: _____ month _____ day _____ year | What position did you apply for? |

**5. Did you report or complain about the discrimination to someone else?** ☑ Yes ☐ No

**If yes, how exactly did you complain about the discrimination?** *(To whom did you complain?)*

I REPORTED THIS SITUATION TO CARLOS MORAN OF HUMAN RESOURCES

**Date you reported or complained about discrimination:** 7 (month) 25 (day) 22 (year)

**What happened after you complained?**

I HAVE STAYED HOME FROM WORK TO AVOID ANY UNNECESSARY CONFLICT WITH OTHER EMPLOYEES.

**If you did not report the discrimination, please explain why:**

**6. Were other people treated the same as you? How?**

*(For example, people who were harassed by the same manager, disciplined or terminated for the same reasons, did not receive an accommodation for the same reasons, etc.).*
*If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

**7. Were other people treated better than you? How?**

*(For example, people who were not fired for doing the same thing you were fired for, people who were doing the same job but making more money, etc.).*
*If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

## 9. Description of alleged discrimination

***Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.***

ON JULY 20, AT ABOUT 12:30 PM I GOT A PHONE CALL FROM NICK NOLAN TELLING ME THAT THERE IS PUBLIC SURVIELANCE OF ME GIVING ANOTHER CITY WORKER A BLOW JOB IN A CITY TRUCK. HE SAID THIS WAS ON VIDEO AND IT WAS ME. I LAUGHED AND TOLD HIM TO CUT THE BULLSHIT, BUT HE INSISTED THE ENTIRE CITY KNEW ABOUT THIS AND IT WAS ME. I THEN GOT A CALL FROM BILLY FITZPATRICK WHO IS FRIENDS WITH NICK AND JOE NOLAN. BILLY TOLD ME THAT HE HEARD I WAS CAUGHT GIVING A COWORKER A BLOW JOB IN BACK OF SANITATION. HE ALSO WAS TELLING ME A LOT OF PEOPLE KNEW. BILLY TOLD ME THE OTHER CITY WORKER WAS PETER TIMLIN, I THINK THAT IS HIS NAME. I THEN SPOKE TO GIO SINDONNA, THE UNION CHIEF. HE TOLD ME HE HEARD A COP HAD ON BODYCAM, ME ON MY KNEES GIVING A COP A BLOW JOB IN A PRECINT BATHROOM. NICK NOLAN SAID MIKE GRDOWSKIS CALLED HIS MOTHER AND ASKED HER ABOUT ME AND THIS ACUSATION. NICKS MOTHER THEN ASKED HIM ABOUT THIS. NICK NOLAN SAYS MIKES BROTHER FRANK GYRDOWSKIS TOLD MIKE ABOUT THIS. EVERY RUMOR THAT HAS BEEN SAID IN THIS WORKPLACE IS A LIE AND I DO NOT DESERVE THIS, MY FAMILY DOESN'T DESERVE THIS, I AM WORKING MAN, ONCE AGAIN DOESN'T DESERVE THIS.

JOE NOLAN WORKS DPW

NICK NOLAN WORKS DPW

BILLY FITZPATRICK WORKS DPW

FRANK GRDOWSKIS WORKS DPW

GIO SINDONNA IS THE DPW CHIEF SHOP STEWART FOR 456

ROBERT STANLEY DPW - I AM GETTING CALLS FROM COPS THAT ROBERT IS SAYING I AM ON ADMINISTRATIVE LEAVE AND THERE IS A TAPE OF THIS RUMOR. ROBERT HAS ALSO BEEN SPREADING THIS RUMOR TO OTHER CITY WORKERS.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.* ***DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.***

## Additional Information

*This page is for the Division's records and* ***will remain confidential and will not be sent to the company or person(s) whom you are filing against.***

### 1. Contact Information

| My primary telephone number:<br>( ) - | My secondary telephone number:<br>( ) - |
|---|---|
| My email address: | Date of birth: |

Contact person: (*Someone who does not live with you but will know how to contact you if the Division cannot reach you)*

Name: ______________________

Telephone number: ( ) _____ - ______

Address: ______________________

Email address: ______________________

Relationship to me: ______________________

### 2. Special Needs

I am in need of:

- ☐ Interpretation (if so what language?): ______________________
- ☑ Accommodations for a disability: COUNCIL FROM A PSYCHIATRIST
- ☐ Privacy. Keep my contact information confidential as I am a victim of domestic violence
- ☐ Other: ______________________

