UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL AGOSTINO,<br><br>*Plaintiff(s),*<br><br>– against –<br><br>CITY OF YONKERS, THOMAS G. MEIER, Commissioner of the Department of Public Works, TRACEY KUZEMCZAK, Human Resources Director, DR. GREGORY MACK, Ph.D., and DR. ARLENE BROSKA,<br><br>*Defendant(s).* | Civ. Action No.<br>7:26-cv-00946<br><br>Assigned Judge<br>Hon. Jessica G. L. Clarke<br><br>Assigned Magistrate<br>Hon. Andrew E. Krause |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DR. ARLENE BROSKA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Dated: July 6, 2026
Albany, New York

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:______________________________

STEVEN V. DEBRACCIO, ESQ.



334890925v.1

# Table of Contents

**Table of Authorities** ........ ii

**Preliminary Statement** ........ 1

**The Relevant Facts** ........ 1

- **A. Plaintiff's Initial Complaint and this Court's Frivolity Review** ........ 1
- **B. Plaintiff's Amended Complaint** ........ 2

**Legal Standard** ........ 3

**Argument** ........ 4

- **Point I: Plaintiff's claims are time-barred by the applicable statutes of limitations.** ........ 4
- **Point II: Plaintiff has failed to plead a claim upon which relief could be granted and leave to amend should be denied as futile.** ........ 6
  - **A. Plaintiff has failed to plead a claim for a procedural due process violation** ........ 6
  - **B. Plaintiff has failed to plead a claim for relief under the First Amendment** ........ 8
- **Point III: Defendant Brosky is entitled to qualified immunity and had no physician-patient relationship with plaintiff** ........ 9
- **Point IV: Plaintiff's amended complaint should be dismissed with prejudice as leave to amend would be futile** ........ 10

**Conclusion** ........ 10

# Table of Authorities

## Federal Statutes and Rules of Civil Procedure

Fed. R. Civ. P. 12(b)(6).....................................................................................................3

Fed. R. Civ. P. 8(a)(2).......................................................................................................3

Fed. R. Civ. P. 6(a)(1)(C) ..............................................................................................5 n.1

## United States Supreme Court Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................3, 7, 8

*Bell Atl. Corp. v. Twombly,* 550 U.S. 554 (2007)...........................................................3, 7

*Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532 (1985) ..............................................6

*Daniels v. Williams,* 424 U.S. 327 (1986) ........................................................................7

*Garcetti v. Ceballos*, 547 U.S. 410 (2006) ........................................................................9

*Hudson v. Palmer*, 468 U.S. 517 (1984)...........................................................................7

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) .....................................................7

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)....................................6

*Parratt v. Taylor*, 451 U.S. 527 (1981)............................................................................7

## United States Court of Appeals Cases

*Banco San Juan Internacional, Inc. v. FRB of N.Y.*, 176 F.4th 163 (2d Cir. 2026) ........................3

*Chambers v. Time Warner Cable, Inc.*, 282 F.3d 147 (2d Cir. 2002) ...........................................3

*Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010) ...........................................................4

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307 (2d Cir. 2002).........................................6

*Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46 (2d Cir. 2016).......................................3

*Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) .......... 3

*Curley v. Vill. of Suffern*, 268 F.3d 65 (2d Cir. 2001) .......... 8

*Dorsett v. Cnty. of Nassau*, 732 F.3d 157 (2d Cir. 2013) .......... 8

*Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775 (2d Cir. 1991) .......... 6

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160 (2d Cir. 1989) .......... 3

*Graham v. Henderson*, 89 F.3d 75 (2d Cir. 1996) .......... 3

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) .......... 4

*Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877 (2d Cir. 1996) .......... 7, 8

*Hill v. Curcione*, 657 F.3d 116 (2d Cir. 2011) .......... 10

*Hogan v Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) .......... 4

*Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101 (2d Cir. 2023) .......... 4

*Lucente v. Cnty. of Suffolk*, 980 F.3d 284 (2d Cir. 2020) .......... 4

*O'Connor v. Pierson*, 426 F.3d 187 (2d Cir. 2005) .......... 7

*Palkovic v. Johnson*, 150 Fed. App'x 35 (2d Cir. 2005) .......... 5

*Pearl v. City of Long Beach*, 296 F.3d 76 (2d Cir. 2002) .......... 4

*Progressive Credit Union v. City of New York*, 889 F.3d 40 (2d Cir. 2018) .......... 6

