UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

PAUL AGOSTINO,

Plaintiff,

– against –

CITY OF YONKERS, TRACEY KUZEMCZAK, THOMAS MEIER, GREGORY MACK, ARLENE BROSKA,

Defendants.

-----------------------------------------------------x

26-CV-00946 (JGLC)

Assigned Magistrate
Hon. Andrew E. Krause

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

## PRELIMINARY STATEMENT

The City of Yonkers ("the City"), Thomas Meier ("Defendant Meier"), and Tracey Kuzemczak ("Defendant Kuzemczak") submit this memorandum of law in reply to Paul Agostino's ("Plaintiff") memorandum in opposition to the motion to dismiss filed on May 28, 2026 pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), 12(b)(5), and 12(b)(2).

### I. PLAINTIFF HAS FAILED TO STATE A PROCEDURAL DUE PROCESS CLAIM

In opposition, Plaintiff argues that he did sufficiently allege that he possessed a protected property interest in employment with the City. In support, Plaintiff states that he alleged that "he served as a permanent civil service employee with the City of Yonkers for approximately twenty-five years." [Plaintiff's Memorandum in Opposition, p. 7]. And he argues now that "[a]s a permanent employee protected by New York Civil Service Law, Plaintiff possessed a legitimate claim of entitlement to continued public employment . . .". [Id.]. However, Plaintiff's Amended Complaint did not contain any reference to the "New York Civil Service Law" or that his employment was protected by that law. [*See* Ex. B]. Plaintiff never stated which job title he held with the City. [*See* Ex. B]. These vague allegations in the Amended Complaint are insufficient to allege the existence of a property interest. *See* Bryant v. New York State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012)("A procedural due process claim is composed of two elements: (1) ***the existence of a property*** or liberty ***interest*** . . . and (2) deprivation of that interest without due process.")(emphasis added).

Plaintiff also restates the argument that he was "excluded from his employment for nearly four months before Defendants formally invoked Civil Service Law § 72 on February 14, 2023." [Plaintiff's Memorandum in Opposition, p. 7]. Plaintiff then incorrectly states that "Defendants' memorandum focuses almost entirely upon the procedures eventually employed

under Civil Service Law § 72." [Plaintiff's Memorandum in Opposition, p. 8]. It does not. No such argument was raised by Defendants. To the contrary, Defendants argued that Plaintiff "fails to adequately allege facts establishing that he lost a property right." [ECF Doc No. 28, p. 9]. In support of his procedural due process claim, Plaintiff attempts to litigate a dispute concerning his clearance to return to work, but does not allege that he was terminated or that he lost his employment which is insufficient to establish a claim. *See* Bryant, 692 F.3d at 218 ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) ***deprivation of that interest*** without due process.") (emphasis added).

Lastly, Plaintiff argues that "Defendants also rely upon Plaintiff's subsequent Article 78 proceeding." This is inaccurate. Defendants' arguments raised in support of their motion to dismiss do not reference an Article 78 proceeding. Plaintiff has failed to sufficiently plead a procedural due process claim.

## II. PLAINTIFF'S CLAIMS ARE TIME-BARRED

Plaintiff disputes that his Amended Complaint is time-barred. Plaintiff argues that "Defendants' argument depends upon treating October 21, 2022 as the date on which Plaintiff knew that a final decision had been made depriving him of his constitutional rights." [Plaintiff's Memorandum in Opposition, p. 9]. But Plaintiff asserts that the "Amended Complaint alleges an ongoing course of governmental conduct" and a "continuing sequence of constitutional deprivations rather than one isolated employment decision." [Id. at p. 9].

That argument is not supported by the allegations set forth in the Amended Complaint where Plaintiff explicitly alleges that the constitutional deprivation he sustained was the result of the Defendants preventing him from returning to work on October 21, 2022. *See* Ex. B, ¶ 48 "exclusion from employment prior to the initiation of statutory procedures under Civil

Service Law 72 and prior to any opportunity for a hearing or response"; Ex. B, ¶ 49 ("[t]he exclusion of Plaintiff from work between October 21, 2022 and February 14, 2023 was . . . carried out pursuant to deliberate decisions by officials with authority over Plaintiff's employment status."; Ex. B, ¶ 52 ("Beginning October 21, 2022 Defendants prevented Plaintiff from returning to work."); Ex. B ¶ 53 ("***This deprivation*** occurred before the City invoked Civil Service Law § 72.")(emphasis added); Ex. B ¶ 61. Also, Plaintiff's argument that his allegations are premised upon an ongoing course of conduct is contradicted by the factual allegations in his Amended Complaint. For example, Plaintiff now argues that the "initiation of Civil Service Law § 72 proceedings" and "Plaintiff's eventual termination" constitute a part of the "ongoing course of governmental conduct." [*See* Plaintiff's Memorandum in Opposition, p. 9]. But in the Amended Complaint Plaintiff alleged that the constitutional violation was his exclusion from work and that an Article 78 proceeding had "addressed later employment actions ***but did not remedy Plaintiff's earlier exclusion from work***." [Ex. B, ¶¶ 47, 48 (emphasis added)].

