RECEIVED
SDNY DOCKET UNIT
2026 JUL 13 PM 12:42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL AGOSTINO,

Plaintiff,

v.

CITY OF YONKERS, THOMAS G. MEIER,
TRACEY KUZEMCZAK, GREGORY MACK,
and ARLENE BROSKA,

Defendants.

---

26-CV-0946 (JGLC)

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' ARLENE BROSKA'S MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Plaintiff Paul Agostino respectfully submits this Memorandum of Law in Opposition to Defendant Dr. Arlene Broska's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant Broska's motion largely incorporates the arguments previously advanced by Defendant Gregory Mack and the municipal defendants while adding that she cannot be held liable because she allegedly owed Plaintiff no physician-patient relationship and is entitled to qualified immunity. Those arguments do not address the constitutional claims actually asserted in the Amended Complaint.

Plaintiff does not bring claims against Defendant Broska for medical malpractice or negligent psychological treatment. Rather, Plaintiff alleges that Defendant Broska, acting pursuant to authority delegated by the City of Yonkers, conducted an employer-directed psychological fitness-for-duty evaluation, prepared a report relied upon by City officials, and participated in the governmental process through which Plaintiff remained excluded from public employment and was ultimately

placed on involuntary leave pursuant to New York Civil Service Law § 72 without constitutionally adequate procedural protections.

The Amended Complaint alleges that Plaintiff had already been medically cleared by his treating provider to return to unrestricted duty before being required to undergo employer-directed psychological evaluations. Plaintiff further alleges that he remained excluded from employment before the City formally invoked Civil Service Law § 72, received no written disciplinary charges identifying threatening conduct, and was not provided meaningful notice of the factual basis upon which the psychological evaluations were requested. Accepting those allegations as true, Plaintiff has plausibly alleged constitutional claims under 42 U.S.C. § 1983.

Defendant Broska's motion repeatedly asks the Court to accept Defendants' characterization of the evaluation process and the conclusions reflected in the written psychological reports. Rule 12(b)(6) requires the opposite. At this stage, the Court must accept Plaintiff's well-pleaded factual allegations as true and determine only whether the Amended Complaint plausibly states claims for relief. Whether Defendant Broska ultimately exercised independent professional judgment, what information she relied upon, and whether her evaluation contributed to the alleged constitutional violations present factual issues that cannot properly be resolved on a motion to dismiss.

Accordingly, Defendant Broska's Motion to Dismiss should be denied in its entirety.

**FACTUAL BACKGROUND: PLAINTIFF SOUGHT HELP FROM HUMAN RESOURCES, BUT WAS INSTEAD SUBJECTED TO A FITNESS-FOR-DUTY EVALUATION**

Plaintiff did not enter the events giving rise to this litigation as an employee exhibiting psychological instability or misconduct. Rather, Plaintiff sought assistance from the City of Yonkers Human Resources Department after becoming the target of persistent workplace rumors, harassment, and retaliation that interfered with his ability to perform his job.

Instead of conducting a fair investigation into Plaintiff's complaints and protecting him from further retaliation, The City redirected its attention toward Plaintiff himself.. The City's response was not to resolve the underlying workplace conflict, but to order Plaintiff to undergo an involuntary psychological fitness-for-duty examination.

During that examination, Plaintiff fully explained the circumstances that led him to seek counseling. As reflected in the audio recordings of the examination, Plaintiff explained that he voluntarily sought therapy because of the stress and emotional

impact caused by the hostile work environment and the City's failure to address his complaints. Plaintiff did not seek treatment because he believed he suffered from a chronic psychiatric disorder or because he was unable to perform the essential duties of his position.

Plaintiff further explained that he went to Human Resources seeking a resolution to workplace issues. Rather than addressing those complaints, the City initiated a psychological evaluation that ultimately became the basis for removing him from his employment.

Despite this context, Defendant Broska allegedly characterized Plaintiff's treatment history and emotional response to workplace stress as evidence supporting findings of psychological impairment while, according to the Complaint, failing to accurately reflect the circumstances Plaintiff described during the examination. Plaintiff alleges that Defendant Broska also failed to obtain readily available collateral information from Plaintiff's treating providers before forming her opinions, even though such information would have provided critical context concerning the reasons Plaintiff sought counseling.

This sequence of events is central to Plaintiff's claims. Plaintiff alleges that Defendants transformed the consequences of the City's own failure to investigate workplace misconduct into purported evidence that Plaintiff himself was psychologically unfit. The Complaint therefore challenges not only the conclusions reached by Defendant Broska, but also the fundamentally flawed process through which those conclusions were reached.

## I. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint, not the ultimate merits of the plaintiff's claims. To survive such a motion, a complaint need only contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and construe the complaint in the light most favorable to the non-moving party. The Court may not resolve disputed issues of fact, weigh competing evidence, determine the credibility of witnesses, or choose between competing factual narratives. Those determinations are reserved for later stages of the litigation following discovery.

These principles apply with particular force where, as here, Plaintiff proceeds **pro se**. The pleadings of a self-represented litigant must be liberally construed and interpreted to raise the strongest claims they fairly suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Defendant Broska's motion repeatedly invites the Court to accept Defendant's characterization of the psychological evaluation, the conclusions reflected in her written report, and the factual assumptions upon which those conclusions were based. Those arguments ask the Court to resolve disputed factual issues concerning the evaluation process, the information available to Defendant Broska, and the significance of Plaintiff's statements during the examination. Such determinations are not appropriate on a Rule 12(b)(6) motion.

The Amended Complaint alleges that Defendant Broska participated in the governmental process through which Plaintiff remained excluded from public employment after being medically cleared to return to work and that her evaluation became part of the basis for the City's subsequent actions under New York Civil Service Law § 72. Accepting those allegations as true, Plaintiff has plausibly alleged claims under 42 U.S.C. § 1983. Whether Defendant Broska's conclusions were ultimately correct, whether her evaluation was based upon complete information, and whether her professional opinions should ultimately be credited are factual questions that cannot be resolved on a motion to dismiss.