### 3. Settlement / Conciliation

To settle this complaint, I would accept: *(Explain what you want to happen as a result of this complaint. Do you want a letter of apology, your job back, lost wages, an end to the harassment, etc.?)*

I HAVE BEEN ABUSED AND HARRASSED FOR MANY YEARS EMPLOYED BY THE CITY OF YONKERS, I NEED HELP RIGHT NOW TO DEAL WITH SUCH UN NEEDED NONSENCE THAT COULD HAVE BEEN PREVENTED YEARS AGO. I ASK THAT I AM GIVEN ALL THE TIME I NEED TO FIGURE OUT HOW I CAN NOW DEAL WITH IT THIS SITUATION

### 4. Witnesses *(information about witnesses may be shared with the parties as necessary for the investigation)*

The following people saw or heard the discrimination and can act as witnesses:

Name: JOE ~~[illegible]~~ Fiorilli    Title: ______________________

Telephone Number: (914) 308 - 9965    Relationship to me: BROTHER IN LAW

What did this person witness?

PEOPLE IN THE WORK PLACE TALKING ABOUT THESE INCIDENTS THAT DID NOT HAPPEN.

Name: ______________________    Title: ______________________

Telephone Number: ( ) _____ - ______    Relationship to me: ______________________

What did this person witness?

______________________

______________________

**7. Basis of alleged discrimination:**
Check ***ONLY*** the boxes that you believe were the reasons for discrimination. Please look at page 2 of "Instructions" for an explanation of each type of discrimination.

| | |
|---|---|
| ☐ **Age:**<br>Date of Birth: ______________ | |
| ☐ **Arrest Record** | ☐ **Military Status:**<br>☐ Active Duty ☐ Reserves ☐ Veteran |
| ☐ **Conviction Record** | ☐ **Marital Status:**<br>Please specify: ______________ |
| ☐ **Creed/ Religion:**<br>Please specify: ______________ | ☐ **National Origin:**<br>Please specify: ______________ |
| ☐ **Disability:**<br>Please specify: ______________ | ☐ **Predisposing Genetic Characteristic:**<br>Please specify: ______________ |
| | ☐ **Pregnancy-Related Condition:**<br>Please specify: ______________ |
| ☐ **Gender Identity or Expression, Including the Status of Being Transgender** | ☐ **Sexual Orientation:**<br>Please specify: ______________ |
| ☐ **Race/Color or Ethnicity:**<br>Please specify: ______________<br>☐ Trait historically associated with race such as hair texture or hairstyle | ☐ **Sex:**<br>Please specify: ______________<br>Specify if the discrimination involved:<br>☐ Pregnancy ☐ Sexual Harassment |

If you believe you were treated differently after you filed or helped someone file a discrimination complaint, participated as a witness to a discrimination complaint, or opposed or reported discrimination due to any category above, check below:

☐ **Retaliation**: How did you oppose discrimination: ______________________________

**8. Acts of alleged discrimination:** *What did the person/company you are complaining against do? Check all that apply*

| | | | |
|---|---|---|---|
| ☐ Refused to hire me | ☐ Denied me an accommodation for my disability or pregnancy-related condition | ☐ Denied me leave time or other benefits | ☐ Harassed/ intimidated me (other than sexual harassment) |
| ☐ Fired me/laid me off | ☐ Denied me overtime benefits | ☐ Sexually harassed or intimidated me | ☐ Did not call back after lay-off |
| ☐ Demoted me | ☐ Paid me a lower salary than other co-workers doing the same job | ☐ Gave me different or worse job duties than other workers doing the same job | ☐ Denied me services/treated differently by employment agency |
| ☐ Suspended me | ☐ Denied me an accommodation for my religious practices | ☐ Gave me a disciplinary notice or negative performance review | ☐ Unlawful inquiry, or limitation, specification or discrimination in job advertisement |
| ☐ Denied me training | ☐ Denied me promotion/ pay raise | ☐ Denied a license by a licensing agency | ☐ Other: |

# EXHIBIT B

## August 31, 2022 FMLA Designation Letter

*Plaintiff's Exhibit*

Mayor Mike Spano
CITY OF YONKERS

Carlos Moran
Commissioner of Human Resources

DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701

Tel. 914.376.8075
Fax 914.376.8589

August 31, 2022

Paul Agostino
2848 Springhurst Street
Yorktown Heights, NY 10598

RE: FML Application for Employee Illness

Dear Paul,

It has come to the attention of the Department of Human Resources that you have been absent with a serious health condition. Under the provisions of the Family and Medical Leave Act (FMLA) it is HR's responsibility to designate this as an FMLA leave, which will run concurrently with your absence and sick leave. You have been placed on FML as of August 1, 2022. The Application for FMLA for your own serious health condition is enclosed.