*Ross v. Breslin*, 693 F.3d 300 (2d Cir. 2012) .......... 9

*Tooly v. Schwaller*, 919 F.3d 165 (2d Cir. 2019) .......... 8

*Veal v. Geraci*, 23 F.3d 722 (2d Cir. 1994) .......... 5

**<u>United States District Court Cases</u>**

*Agostino v. City of Yonkers*, Civ. No. 26-cv-926 (LLS), 2026 U.S. Dist. LEXIS 29789, 2026 WL 396230 (S.D.N.Y. Feb. 12, 2026) .......... 1, 8

*Calvelos v. City of New York*, 2020 U.S. Dist. LEXIS 109266 (S.D.N.Y. 2020)............................9

*Dimitrov v. United States*, No. 23 Civ. 6451, 2023 U.S. Dist. LEXIS 141895 (S.D.N.Y. Aug. 14, 2023) ..........................................................................................9–10

*Dukes v NYCERS*, 361 F. Supp. 3d 358 (S.D.N.Y. 2019) ..............................................................4

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160 (2d Cir. 1989) ................................................4

*King v. New York City Emples. Ret. Sys. (NYCERS)*, 212 F. Supp. 3d 371 (E.D.N.Y. 2015).........4

*Zaffino v. Surles*, No. 91 Civ. 1637 (MGC), 1993 U.S. Dist. LEXIS 3064 (S.D.N.Y. Mar. 11, 1993) ..........................................................................................................6

## Preliminary Statement

Defendant Dr. Arlene Broska submits this memorandum of law in support of her motion to dismiss plaintiff Paul Agostino's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. At the outset, all of plaintiff's claims are time-barred by the applicable statute of limitations and no exceptions to the statute of limitations render any of his claims timely. In any event, plaintiff has failed to plead a claim for violations under the First Amendment or Due Process Clause of the Fourteenth Amendment.

## The Relevant Facts

### A. Plaintiff's Initial Complaint and this Court's Frivolity Review

This being a pre-answer motion to dismiss the facts recited below are taken from plaintiff's amended complaint. *See* Dkt. 13. Their truth is conceded only for purposes of this motion. Plaintiff commenced this action on February 2, 2026. *See* Dkt. 1. Plaintiff also filed a request to proceed in forma pauperis, and this Court granted the request, and conducted a frivolity review under 28 U.S.C. § 1915€(2)(B). *See Agostino v. City of Yonkers*, Civ. No. 26-cv-946 (LLS), 2026 U.S. Dist. LEXIS 29789, *1–4, 2026 WL 396230 (S.D.N.Y. Feb. 12, 2026). This Court concluded that plaintiff failed to plead a cause of action and dismissed the complaint with 30 days' leave to replead. *Id.* at *1. This Court concluded that plaintiff filed a procedural due process claim, a "stigma-plus" claim, and retaliation claim under the First Amendment. *See id.* at *4–9. As to the procedural due process claim, this Court held that plaintiff failed to allege sufficient facts that this alleged deprivation of his property interest (employment) was made pursuant to established state procedures. *See id.* at *7. This Court also held that plaintiff failed to allege sufficient facts to show that an Article 78 proceeding under the New York Civil Practice Law & Rules was inadequate to protect his liberty interests. *See id.* at *8. Finally, as to his First Amendment

retaliation claim, this Court held that plaintiff failed to allege sufficient facts to plausibly plead that he was speaking in his capacity as a citizen on a matter of public concern. *See id.* at *9–10.

**B. Plaintiff's Amended Complaint**

Plaintiff then filed an amended complaint on March 11, 2026. *See* Dkt. 13. Plaintiff alleges that he was an employee of the City of Yonkers Department of Public Works and that he had been employed for the City of Yonkers for 25 years. *See id.* ¶¶ 2, 17, 37. He alleges that on or about July 25, 2022, he reported misconduct within the Department of Public Works to the Human Resources department involving "workplace rumors and practices that [he] reasonably believed violated departmental rules and municipal policy." *Id.* ¶ 19.