Based upon the foregoing, Plaintiff's alleged exclusion from work on October 21, 2022 constitutes the relevant claim accrual date and, therefore, the filing of this proceeding on February 2, 2026 renders all claims time-barred.

## III. PLAINTIFF FAILED TO STATE A FIRST AMENDMENT RETALIATION CLAIM

In opposition to Defendants' motion to dismiss, Plaintiff primarily restates the allegations that he already made in the Amended Complaint. [Plaintiff's Memorandum in Opposition, p. 11]. The only legal argument presented is that "[t]hese allegations plausibly establish protected speech, adverse employment actions, and a causal connection sufficient to survive Rule 12(b)(6)." [Id. at p. 11]. This is insufficient to oppose Defendants' argument that this claim should be dismissed. First, Plaintiff does not dispute that he failed to allege the

existence of any official policy of the municipality sufficient to impute First Amendment liability upon the City pursuant to the standard set forth in *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). With respect to the individually named City defendants, Plaintiff does not address the court cases cited by Defendants on page 10 of their Memorandum in Support of the Motion to Dismiss where it is argued, in part, that vague allegations concerning reporting "misconduct" are insufficient to allege that Plaintiff engaged in protected First Amendment speech. *See, e.g*., Calvelos v. City of New York, 2020 U.S. Dist. LEXIS 109266 (S.D.N.Y. 2020) (dismissing several First Amendment retaliation claims pertaining to "complaints about people committing acts of misconduct on the job."). Lastly, in opposition to this motion, Plaintiff also improperly attached documents that were not submitted or attached to the Amended Complaint. Such documents should be disregarded.

## IV. PLAINTIFF HAS FAILED TO STATE A *MONELL* CLAIM

Plaintiff argues that he plausibly alleged municipal liability under *Monell* because the Amended Complaint "alleges coordinated actions" undertaken by various City officials with respect to Plaintiff's work status and ability to return to work. [Plaintiff's Memorandum in Opposition, p. 11]. But the allegations that Plaintiff asserted in the Amended Complaint relevant to the "Municipal Liability" claim focus on Defendant Meier's alleged actions, [Ex. B, ¶¶ 64-68], and not on any widespread custom or practice across the entire department or City or involving other employees. Accordingly, Plaintiff has not sufficiently pled a *Monell* claim.

## V. LEAVE TO AMEND SHOULD BE DENIED

If the Court determines that Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff requests leave to amend pursuant to FRCP 15(a)(2). Defendants oppose such request. The Court dismissed *sua sponte* Plaintiff's initial Complaint filed on February 2,

2026 without prejudice and granted leave to amend. [ECF Doc No. 12]. Plaintiff then filed an Amended Complaint on March 11, 2026. [ECF Doc No. 13]. Plaintiff has not established that the granting of additional leave to amend the complaint would state valid claims and not be futile especially because Plaintiff's claims are time-barred. *See* Hunt v. Alliance North Am. Gov't Income Trust, Inc., 159 F.3d 723 (2d Cir. 1998) (noting that "[a]lthough Fed. R. Civ. P. 15(a) provides that the district court should freely grant leave to amend when justice so requires, it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile.").

**WHEREFORE,** the City, Defendant Meier, and Defendant Kuzemczak respectfully request that their motion to dismiss the Amended Complaint be granted because (i) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations; (ii) Plaintiff has failed to state a procedural due process claim under 42 U.S.C. § 1983; (iii) Plaintiff has failed to state a first amendment retaliation claim under 42 U.S.C. § 1983; and (iv) Plaintiff has failed to state a *Monell* Claim pursuant to 42 U.S.C. § 1983. This Honorable Court should grant such further and other relief as it deems just and proper.

Dated: July 10, 2026
Yonkers, New York

Respectfully Submitted,

Matthew I. Gallagher
Corporation Counsel

By: *Dusan Lakic*
Dusan Lakic, Esq. (DL2015)
First Deputy Corporation Counsel
City of Yonkers
40 South Broadway, Room 300
Yonkers, New York 10701
T: (914) 377-6230
E: dusan.lakic@yonkersny.gov

**PRINTING SPECIFICATIONS STATEMENT**

Pursuant to Local Rule 7.1(c), the foregoing memorandum of law in reply was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of Typeface: Times New Roman

Point Size: 12

Line Spacing: Double

The total number of words in this memorandum of law, inclusive of point headings, footnotes, and endnotes, and exclusive of the caption, table of contents, table of authorities, and signature block, and any required certificates, is 1,505 words, which is in conformity with the 3,500-word limit.

Sincerely,

Matthew I. Gallagher
Corporation Counsel
City of Yonkers

By: /S/ Dusan Lakic
Dusan Lakic, Esq. (DL2015)
First Deputy Corporation Counsel
40 South Broadway, Room 300
Yonkers, New York 10701
T: (914) 377-6230
E: dusan.lakic@yonkersny.gov