Accordingly, Defendant Broska's motion should be evaluated solely by determining whether the Amended Complaint plausibly states claims for relief—not by weighing evidence or resolving disputed factual issues.

## II. DEFENDANT BROSKA'S MOTION IMPROPERLY ASKS THE COURT TO RESOLVE DISPUTED FACTUAL ISSUES THAT CANNOT BE DECIDED ON A RULE 12(b)(6) MOTION

Defendant Broska's motion repeatedly invites the Court to accept her characterization of Plaintiff's psychological evaluation, the conclusions reflected in her written report, and the factual assumptions upon which those conclusions were based. That is not the inquiry presented by Rule 12(b)(6).

The Amended Complaint alleges that Plaintiff was medically cleared by his treating provider to return to unrestricted duty effective October 21, 2022, yet was not restored to his position. Instead, Plaintiff alleges that he was directed to undergo an employer-mandated psychological fitness-for-duty evaluation conducted by Defendant Broska while continuing to be excluded from public employment. Plaintiff further alleges that Defendant Broska's evaluation became part of the process through which the City

continued excluding Plaintiff from work and ultimately initiated proceedings under New York Civil Service Law § 72. Accepting those allegations as true, Plaintiff has plausibly alleged Defendant Broska's personal participation in the constitutional deprivations asserted in this action.

The Complaint further alleges that Plaintiff explained during the evaluation that he voluntarily sought counseling because of the emotional stress caused by persistent workplace rumors and the City's handling of his Human Resources complaint—not because he believed he was unable to perform the duties of his position or suffered from a chronic psychiatric condition. Plaintiff alleges that this critical context was not fairly reflected in the evaluation that was later relied upon by the City.

Rather than addressing whether those allegations plausibly state constitutional claims, Defendant Broska asks the Court to conclude that her professional opinions were independently formed, that the information available to her was complete and reliable, and that her conclusions should be accepted over Plaintiff's allegations. Those are factual determinations concerning the evaluation process, the information reviewed, and the significance of Plaintiff's statements during the examination. Such issues cannot be resolved on a motion to dismiss.

At this stage, the Court is not asked to determine whether Defendant Broska's professional opinions were ultimately correct. Nor is the Court asked to resolve competing interpretations of Plaintiff's examination or the information upon which Defendant Broska relied. The Court need determine only whether the Amended Complaint plausibly alleges that Defendant Broska participated in conduct that contributed to the deprivation of Plaintiff's constitutional rights.

Because Defendant Broska's motion depends upon the resolution of disputed factual issues and credibility determinations that are inappropriate on a Rule 12(b)(6) motion, dismissal is not warranted.

## III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT BROSKA ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

Defendant Broska first argues that Plaintiff's claims are barred by the applicable statute of limitations because Plaintiff allegedly knew of his injuries no later than October 21, 2022, or, at the latest, when Defendant Broska completed her employer-directed psychological evaluation. That argument oversimplifies the allegations contained in the Amended Complaint and improperly asks the Court to resolve disputed factual issues at the pleading stage.

Dismissal on statute-of-limitations grounds is appropriate only where the untimeliness of the claims is apparent from the face of the complaint. At this stage, the Court must

accept Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Where the allegations permit competing inferences concerning when Plaintiff knew or reasonably should have known of the constitutional injuries asserted, dismissal under Rule 12(b)(6) is inappropriate.

The Amended Complaint alleges a continuing sequence of governmental actions extending well beyond October 21, 2022. Plaintiff alleges that after reporting workplace misconduct to Human Resources, he was directed to take Family and Medical Leave Act leave under threat that his employment could be jeopardized, was medically cleared to return to unrestricted duty effective October 21, 2022, and nevertheless remained excluded from employment while Defendants required employer-directed psychological evaluations before formally invoking New York Civil Service Law § 72. Plaintiff further alleges that the City did not initiate proceedings under Civil Service Law § 72 until February 14, 2023. Accepting those allegations as true, the Amended Complaint does not establish that Plaintiff's constitutional claims necessarily accrued on October 21, 2022.

Defendant Broska's alleged involvement likewise did not consist of a single isolated act. According to the Amended Complaint, Defendant Broska conducted an employer-directed psychological evaluation after Plaintiff had already been medically cleared to return to work, prepared a report for the City's use, and participated in the process through which Plaintiff remained excluded from employment pending the City's eventual invocation of Civil Service Law § 72. Plaintiff alleges that Defendant Broska's evaluation became part of the continuing course of conduct that resulted in the deprivation of Plaintiff's protected employment interest.

Plaintiff further alleges that before the City formally invoked Civil Service Law § 72, he had not been informed that Defendants considered him a danger to himself or others, had not received written disciplinary charges identifying threatening conduct, and had not been provided meaningful notice of the factual basis upon which the psychological evaluations were requested. Plaintiff alleges that he repeatedly sought permission to return to work after receiving medical clearance and that the evaluations were conducted while he remained excluded from employment without the procedural protections later associated with Civil Service Law § 72. Accepting those allegations as true, the Amended Complaint does not conclusively establish that Plaintiff's claims accrued on the dates urged by Defendant Broska.

Defendant Broska's statute-of-limitations argument therefore depends upon disputed factual assumptions regarding the accrual of Plaintiff's constitutional claims, the significance of the employer-directed evaluations, and the relationship between those evaluations and the City's subsequent employment actions. Those factual disputes cannot properly be resolved on a Rule 12(b)(6) motion.

Accordingly, Defendant Broska has not established that Plaintiff's claims are time-barred as a matter of law, and her motion to dismiss on statute-of-limitations grounds should be denied.

## IV. PLAINTIFF HAS PLAUSIBLY ALLEGED A PROCEDURAL DUE PROCESS CLAIM AGAINST DEFENDANT BROSKA

Defendant Broska argues that Plaintiff has failed to state a procedural due process claim because Plaintiff allegedly possessed no constitutionally protected property interest and because Defendant Broska merely performed an independent psychological evaluation. That argument misconstrues both the allegations contained in the Amended Complaint and the limited inquiry presented by Rule 12(b)(6).