- Section I has been partially completed.
- Please add your regular work hours in Section I.
- Submit the entire application to the health care provider to complete Section II.

The health care provider should return the completed packet to you. Keep a copy for yourself and send a copy of the application to me for review as soon as possible.

Failure to complete and return this form by September 13, 2022 may lead to disciplinary action up to and including termination. If there is any additional information needed, please do not hesitate to call me at (914) 377-6045.

Sincerely,

Tracey Kuzemczak

**Tracey Kuzemczak**
Assistant to Commissioner of Human Resources

cc: Personnel file

# EXHIBIT C

## September 15, 2022 Human Resources Investigation Determination

*Plaintiff's Exhibit*

Mayor Mike Spano
CITY OF YONKERS

Carlos Moran
Commissioner of Human Resources

DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701
Tel. 914.376.8075
Fax 914.376.8589

September 15, 2022

Paul Agostino

Dear Mr. Agostino,

The investigation of your Grievance Complaint has been completed and deemed that the harassment has been found inconclusive. While evidence exists that people were discussing the rumors, no evidence exists to state who attached your name to the gossip. Management has taken steps to shut down talk of the rumors at work.

Please be advised that the Department of Human Resources considers this matter closed.

Sincerely,

**Tracey Kuzemczak**
Assistant to Commissioner of Human Resources

# EXHIBIT D

## October 3, 2022 Return-to-Work / FMLA Letter

*Plaintiff's Exhibit*

Mayor Mike Spano
CITY OF YONKERS
Carlos Moran
Commissioner of Human Resources
DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701
Tel. 914.377.6180
carlos.moran@yonkersny.gov

October 3, 2022

Paul Agostino
2848 Sprinhurst Street
Yorktown Heights, NY 10595

VIA USPS regular & certified

Re: FMLA Return to work reminder

Dear Paul.

This is to advise you that your 12 week Family Medical Leave will expire on October 20, 2022. It is anticipated that you should be returning to work on October 21, 2022. In order for you to be able to do so, please have your medical care professional fill out the enclosed Fitness for Duty Certification. Should you require additional time away from work, your healthcare provider MUST indicate it on this form.

Sign and date the form. You may fax the completed document to me at 914 376-8106, email at Tracey.Kuzemczak@YonkersNY.gov or mail to arrive by October 14, 2022. Be sure to keep a copy for your records.

If you have any questions, please do not hesitate to call me at 914-377-6045.

Sincerely,

**Tracey Kuzemczak**
Assistant to Commissioner of Human Resources

cc: Payroll Clerk

Fw: Return to work

----- Forwarded Message -----
**From:** Tracey Kuzemczak <tracey.kuzemczak@yonkersny.gov>
**To:** 'pa7546@yahoo.com' <pa7546@yahoo.com>
**Sent:** Wednesday, October 19, 2022 at 10:09:05 AM EDT
**Subject:** Return to work

Morning Paul,

Will you be returning Friday, 10/21 or Monday 10/24? Please advise.

Thank you,

**Tracey Kuzemczak**

Assistant to Commissioner of Human Resources

City of Yonkers | 1 Larkin Center | Yonkers, NY 10701

office: 914.377.6045 | fax 914.376.8106 | internal ext. 8876

email: Tracey.Kuzemczak@YonkersNY.gov

# EXHIBIT E

## Treating Provider Fitness-for-Duty Certification (Return to Work Effective October 21, 2022)

*Plaintiff's Exhibit*

Prior to returning to work, you must provide a Fitness for Duty Certification certifying whether you are able to return to work, if you have any job-related restrictions and the details of those restrictions. You must return this completed Fitness for Duty Certification form to Human Resources as requested, or your return to work may be delayed as defined under the FMLA.

Please have your health care provider complete this form, and return it to Human Resources by: ______________

☐ Attached are the essential functions of the employee's position.