Plaintiff alleges that after he reported the alleged misconduct, the Human Resources department informed him in a memorandum "that his employment could be in jeopardy and advised him to take leave under the Family and Medical Leave Act (FMLA)." *Id.* ¶ 22. He alleges that while his treating physician cleared him to return to work effective October 21, 2022, but he was not permitted to return to work on that date. *See id.* ¶¶ 26–29. He alleges that on October 27, 2022, though no specific allegation of misconduct was cited, he was directed to attend a psychological examination and he in fact attended the examination. *See id.* ¶¶ 33–35. He claims that he "had not been charged with threatening behavior, workplace violence, or misconduct that would warrant a psychological fitness for duty exam." *Id.* ¶ 38. Plaintiff alleges that both defendant Dr. Gregory Mack and defendant Broska were "retained and compensated by the City of Yonkers to conduct a psychological evaluation of the Plaintiff in connection with the city's consideration of action under New York Civil Service Law § 72." *Id.* ¶ 16.

Defendant Broska now moves to dismiss this amended complaint with prejudice for expiration of the statute of limitations and failure to plead a cause of action.

**Legal Standard**

At the outset, in the interest of judicial economy and to avoid duplication, defendant Broska incorporates the arguments of codefendants Dr. Gregory Mack, City of Yonkers, Thoas G. Meier, and Tracey Kuzemczak. *See* Dkts. 26, 31. To begin, Federal Rule of Civil Procedure 8(a)(2) requires a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), to state a legally sufficient claim, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twomblv*, 550 U.S. at 570.

Moreover, in addition to the complaint itself, courts may consider "documents attached to the [C]omplaint as an exhibit or incorporated in it." *Banco San Juan Internacional, Inc. v. FRB of N.Y.*, 176 F.4th 163, 174 n.14 (2d Cir. 2026) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Finally, "courts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted)). But "[e]ven in a pro se case . . . threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

## Argument

## Point I

### Plaintiff's claims are time-barred by the applicable statutes of limitations.

First, all of plaintiff's claims are time-barred by the applicable statutes of limitations. "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise th[at] affirmative defense in a pre-answer motion to dismiss" under Rule 12(b)(6). *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). "A plaintiff may bring a cause of action for procedural and substantive violations of rights protected by the due process clause of the United States Constitution pursuant to 42 U.S.C. § 1983." *Dukes v. NYCERS*, 361 F. Supp. 3d 358, 371 (S.D.N.Y. 2019) (citing *King v. New York City Emples. Ret. Sys. (NYCERS)*, 212 F. Supp. 3d 371, 397 (E.D.N.Y. 2015)). The United States Court of Appeals for the Second Circuit has found that "[u]nder well-settled law, claims under Section 1983 . . . are governed by New York's general statute of limitations for personal injury actions under N.Y. C.P.L.R. § 214(5), which is three years." *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 (2d Cir. 2023); *see Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020).

Next, "[f]or § 1983 claims, 'accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Specifically, the Second Circuit has concluded that due process claims relating to termination occur when the plaintiff "knew or had reason know that [ ]he actually would suffer deprivation of th[e] protective property

interest" or when he was terminated. *See Palkovic v. Johnson*, 150 Fed. App'x 35, 37 (2d Cir. 2005) (citing *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994)).

With those principles in mind, plaintiff's claims under 42 U.S.C. § 1983 are all time-barred. Plaintiff alleges that defendant Broska "was . . . retained and compensated by the City of Yonkers to conduct a psychological evaluation of the Plaintiff" and "participated in the process through which the City determined Plaintiff's ability to continue his employment." Dkt. 13 ¶ 16. Plaintiff alleges that his claims arose from the period of October 21, 2022, through February 14, 2023, wherein he was "barred from returning to work" prior to the initiation of any procedure under N.Y. Civ. Serv. Law § 72. *Id.* ¶ 39. As is noted in codefendant Mack's attached report, defendant Broska as part of a fitness-for-duty evaluation and that such evaluation had already been done by the time of codefendant Mack's interview of plaintiff, which occurred on January 6, 2023; and January 25, 2023. *See* Dkt. 31-2 at 2–4. Additionally, as codefendant Mack notes, the claim accrued when he was not permitted to return to work—that is when his injury of being "barred from returning to work" accrued, and that occurred on October 21, 2022. *See* Dkt. 13 ¶ 39.