### A. Plaintiff Has Adequately Alleged a Protected Property Interest

The Amended Complaint alleges that Plaintiff served as a permanent civil service employee with the City of Yonkers for approximately twenty-five years and possessed a protected property interest in his continued public employment under New York Civil Service Law. Plaintiff further alleges that he could not be deprived of that employment except through constitutionally adequate procedures. At this stage, those allegations must be accepted as true.

Whether Plaintiff ultimately proves the precise source and scope of that property interest is not before the Court on a motion to dismiss.

### B. The Amended Complaint Alleges Defendant Broska Participated in the Process That Affected Plaintiff's Employment

Defendant Broska attempts to characterize her role as limited to providing an independent psychological opinion.

The Amended Complaint alleges considerably more.

Plaintiff alleges that after being medically cleared by his treating provider to return to unrestricted duty, he was directed by the City to undergo an employer-mandated psychological evaluation conducted by Defendant Broska rather than being restored to his position. Plaintiff further alleges that Defendant Broska prepared a written evaluation that was relied upon by City officials in continuing Plaintiff's exclusion from work and later invoking Civil Service Law § 72.

Accepting those allegations as true, Plaintiff has plausibly alleged Defendant Broska's personal participation in the governmental process through which Plaintiff's protected employment interest was affected.

**C. Plaintiff Alleges That Defendant Broska Conducted Her Evaluation Without Plaintiff Receiving Constitutionally Adequate Process**

The Amended Complaint alleges that Plaintiff remained excluded from employment after receiving medical clearance to return to work and before the City formally initiated proceedings under Civil Service Law § 72. Plaintiff further alleges that before Defendant Broska conducted the employer-directed evaluation, Plaintiff had not received written disciplinary charges identifying threatening conduct, had not been advised that Defendants considered him a danger to himself or others, and had not been afforded a meaningful opportunity to respond to the allegations underlying the referral.

Plaintiff further alleges that during the evaluation he explained that he had voluntarily sought counseling because of the emotional stress caused by persistent workplace rumors and Human Resources' handling of his complaint, not because he believed he suffered from a chronic psychiatric condition or was unable to perform his job duties. Plaintiff alleges that this context was not fairly reflected in the evaluation that later became part of the City's decision-making process.

At this stage, those allegations must be accepted as true.

**D. Defendant Broska's Motion Depends Upon Resolving Disputed Factual Issues**

Defendant Broska's motion repeatedly asks the Court to accept the conclusions contained in her written evaluation and her characterization of Plaintiff's condition. The Amended Complaint alleges that Plaintiff had already been medically cleared to return to work before the evaluation occurred and that the evaluation became part of the process through which the City continued excluding Plaintiff from employment.

Whether Defendant Broska's evaluation was based upon complete information, whether Plaintiff's explanations during the examination were accurately reflected, and whether Defendant Broska's conclusions were justified are factual disputes that cannot properly be resolved on a Rule 12(b)(6) motion.

The Court's role at this stage is not to determine whose version of the evaluation is correct. Rather, it is to determine whether Plaintiff has plausibly alleged that Defendant Broska participated in conduct that contributed to the deprivation of Plaintiff's constitutional rights. Accepting the allegations of the Amended Complaint as true, Plaintiff has satisfied that burden.

Accordingly, Defendant Broska's motion to dismiss Plaintiff's procedural due process claim should be denied.

## V. PLAINTIFF HAS PLAUSIBLY ALLEGED A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT BROSKA

Defendant Broska argues that Plaintiff has failed to state a claim for retaliation under the First Amendment because Plaintiff allegedly did not engage in protected speech and because Defendant Broska had no involvement in any retaliatory conduct. At the pleading stage, however, the Amended Complaint plausibly alleges both protected activity and Defendant Broska's participation in the sequence of events that followed.

### A. Plaintiff Adequately Alleges Protected Speech

The Amended Complaint alleges that Plaintiff reported workplace misconduct to the City of Yonkers Human Resources Department concerning false workplace rumors and conduct that Plaintiff reasonably believed violated departmental policy and created a hostile work environment. Plaintiff further alleges that reporting such misconduct was not among his ordinary job responsibilities and that he spoke as a citizen rather than pursuant to his official duties as a Maintenance Mechanic.

Plaintiff further alleges that Human Resources investigated those complaints and ultimately acknowledged that employees had been discussing the workplace rumors while advising Plaintiff that the investigation was "inconclusive." Accepting those allegations as true, Plaintiff has plausibly alleged protected speech under the First Amendment.

### B. Plaintiff Plausibly Alleges a Continuing Sequence of Adverse Employment Actions

The Amended Complaint alleges that shortly after Plaintiff reported workplace misconduct, he was directed to take Family and Medical Leave Act leave under threat that his employment could be jeopardized, prevented from returning to work after being medically cleared, required to undergo employer-directed psychological evaluations, and ultimately placed on involuntary leave pursuant to New York Civil Service Law § 72.

At the pleading stage, Plaintiff is not required to prove retaliatory motive. Rather, Plaintiff must allege facts supporting a plausible inference that the challenged actions followed his protected activity. The chronology alleged in the Amended Complaint satisfies that standard.

**C. Plaintiff Adequately Alleges Defendant Broska's Personal Participation**

Defendant Broska argues that she merely conducted an independent psychological evaluation.

The Amended Complaint alleges otherwise.

Plaintiff alleges that Defendant Broska was retained by the City to conduct an employer-directed psychological evaluation after Plaintiff had reported workplace misconduct, after Plaintiff had been medically cleared to return to work, and while Plaintiff remained excluded from employment. Plaintiff further alleges that Defendant Broska prepared a written evaluation that became part of the City's process in continuing Plaintiff's exclusion from work and ultimately invoking Civil Service Law § 72.

Accepting those allegations as true, Plaintiff has plausibly alleged Defendant Broska's participation in the sequence of events giving rise to Plaintiff's First Amendment claim.

**D. Defendant Broska's Motion Improperly Seeks Resolution of Factual Issues**

Defendant Broska's motion asks the Court to conclude that her role was limited to providing an independent professional opinion.