SECTION A: TO BE COMPLETED BY EMPLOYEE

I give permission to my health care provider to supply Human Resources with the requested data for the purpose of determining whether I am fit to return to work after my FMLA leave. In addition, I authorize my health care provider to provide to Human Resources data regarding my fitness to return to work for the purposes of clarifying or authenticating information previously provided, or to provide missing information. I understand that the data I provide will be accessed by authorized personnel whose jobs reasonably require access, such as FMLA/leave coordinators or claims management specialists.

Employee Name: PAUL AGOSTINO Employee ID: ______________

Employee Signature: [signature] Date: ______________

SECTION B: TO BE COMPLETED BY HEALTH CARE PROVIDER

The employee is required to provide a complete and sufficient Fitness for Duty Certification, completed by his or her health care provider, prior to returning to work from FMLA leave.

This certification is being sought only with regard to the particular health condition that caused the employee's need for FMLA leave.

If a list of the essential functions of the employee's position is included with this form, please consider these essential functions as you review the employee's fitness for duty.

Date of medical examination: 10/12/22

☒ I certify that, with regard to the particular health condition that caused the employee's need for FMLA leave, the employee is fit for duty and able to resume work.

☒ Full/unrestricted duty, effective: 10/21/22 ☐ Modified duty, effective: ______________

If modified duty, please describe restrictions, as well as duration of restrictions.

______________

______________

☐ The employee is not released to return to work until ______________ (date).

I hereby certify that I have examined the employee named above, and declare that the statements made in this Fitness for Duty Certification are true and correct.

Provider name: Denise Foulkes/LCSW-R Phone number: 914-352-6116

Provider signature: Denise Foulkes/ND Date: 10/12/22

Address: 3505 Hill Blvd. Suite K Yorktown Heights, NY 10598

## GENETIC INFORMATION NONDISCRIMINATION ACT OF 2008 DISCLOSURE

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for information. "Genetic information" as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

**Ms. Denise D. Foulkes**

**LCSW-R Psychotherapist, NYS**

# EXHIBIT F

October 27, 2022 Employer-Directed Fitness-for-Duty Evaluation Notice

*Plaintiff's Exhibit*

Mayor Mike Spano
CITY OF YONKERS

Carlos Moran
Commissioner of Human Resources

DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701

Tel. 914.377.6180
carlos.moran@yonkersny.gov

October 27, 2022

Paul Agostino
2848 Springhurst Street
Yorktown Heights, NY 10598

VIA REGULAR AND CERTIFIED MAIL

*Re: Independent Medical Examination*

Dear Paul,

The City of Yonkers has contracted with **Industrial Medicine Associates, P.C.** to conduct fitness for duty exams. We have scheduled a medical exam for you to be administered on **November 11, 2022**, at **9:00am.** Their address is **280 North Central Ave., Suite 115, Hartsdale, NY, 10530.** The office has been given a copy of your job description for reference.

Please let us know as soon as possible if you are unable to make the appointment in order to reschedule.

Sincerely,

*[signature]*

**Tracey Kuzemczak**
Assistant to Commissioner of Human Resources

cc: Thomas Meier
R. Rabadi

# EXHIBIT G

February 14, 2023 Civil Service Law §72 Notice

*Plaintiff's Exhibit*

Mayor Mike Spano

CITY OF YONKERS

Thomas G. Meier
Commissioner

DEPARTMENT OF PUBLIC WORKS
City Hall
40 South Broadway, Room 311
Yonkers, NY 10701

Tel. 914.377.6270
Fax 914.377.6273
publicworks@yonkersny.gov

CONFIDENTIAL

February 14, 2023

**First-Class U.S. Mail, Certified RRR**
Paul Agostino
2848 Springhurst Street
Yorktown Heights, New York 10598

Dear Mr. Agostino:

Pursuant to Section 72(1) of the New York State Civil Service Law, you were examined by Gregory Mack, Ph.D. (Licensed Clinical/Forensic Psychologist) on January 6, 2023. After completion of the psychological examination, the examining professional determined that you are "psychologically unfit to perform the duties as a City of Yonkers Maintenance Mechanic at this time."

The reason(s) for the aforementioned fitness for duty determination are provided in the attached report of fitness for duty evaluation.

Based upon your inability to perform the full duties of your position, and in accordance with the City of Yonkers' statutory authority under Section 72 of the New York State Civil Service Law, you will be placed on an involuntary leave of absence, without pay, effective **February 15, 2023**. However, you are entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to your credit.