Plaintiff did not file the initial complaint until February 2, 2026. *See* Dkt. 1. As plaintiff had three years to commence this action from the accrual of his causes of action, they expired on October 21, 2025, or at the very latest on January 26, 2026,[1].and he did not file his initial complaint until eight days later. As such, all of plaintiff's claims are time-barred.

[1] January 25, 2026, fell on a Sunday, and as such, the deadline extends to the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C).

**<u>Point II</u>**

**Plaintiff has failed to plead a claim upon which relief could be granted and leave to amend should be denied as futile.**

**A. Plaintiff has failed to plead a claim for a procedural due process violation.**

Next, plaintiff has also failed to plead a claim for relief under the Due Process Clause. Starting with procedural due process, "to state a claim for a violation of procedural due process, a plaintiff must allege facts demonstrating that he was deprived of a protected property or liberty interest and that the procedures used to effect this deprivation were constitutionally inadequate." *Zaffino v. Surles*, No. 91 Civ. 1637 (MGC), 1993 U.S. Dist. LEXIS 3064, at *5 (S.D.N.Y. Mar. 11, 1993) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). In order to do so, "[p]laintiff is required to allege facts which demonstrate that he did not receive 'notice and opportunity for hearing appropriate to the nature of the case.'" *Id.* at *7 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).

"To determine whether a constitutionally cognizable property interest is implicated, [courts] look to whether the interest involved would be protected under state law and then [courts] weigh the importance to the holder of the right." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 51 (2d Cir. 2018) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 317 (2d Cir. 2002)). "[W]hile state law defines the underlying substantive interest, 'federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected b the Due Process Clause.'" *Id.* at 51–52 (quoting *Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775, 782 (2d Cir. 1991).

Plaintiff failed to allege sufficient facts to plausible allege that he had a constitutionally cognizable property interest. As codefendant Mack noted, he did not plead any state law, police, rule, or contractual provision that establishes that he held a property interest in his employment.

*See* Dkt. 13. All plaintiff stated was that he was a "civil service employee" and that he had a "protected property interest in his public employment." *Id.* ¶¶ 11, 50. As was noted above, a complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not plead a plausible cause of action that would survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Critically, as codefendant Mack notes, plaintiff frames his complaint as his "exclusion from employment prior to the initiation of statutory procedures under Civil Service Law 72 and prior to any opportunity for a hearing or response." Dkt. 13 ¶ 48. Plaintiff's claim is not based upon his termination from employment—he specifically alleges that. *Id.* ¶¶ 47–48. He also acknowledged that he had sought review through an Article 78 proceeding. *See id.* ¶ 46.

Next, "[w]hen reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). When the act occurs as part of established state procedure, rather than random acts, "the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Id.* (citing *Hudson*, 468 U.S. at 532; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)). However, for random, unauthorized acts, "the Due Process Clause of the Fourteenth Amendment is not violated when the state intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy." *Id.* (citing *Hudson*, 468 U.S. at 531). This Court explained that "[a]n Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he

could in a § 1983 suit." *Agostino*, 2026 U.S. Dist LEXIS 29789, *7–8 (quoting *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881).

While plaintiff alleges that "the deprivation was not random or unauthorized," Dkt. 13 ¶ 57, he provides no facts to support that conclusory claim. As such, he has failed to establish that an Article 78 petition, which he admittedly commenced, *see id.* ¶¶ 45–47, was insufficient process. Moreover, plaintiff acknowledged that he continued to be paid albeit based upon his leave accruals. *See id.* ¶ 40. "As long as the employee is receiving a paycheck equivalent to his normal salary, that the employee is drawing down his sick leave is a bookkeeping entry with no pecuniary effect." *Tooly v. Schwaller*, 919 F.3d 165, 173 (2d Cir. 2019) (quoting *O'Connor v. Pierson*, 426 F.3d 187, 200 (2d Cir. 2005)). The Second Circuit has been clear that such a plaintiff has not suffered a protected property interest. As such, plaintiff's procedural due process claim fails.