The Amended Complaint alleges that Defendant Broska's evaluation became part of the process through which Plaintiff remained excluded from employment after engaging in protected speech.

Whether Defendant Broska knowingly participated in retaliatory conduct, exercised wholly independent professional judgment, or merely implemented decisions already made by others presents factual questions that cannot properly be resolved on a Rule 12(b)(6) motion.

Accepting Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged a First Amendment retaliation claim sufficient to survive dismissal.

Accordingly, Defendant Broska's motion to dismiss Plaintiff's First Amendment claim should be denied.

## VI. THE AMENDED COMPLAINT ADEQUATELY ALLEGES DEFENDANT DR. ARLENE BROSKA'S PERSONAL INVOLVEMENT UNDER 42 U.S.C. § 1983

Defendant Broska argues that she merely conducted an independent psychological evaluation and therefore cannot be held liable under 42 U.S.C. § 1983. The Amended Complaint alleges considerably more.

To state a claim under § 1983, Plaintiff need only plausibly allege that Defendant Broska, acting under color of state law, personally participated in the conduct that allegedly deprived Plaintiff of his constitutional rights. At the pleading stage, Plaintiff is not required to prove Defendant Broska's ultimate liability. Plaintiff must allege sufficient facts demonstrating Defendant Broska's direct participation in the events giving rise to the constitutional claims asserted.

### A. The Amended Complaint Alleges Defendant Broska Was Retained by the City to Conduct an Employer-Directed Fitness-for-Duty Evaluation

The Amended Complaint alleges that Defendant Broska was retained and compensated by the City of Yonkers to conduct a psychological fitness-for-duty evaluation in connection with the City's consideration of action under New York Civil Service Law § 72. Plaintiff further alleges that Defendant Broska prepared a written evaluation that was relied upon by City officials in determining whether Plaintiff would be permitted to return to work and in the City's subsequent decision to continue Plaintiff's exclusion from employment.

Accepting these allegations as true, Plaintiff has plausibly alleged that Defendant Broska's role extended beyond merely examining Plaintiff and included preparing a report that became part of the governmental decision-making process affecting Plaintiff's continued employment.

### B. Plaintiff Alleges Defendant Broska Personally Participated in the Events Giving Rise to This Action

The Amended Complaint alleges that after Plaintiff's treating provider medically cleared him to return to unrestricted duty, the City did not restore Plaintiff to his position. Instead, Plaintiff was directed to undergo an employer-directed psychological evaluation conducted by Defendant Broska while Plaintiff remained excluded from work.

Plaintiff further alleges that during the evaluation he explained that he had voluntarily sought counseling because of the emotional stress caused by persistent workplace rumors and Human Resources' handling of his complaint. Plaintiff alleges that he

sought counseling to cope with workplace conditions, not because he believed he suffered from a chronic psychiatric condition or was incapable of performing the duties of his position. According to the Amended Complaint, Defendant Broska nevertheless prepared an evaluation that became part of the City's process in continuing Plaintiff's exclusion from employment.

Accepting these allegations as true, Plaintiff has plausibly alleged Defendant Broska's direct participation in the sequence of events challenged in this action.

**C. Defendant Broska's Motion Depends Upon Her Own Characterization of the Evaluation**

Defendant Broska repeatedly characterizes her role as limited to rendering an independent professional opinion.

That characterization is not controlling on a Rule 12(b)(6) motion.

The Amended Complaint alleges that Defendant Broska conducted an employer-directed evaluation requested by the City after Plaintiff had already been medically cleared to return to work, prepared a report for the City's use, and participated in the process through which Plaintiff remained excluded from public employment pending the initiation of Civil Service Law § 72 proceedings.

Whether Defendant Broska ultimately exercised wholly independent professional judgment, whether she possessed complete information concerning Plaintiff's treatment history and workplace circumstances, or whether her evaluation accurately reflected Plaintiff's statements during the examination presents factual questions that cannot be resolved at the pleading stage.

**D. Plaintiff Has Adequately Alleged Defendant Broska's Personal Participation**

Plaintiff does not seek to impose liability upon Defendant Broska merely because she is a licensed psychologist.

Rather, Plaintiff alleges that Defendant Broska personally conducted the employer-directed evaluation, prepared the report relied upon by City officials, and participated in the governmental process through which Plaintiff remained excluded from work after being medically cleared to return to unrestricted duty.

Those allegations identify specific conduct personally attributed to Defendant Broska rather than conclusory assertions based solely upon her professional status.

Accepting the allegations of the Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has adequately alleged Defendant Broska's personal involvement under 42 U.S.C. § 1983.

Accordingly, Defendant Broska's motion to dismiss on this ground should be denied.

## VII. DEFENDANT BROSKA'S QUALIFIED IMMUNITY AND PHYSICIAN-PATIENT ARGUMENTS DO NOT WARRANT DISMISSAL

Defendant Broska argues that she cannot be held liable because she owed Plaintiff no traditional physician-patient relationship while conducting an employer-directed psychological fitness-for-duty evaluation and that she is entitled to qualified immunity. Those arguments do not address the constitutional claims actually asserted in the Amended Complaint.

Plaintiff does not assert claims against Defendant Broska for medical malpractice, negligent diagnosis, or professional negligence. Rather, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Broska personally participated in the governmental process through which Plaintiff remained excluded from public employment after being medically cleared to return to work and through which the City ultimately invoked New York Civil Service Law § 72.

The absence of a traditional therapeutic relationship does not resolve whether Plaintiff has plausibly alleged Defendant Broska's personal participation in conduct undertaken under color of state law. The Amended Complaint alleges that Defendant Broska was retained and compensated by the City of Yonkers to perform an employer-directed fitness-for-duty evaluation, prepared a written report for the City's use, and participated in the process through which City officials determined Plaintiff's continued employment status. Those allegations concern Defendant Broska's alleged role in governmental decision-making rather than the existence of a treatment relationship.

Defendant Broska further argues that she exercised independent professional judgment in reaching her conclusions. At this stage of the proceedings, however, the Court is not called upon to determine whether Defendant Broska's professional opinions were ultimately correct or whether her evaluation should be afforded greater weight than Plaintiff's allegations. Those issues concern the merits of the parties' competing factual positions and are not appropriate for resolution on a Rule 12(b)(6) motion.