You have several important statutory rights. You have the right to object to the proposed imposition of the leave of absence within ten (10) working days of your receipt of this notice and to request a hearing either personally or by first class, certified or registered mail, return receipt requested. I have attached a copy of the New York State Civil Service Law Section 72 for your information.

You are entitled to a hearing to be held within thirty (30) days of the date of your request to be held by an independent hearing officer and to receive copies of the hearing record, transcript, and a recommendation at no cost. You are entitled to have counsel or your union representative with you at the hearing and to present medical experts and other witnesses or evidence. The independent hearing officer will make a recommendation to the City of Yonkers, who will then make the final determination. You have a right to appeal the determination of City of Yonkers to the Yonkers Civil Service Commission, or as provided by law.

You may, within one (1) year after the date of commencement of such leave, or at any time before your employment status is terminated, make application to the Yonkers Civil Service Commission for a medical examination for the purposes of certifying that you are physically and/or mentally fit to perform your duties. You or your representative shall be afforded the opportunity to present facts and arguments, including medical evidence, in support of your position. The final determination of the Yonkers Civil Service Commission shall be binding.

If you are certified as being physically and mentally fit to perform the duties of your position, you shall be reinstated to your position. If you are certified as not being physically and mentally fit to perform the duties of your position, or if you are denied reinstatement as noted above, you may seek review of a final determination of the Yonkers Civil Service Commission in accordance with the provisions of article seventy-eight of the civil practice law and rules.

If you are not reinstated within one (1) year or more after the commencement of a leave of absence, your employment may be terminated in accordance with Section 73 of the New York State Civil Service Law and your position filled by a permanent appointment.

Sincerely,

Thomas G. Meier
Commissioner
Department of Public Works

Enclosures

cc: Medical Personnel File

# EXHIBIT H

## August 2024 Civil Service Law §73 Termination Notice

*Plaintiff's Exhibit*

CORPORATION OF THE CITY OF YONKERS

Mayor Mike Spano

CITY OF YONKERS

Thomas G. Meier
Commissioner

DEPARTMENT OF PUBLIC WORKS
City Hall
40 South Broadway, Room 311
Yonkers, NY 10701

Tel. 914.377.6270
Fax 914.377.6273
publicworks@yonkersny.gov

April 23, 2024

**VIA U.S. MAIL FIRST CLASS & CERTIFIED RRR**

Paul Agostino
2848 Springhurst Street
Yorktown, Heights, New York 10598

**Re: Termination of Employment Pursuant to Section 73 of the New York State Civil Service Law**

Dear Paul Agostino:

You are hereby notified that you have been continuously absent from and unable to perform the essential duties of your position as a "Maintenance Mechanic" for one year or more by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the Workers' Compensation Law. You will, therefore, be terminated from your position as a Maintenance Mechanic effective **May 24, 2024** pursuant to New York State Civil Service Law Section 73. A copy of Section 73 has been enclosed herewith.

In the event your absence has been for a reason other than specified, or you otherwise wish to have an opportunity to be heard contesting the termination of your employment and/or to request a due process hearing, you must contact me at (914) 377-6271 or by certified mail, return receipt requested to the City of Yonkers Department of Public Works, 40 South Broadway, Yonkers, New York 10701, no later than May 23, 2024.

The purpose of the hearing is solely to resolve any factual issue(s) regarding whether you were absent from your position for one year or more by reason of a disability, other than a disability resulting from an occupational injury or disease as defined in the Workers' Compensation Law. You may be represented at the hearing by counsel and present facts in opposition to your termination.

If your employment is terminated, you have the right to apply to the Yonkers Civil Service Commission within one year of the end of your disability for a medical examination to determine your fitness to return to work. If you are fit to return to work, the City of Yonkers will consider you for reinstatement to your position, if vacant, or a similar position or a position in a lower grade in the same occupational field in your former department or agency. If you cannot be reinstated at that time, you will be placed

on a preferred eligibility list pursuant to Section 73 of the New York State Civil Service Law.

You may want to contact the New York State and Local Retirement System by phone or in writing to determine your eligibility for retirement. The telephone number is (866) 805-0990. You should do so as soon as possible in order to avoid ineligibility due to lateness.

Sincerely,

Thomas Meier
Commissioner
Department of Public Works
City of Yonkers

Enclosure

CC: Carlos Moran
Commissioner
Department of Human Resources

Victor Pacheco
Secretary
Yonkers Civil Service Commission

Personnel File