**B. Plaintiff has failed to plead a claim for relief under the First Amendment.**

A plaintiff alleging a First Amendment retaliation claim must show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (citing *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)).

Plaintff wholly fails to assert how or if defendant Brosky knew of the alleged protected activity or identify what adverse employment action she caused much less draw a causal connection between the protected activity and the action. As such, plaintiff has not alleged sufficient facts to plead a plausible claim. *See Iqbal*, 556 U.S. at 678. Even aside from that deficiency, plaintiff has utterly failed to plead sufficient facts supporting a plausible claim that he was engaging in protected speech under the First Amendment. Plaintiff only makes conclusory

allegations regarding reporting misconduct that addressed matters of concern and that he soke as a citizen and not pursuant to his job duties. *See* Dkt. 13 ¶¶ 59–60. As was noted be codefendants, such conclusory allegations are not sufficient to allege that plaintiff engaged in protected First Amendment speech. *See, e.g.*, *Calvelos v. City of New York*, 2020 U.S. Dist. LEXIS 109266 (S.D.N.Y. 2020); *Ross v. Breslin*, 693 F.3d 300 (2d Cir. 2012). As the Court explained in *Calvelos*, "such intra-facility complaints to the command staff is hardly 'the kind of activity engaged in by citizens who do not work for the government,' such as 'writing a letter to a local newspaper.'" 2020 U.S. Dist. LEXIS 109266, at *40, 2020 WL 3414886 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 423–24 (2006)). As such, plaintiff has failed to allege a First Amendment retaliation claim.

**Point III**

**Defendant Brosky is entitled to qualified immunity and had no physician-patient relationship with plaintiff.**

For the reasons discussed in codefendant Mack's memorandum of law, even if defendant Brosky were acting under color of state law, she is entitled to qualified immunity and has no physician-patient relationship with plaintiff. *See* Dkt. 31-3 at 21–25.

**Point IV**

**Plaintiff's amended complaint should be dismissed with prejudice as leave to amend would be futile.**

It must therefore be concluded that plaintiff's amended complaint simply does not allege sufficient facts to plausibly plead claims for violation of procedural due process, "stigma-plus," or retaliation under the First Amendment. Therefore, this Court should dismiss the complaint for plaintiff's failure to state a claim. Finally, leave should not be granted to amend the complaint because it would be futile to do so. "[L]eave to amend is not required where it would be futile" and that the defects in the complaint could not be cured with an amendment. *Dimitrov v. United*

*States*, No. 23 Civ. 6451, 2023 U.S. Dist. LEXIS 141895, at *8–9 (S.D.N.Y. Aug. 14, 2023) (citing *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011).

As plaintiff's claims are all time-barred, and plaintiff already had an opportunity to amend his complaint following this Court's frivolity review, it would be futile to permit plaintiff further amendment. *See* Dkt. 1, 13. As such, plaintiff's amended complaint should be dismissed with prejudice without leave to amend.

**Conclusion**

Plaintiff's amended complaint should be dismissed with prejudice as to defendant Broska without leave to amend. For the reasons discussed above, all of plaintiff's claims are time-barred by the statute of limitations. Moreover, plaintiff has failed to plead a claim for relief. Finally, in light of the fact that plaintiff's allegations are time-barred, it would be futile to permit amendment. As such, plaintiff's complaint should be dismissed with prejudice without leave to amend.

## PRINTING SPECIFICATIONS STATEMENT

Pursuant to Local Rule 7.1(c), the foregoing memorandum of law was prepared on a computer. A proportionally spaced typeface was used, as follows:

| | |
|---|---|
| Name of Typeface: | Times New Roman |
| Point Size: | 12 |
| Line Spacing: | Double |

The total number of words in this memorandum of law, inclusive of point headings, footnotes, and endnotes, and exclusive of the caption, table of contents, table of authorities, and signature block, and any required certificates, is 3,141 words, which is in conformity with the 8,750-word limit.

Dated: July 6, 2026
New York, New York

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Steven V. DeBraccio, Esq.
*Attorneys for Defendant Dr. Arlene Broska*
200 Great Oaks Blvd., Suite 228
Albany, New York 12203
Telephone: (518) 449-8893
steven.debraccio@wilsonelser.com