Likewise, Defendant Broska's assertion of qualified immunity does not warrant dismissal at the pleading stage. Qualified immunity ordinarily depends upon the particular facts known to the defendant, the nature of the defendant's conduct, and whether that conduct violated clearly established constitutional rights under the

circumstances. Plaintiff alleges that Defendant Broska participated in the process through which Plaintiff remained excluded from work after being medically cleared, prepared an evaluation relied upon by City officials, and contributed to the deprivation of Plaintiff's protected employment interest without constitutionally adequate procedures. Accepting those allegations as true, Plaintiff has stated plausible constitutional claims sufficient to survive dismissal.

Whether discovery ultimately establishes that Defendant Broska acted reasonably, possessed complete and accurate information, exercised wholly independent professional judgment, or is entitled to qualified immunity cannot be resolved on the pleadings alone. Those questions depend upon disputed facts and reasonable inferences that must be developed through discovery.

Accordingly, Defendant Broska's arguments concerning qualified immunity and the absence of a physician-patient relationship do not provide a basis for dismissal under Rule 12(b)(6), and her motion should therefore be denied.

## VIII. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Should the Court conclude that any portion of the Amended Complaint lacks sufficient factual specificity or otherwise fails to state a claim upon which relief can be granted, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Plaintiff has proceeded throughout this litigation without the assistance of counsel and has made a good-faith effort to comply with this Court's prior Order by filing an Amended Complaint containing substantially more detailed factual allegations than those contained in the original pleading. Plaintiff respectfully submits that the Amended Complaint adequately states claims under 42 U.S.C. § 1983. However, if the Court determines that any allegation requires additional factual specificity or clarification, those matters can be addressed through amendment rather than dismissal with prejudice.

Defendant Broska argues that any further amendment would be futile because Plaintiff previously amended his Complaint following this Court's initial review. That conclusion is unwarranted. The mere fact that Plaintiff previously exercised one opportunity to amend does not establish that any additional amendment would necessarily be futile. Should the Court identify any pleading deficiency, Plaintiff respectfully requests the opportunity to cure that deficiency rather than suffer dismissal with prejudice.

Moreover, Defendant Broska did not appear in this action until after Plaintiff filed his Amended Complaint. Plaintiff therefore had no opportunity to address the specific legal arguments now advanced by Defendant Broska before they were raised in the present motion. To the extent the Court concludes that additional factual allegations or clarification concerning Defendant Broska's alleged role are required, justice favors permitting amendment rather than terminating Plaintiff's claims without an opportunity to address those issues.

Any amendment would not prejudice Defendant Broska. This action remains at the pleading stage. No scheduling order has been entered, no discovery has commenced, and Defendant Broska has not yet been required to defend the case on the merits. Under these circumstances, permitting amendment, if necessary, would further the interests of justice while causing little or no prejudice.

Plaintiff has diligently pursued this litigation and has attempted in good faith to comply with the Federal Rules of Civil Procedure and this Court's prior directives. Proceeding without counsel, Plaintiff has continuously refined his factual allegations and constitutional claims in an effort to present the relevant facts clearly and accurately. If the Court determines that further clarification regarding Defendant Broska's alleged involvement is necessary, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

Accordingly, if the Court concludes that dismissal of any claim is warranted, Plaintiff respectfully requests that such dismissal be without prejudice and that Plaintiff be granted leave to file a Second Amended Complaint addressing any pleading deficiencies identified by the Court.

**IX. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant Dr. Arlene Broska's Motion to Dismiss be denied in its entirety.

In the alternative, should the Court determine that any claim requires additional factual specificity, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure rather than dismissal with prejudice.

Plaintiff further requests such other and further relief as this Court deems just and proper.

Dated: 7/13/26

Respectfully submitted,

**Paul Agostino**

**PLAINTIFF'S EXHIBIT INDEX**
In Opposition to Defendant Dr. Arlene Broska's Motion to Dismiss

| Exhibit | Description | Purpose |
|---|---|---|
| A | Human Resources Complaint | Protected activity; beginning of chronology. |
| B | September 15, 2022 Human Resources Investigation Determination | Investigation concluded 'inconclusive'; supports chronology. |
| C | October 3, 2022 Return-to-Work / FMLA Correspondence | Shows anticipated return following FMLA leave. |
| D | Treating Provider Return-to-Work Certification (Effective October 21, 2022) | Medical clearance before Dr. Broska's evaluation. |
| E | October 19, 2022 Return-to-Work Email | Supports return-to-work chronology. |
| F | Employer-Directed Psychological Evaluation Notice (Dr. Arlene Broska) | Referral to Dr. Broska after medical clearance. |
| G | January 5, 2023 Corporation Counsel Email | Shows Plaintiff had not yet been placed on Civil Service Law §72 leave. |
| H | February 14, 2023 Civil Service Law §72 Notice | Formal initiation of the §72 process. |

# EXHIBIT A

**Human Resources Complaint**

RECEIVED
AUG 02 2022
HUMAN RESOURCES

# City of Yonkers Human Rights Employment Complaint Form

**1. Your contact information:**

| | |
|---|---|
| First Name: PAUL [illegible] | Middle Initial/Name: SANTO |
| Last Name: AGOSTINO | |
| Street Address/ PO Box: 2848 SPRINGHURST ST | Apt or Floor #: |
| City: YORKTOWN HEIGHTS | State: N.Y. / Zip Code: 10598 |

**2. Regulated Areas:** You believe you were discriminated against in the area of:

- ☐ Employment *(including paid internship)*
- ☐ Labor Organization
- ☐ Apprentice Training
- ☐ Employment Agencies
- ☐ Internship *(unpaid only)*
- ☐ Licensing
- ☐ Volunteer Firefighting *(excludes disability, age, domestic violence victim status, arrest, conviction, genetic history)*

**3. You are filing a complaint against:**

Employer Name

Street Address/ PO Box

City | State | Zip Code

Telephone Number:
(    )    Ext.

In what *county or borough* did the violation take place?

Individual people who discriminated against you:

Name: ______________ Title: ______________

Name: ______________ Title: ______________

If you need more space, please list them on a separate piece of paper.

**4. Date of alleged discrimination** *(must be within one year of filing)*:

The most recent act of discrimination happened on: ____ month ____ day ____ year

**5. For employment and internships, how many employees does this company have?**

☐ 1-3 ☐ 4-14 ☐ 15-19 ☐ 20 or more ☐ Don't know

**6. Are you currently working for this company?**

| | |
|---|---|
| ☐ Yes. Date of hire: ____ month ____ day ____ year | What is your position? |
| ☐ No. Last day of work: ____ month ____ day ____ year | What was your position? |
| ☐ I was never hired. Date of application: ____ month ____ day ____ year | What position did you apply for? |

**5. Did you report or complain about the discrimination to someone else?** ☑ Yes ☐ No

**If yes, how exactly did you complain about the discrimination?** *(To whom did you complain?)*

I REPORTED THIS SITUATION TO CARLOS MORAN OF HUMAN RESOURCES

**Date you reported or complained about discrimination:** 7 (month) 25 (day) 22 (year)

**What happened after you complained?**

I HAVE STAYED HOME FROM WORK TO AVOID ANY UNNECESSARY CONFLICT WITH OTHER EMPLOYEES.

**If you did not report the discrimination, please explain why:**

**6. Were other people treated the same as you? How?**

*(For example, people who were harassed by the same manager, disciplined or terminated for the same reasons, did not receive an accommodation for the same reasons, etc.).*

*If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

**7. Were other people treated better than you? How?**

*(For example, people who were not fired for doing the same thing you were fired for, people who were doing the same job but making more money, etc.).*

*If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

**9. Description of alleged discrimination**

***Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.***

ON JULY 20, AT ABOUT 12:30 PM I GOT A PHONE CALL FROM NICK NOLAN TELLING ME THAT THERE IS POLICE SURVEILLANCE OF ME GIVING ANOTHER CITY WORKER A BLOW JOB IN A CITY TRUCK, HE SAID THIS WAS ON VIDEO AND IT WAS ME, I LAUGHED AND TOLD HIM TO CUT THE BULLSHIT, BUT HE INSISTED THE ENTIRE CITY KNOWS ABOUT THIS AND IT WAS ME. I THEN GOT A CALL FROM BILLY FITZPATRICK WHO IS FRIENDS WITH NICK AND JOE NOLAN. BILLY TOLD ME THAT HE HEARD I WAS CAUGHT GIVING A CRACKHEAD A BLOW JOB IN BACK OF SANITATION. HE ALSO WAS TELLING ME A LOT OF PEOPLE KNEW. BILLY TOLD ME THE OTHER CITY WORKER WAS PETER TIMLIN, I THINK THAT IS HIS NAME. I THEN SPOKE TO GIO SINDONNA, THE UNION CHIEF, HE TOLD ME HE HEARD A COP HAD ON BODYCAM, ME ON MY KNEES GIVING A COP A BLOW JOB IN A PRECINCT BATHROOM. NICK NOLAN SAID MIKE GRDOWSKIS CALLED HIS MOTHER AND ASKED HER ABOUT ME AND THIS ACCUSATION. NICK'S MOTHER THEN ASKED HIM ABOUT THIS. NICK NOLAN SAYS MIKES BROTHER FRANK GRDOWSKIS TOLD ~~HIM~~ MIKE ABOUT THIS. EVERY RUMOR THAT HAS BEEN SAID IN THIS WORKPLACE IS A LIE AND I DO NOT DESERVE THIS, MY FAMILY DOESN'T DESERVE THIS, THAN WORKING MAN, ONCE AGAIN DOESN'T DESERVE THIS.

JOE NOLAN WORKS DPW

NICK NOLAN WORKS DPW

BILLY FITZPATRICK WORKS DPW

FRANK GRDOWSKIS WORKS DPW

GIO SINDONNA IS THE DPW CHIEF SHOP STEWART FOR 456

ROBERT STANLEY DPW - I AM GETTING CALLS FROM COPS THAT ROBERT IS SAYING I AM ON ADMINISTRATIVE LEAVE AND THERE IS A TAPE OF THIS RUMOR, ROBERT HAS ALSO BEEN SPREADING THIS RUMOR TO OTHER CITY WORKERS.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.* ***DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.***

## Additional Information

*This page is for the Division's records and* ***will remain confidential and will not be sent to the company or person(s) whom you are filing against.***

**1. Contact Information**

| My primary telephone number: ( ) - | My secondary telephone number: ( ) - |
|---|---|
| My email address: | Date of birth: |

Contact person: (*Someone who does not live with you but will know how to contact you if the Division cannot reach you*)

Name: ______________________________

Telephone number: ( ) _____ - _____

Address: ______________________________

Email address: ______________________________

Relationship to me: ______________________________

**2. Special Needs**

I am in need of:

- ☐ Interpretation (if so what language?): ______________________________
- ☑ Accommodations for a disability: COUNCIL FROM A PSYCHIATRIST
- ☐ Privacy. Keep my contact information confidential as I am a victim of domestic violence
- ☐ Other: ______________________________

**3. Settlement / Conciliation**

To settle this complaint, I would accept: ***(Explain what you want to happen as a result of this complaint. Do you want a letter of apology, your job back, lost wages, an end to the harassment, etc.?)***

I HAVE BEEN ABUSED AND HARRASSED FOR MANY YEARS EMPLOYED BY THE CITY OF YONKERS, I NEED HELP RIGHT NOW TO DEAL WITH SUCH UN NEEDED NONSENSE THAT COULD HAVE BEEN PREVENTED YEARS AGO, I ASK THAT I AM GIVEN ALL THE TIME I NEED TO FIGURE OUT HOW I CAN NOW DEAL WITH IT THIS SITUATI[ON]

**4. Witnesses *(information about witnesses may be shared with the parties as necessary for the investigation)***

The following people saw or heard the discrimination and can act as witnesses:

Name: JOE ~~[illegible]~~ Fiorilli          Title: ______________________________

Telephone Number: (914) 308 - 9965          Relationship to me: BROTHER IN LAW

What did this person witness?

PEOPLE IN THE WORK PLACE TALKING ABOUT THESE INCIDENTS THAT DID NOT HAPPEN.

Name: ______________________________          Title: ______________________________

Telephone Number: ( ) _____ - _____          Relationship to me: ______________________________

What did this person witness?

______________________________

______________________________

# EXHIBIT B

**September 15, 2022 Human Resources Investigation Determination**

Mayor Mike Spano

CITY OF YONKERS

Carlos Moran
Commissioner of Human Resources

DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701

Tel. 914.376.8075
Fax 914.376.8589

September 15, 2022

Paul Agostino

Dear Mr. Agostino,

The investigation of your Grievance Complaint has been completed and deemed that the harassment has been found inconclusive. While evidence exists that people were discussing the rumors, no evidence exists to state who attached your name to the gossip. Management has taken steps to shut down talk of the rumors at work.

Please be advised that the Department of Human Resources considers this matter closed.

Sincerely,

**Tracey Kuzemczak**
Assistant to Commissioner of Human Resources

# EXHIBIT C

**October 3, 2022 Return-to-Work / FMLA Correspondence**

Mayor Mike Spano
CITY OF YONKERS

Carlos Moran
Commissioner of Human Resources

DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701

Tel. 914.377.6180
carlos.moran@yonkersny.gov

October 3, 2022

Paul Agostino
2848 Sprinhurst Street
Yorktown Heights, NY 10595

VIA USPS regular & certified

Re: FMLA Return to work reminder

Dear Paul.

This is to advise you that your 12 week Family Medical Leave will expire on October 20, 2022. It is anticipated that you should be returning to work on October 21, 2022. In order for you to be able to do so, please have your medical care professional fill out the enclosed Fitness for Duty Certification. Should you require additional time away from work, your healthcare provider MUST indicate it on this form.

Sign and date the form. You may fax the completed document to me at 914 376-8106, email at Tracey.Kuzemczak@YonkersNY.gov or mail to arrive by October 14, 2022. Be sure to keep a copy for your records.

If you have any questions, please do not hesitate to call me at 914-377-6045.

Sincerely,

Tracey Kuzemczak

Tracey Kuzemczak
Assistant to Commissioner of Human Resources

cc: Payroll Clerk

# EXHIBIT D

**Treating Provider Return-to-Work Certification (Effective October 21, 2022)**

[illegible] Fitness for Duty Certification [illegible] FMLA.

Please have your health care provider complete this form and return it to Human Resources by [illegible]

☐ Attached are the essential functions of the employee's position.

**SECTION A: TO BE COMPLETED BY EMPLOYEE**

I give permission to my health care provider to supply Human Resources with the requested data for the purpose of determining whether I am fit to return to work after my FMLA leave. In addition, I authorize my health care provider to provide to Human Resources data regarding my illness/return to work for the purposes of clarifying or authenticating information previously provided, or to provide missing information. I understand that the data I provide will be accessed by authorized personnel whose jobs reasonably require access such as FMLA/leave coordinators or claims management specialists.

Employee Name: PAUL AGOSTINO Employee ID: ______

Employee Signature: [signature] Date: ______

**SECTION B: TO BE COMPLETED BY HEALTH CARE PROVIDER**

The employee is required to provide a complete and sufficient Fitness for Duty Certification, completed by his or her health care provider, prior to returning to work from FMLA leave.

This certification is being sought only with regard to the particular health condition that caused the employee's need for FMLA leave.

If a list of the essential functions of the employee's position is included with this form, please consider these essential functions as you review the employee's fitness for duty.

Date of medical examination: 10/12/22

☒ I certify that, with regard to the particular health condition that caused the employee's need for FMLA leave, the employee is fit for duty and able to resume work.

☒ Full/unrestricted duty, effective: 10/24/22 ☐ Modified duty, effective: ______

If modified duty, please describe restrictions, as well as duration of restrictions.

______

or

☐ The Employee is not released to return to work until ______ (date)

I hereby certify that I have examined the employee named above, and declare that the statements made in this Fitness for Duty Certification are true and correct.

Provider name: Denise Foulkes LCSW-R Phone number: 914-352-6116

Provider signature: Denise Foulkes, MD Date: 10/12/22

Address: 3505 Hill Blvd Suite K Yorktown Heights, NY 10598

**GENETIC INFORMATION NONDISCRIMINATION ACT OF 2008 DISCLOSURE**

The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title [illegible] from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for information. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

**Ms. Denise D. Foulkes**

[illegible]

# EXHIBIT E

**October 19, 2022 Return-to-Work Email**

Fw: Return to work

----- Forwarded Message -----
**From:** Tracey Kuzemczak <tracey.kuzemczak@yonkersny.gov>
**To:** 'pa7546@yahoo.com' <pa7546@yahoo.com>
**Sent:** Wednesday, October 19, 2022 at 10:09:05 AM EDT
**Subject:** Return to work

Morning Paul,

Will you be returning Friday, 10/21 or Monday 10/24? Please advise.

Thank you,

**Tracey Kuzemczak**

Assistant to Commissioner of Human Resources

City of Yonkers | 1 Larkin Center | Yonkers, NY 10701

office: 914.377.6045 | fax 914.376.8106 | internal ext. 8876

email: Tracey.Kuzemczak@YonkersNY.gov

# EXHIBIT F

**Employer-Directed Psychological Evaluation Notice (Dr. Arlene Broska)**

Mayor Mike Spano

CITY OF YONKERS

Carlos Moran
Commissioner of Human Resources

DEPARTMENT OF HUMAN RESOURCES
One Larkin Center
Second Floor
Yonkers, NY 10701

Tel. 914.377.6180
carlos.moran@yonkersny.gov

October 27, 2022

Paul Agostino
2848 Springhurst Street
Yorktown Heights, NY 10598

VIA REGULAR AND CERTIFIED MAIL

***Re: Independent Medical Examination***

Dear Paul,

The City of Yonkers has contracted with **Industrial Medicine Associates, P.C.** to conduct fitness for duty exams. We have scheduled a medical exam for you to be administered on **November 11, 2022**, at **9:00am.** Their address is **280 North Central Ave., Suite 115, Hartsdale, NY, 10530.** The office has been given a copy of your job description for reference.

Please let us know as soon as possible if you are unable to make the appointment in order to reschedule.

Sincerely,

Tracey Kuzemczak

**Tracey Kuzemczak**
Assistant to Commissioner of Human Resources

cc: Thomas Meier
R. Rabadi

# EXHIBIT G

**January 5, 2023 Corporation Counsel Email**

# FW: Paul Agostino -- Section 72

From: Nicholas Devyatkin (ndevyatkin@teamsterslocal456.com)

To: pa7546@yahoo.com

Date: Friday, January 6, 2023 at 10:38 AM EST

Paul:

See below as an FYI. This is what I was explaining to you: you are not technically on Section 72 leave yet. That might happen as a result of todays' exam, but we will have to see.

**From:** Dusan Lakic <dusan.lakic@yonkersny.gov>
**Sent:** Thursday, January 5, 2023 3:17 PM
**To:** Nicholas Devyatkin <ndevyatkin@teamsterslocal456.com>
**Cc:** Gio Sindona <gio.sindona@YonkersNY.gov>; gio446@icloud.com
**Subject:** Paul Agostino -- Section 72

Hi Nick –

I would like to talk to you by phone if you have some time later today or tomorrow. It is concerning Paul Agostino and in particular the attached letter he sent objecting to Section 72 leave and requesting postponement of tomorrow's examination. I just wanted to make a few things clear:

1. The City has not placed P. Agostino on Section 72 leave. The City is sending him for an exam for that purpose as per paragraph 1 of NYS Civil Service Law Section 72. Therefore, his letter objecting to the "imposition of the proposed leave of absence" is very premature. He may object only if and when the City receives the medical report and formally places him on 72 leave. He cannot object or refuse to attend the exam itself.

2. If he does object to being placed on leave, he is entitled to a hearing and all the statutory rights. Similarly, the City also has its statutory rights which includes the right to send him for an exam.

3. The examination scheduled for tomorrow has not been cancelled/postponed. He should attend.

4. Lastly, I received the screenshot of a HIPAA authorization signed by P. Agostino authorizing IMA to send medical information to Local 456. That's fine and I can forward it to IMA, but the authorization should also include the City as an entity to release any medical reports, etc.

Sincerely,

Dusan Lakic, Esq.
Second Deputy Corporation Counsel
Office of the Corporation Counsel
City of Yonkers
T: 914-377-6230
E: dusan.lakic@yonkersny.gov

PDF Paul Agostino.PDF
1.5MB

PDF New York Consolidated Laws, Civil Service Law - CVS §72 _ NY State Senate.pdf
179.7kB

# EXHIBIT H

**February 14, 2023 Civil Service Law §72 Notice**

Mayor Mike Spano

CITY OF YONKERS

Thomas G. Meier
Commissioner

DEPARTMENT OF PUBLIC WORKS
City Hall
40 South Broadway, Room 311
Yonkers, NY 10701

Tel. 914.377.6270
Fax 914.377.6273
publicworks@yonkersny.gov

**CONFIDENTIAL**

February 14, 2023

**First-Class U.S. Mail, Certified RRR**
Paul Agostino
2848 Springhurst Street
Yorktown Heights, New York 10598

Dear Mr. Agostino:

Pursuant to Section 72(1) of the New York State Civil Service Law, you were examined by Gregory Mack, Ph.D. (Licensed Clinical/Forensic Psychologist) on January 6, 2023. After completion of the psychological examination, the examining professional determined that you are "psychologically unfit to perform the duties as a City of Yonkers Maintenance Mechanic at this time."

The reason(s) for the aforementioned fitness for duty determination are provided in the attached report of fitness for duty evaluation.

Based upon your inability to perform the full duties of your position, and in accordance with the City of Yonkers' statutory authority under Section 72 of the New York State Civil Service Law, you will be placed on an involuntary leave of absence, without pay, effective **February 15, 2023**. However, you are entitled to draw all accumulated, unused sick leave, vacation, overtime and other time allowances standing to your credit.

You have several important statutory rights. You have the right to object to the proposed imposition of the leave of absence within ten (10) working days of your receipt of this notice and to request a hearing either personally or by first class, certified or registered mail, return receipt requested. I have attached a copy of the New York State Civil Service Law Section 72 for your information.

You are entitled to a hearing to be held within thirty (30) days of the date of your request to be held by an independent hearing officer and to receive copies of the hearing record, transcript, and a recommendation at no cost. You are entitled to have counsel or your union representative with you at the hearing and to present medical experts and other witnesses or evidence. The independent hearing officer will make a recommendation to the City of Yonkers, who will then make the final determination. You have a right to appeal the determination of City of Yonkers to the Yonkers Civil Service Commission, or as provided by law.

You may, within one (1) year after the date of commencement of such leave, or at any time before your employment status is terminated, make application to the Yonkers Civil Service Commission for a medical examination for the purposes of certifying that you are physically and/or mentally fit to perform your duties. You or your representative shall be afforded the opportunity to present facts and arguments, including medical evidence, in support of your position. The final determination of the Yonkers Civil Service Commission shall be binding.

If you are certified as being physically and mentally fit to perform the duties of your position, you shall be reinstated to your position. If you are certified as not being physically and mentally fit to perform the duties of your position, or if you are denied reinstatement as noted above, you may seek review of a final determination of the Yonkers Civil Service Commission in accordance with the provisions of article seventy-eight of the civil practice law and rules.

If you are not reinstated within one (1) year or more after the commencement of a leave of absence, your employment may be terminated in accordance with Section 73 of the New York State Civil Service Law and your position filled by a permanent appointment.

Sincerely,

Thomas G. Meier
Commissioner
Department of Public Works

Enclosures

cc: Medical Personnel File