UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL AGOSTINO,<br><br>*Plaintiff(s),*<br><br>– against –<br><br>CITY OF YONKERS, THOMAS G. MEIER, Commissioner of the Department of Public Works, TRACEY KUZEMCZAK, Human Resources Director, DR. GREGORY MACK, Ph.D., and DR. ARLENE BROSKA,<br><br>*Defendant(s).* | Civ. Action No. 7:26-cv-00946<br><br>Assigned Judge<br>Hon. Jessica G. L. Clarke<br><br>Assigned Magistrate<br>Hon. Andrew E. Krause |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DR. ARLENE BROSKA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Dated: July 20, 2026
Albany, New York

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: ________________________________

STEVEN V. DEBRACCIO, ESQ.



340424074v.1

## Table of Contents

**Preliminary Statement**.....1

**Argument**.....1

**Point I: Plaintiff's claims are time-barred by the applicable statutes of limitations.**.....1

**Point II: Plaintiff has failed to plead a claim upon which relief could be granted and leave to amend should be denied as futile.**.....3

**A. Plaintiff has failed to plead a claim for a procedural due process violation**.....3

**B. Plaintiff has failed to plead a claim for relief under the First Amendment**.....4

**Point III: Plaintiff's amended complaint should be dismissed with prejudice as leave to amend would be futile**.....5

**Conclusion**.....5

**Preliminary Statement**

Defendant Dr. Arlene Broska submits this reply memorandum of law in further support of her motion to dismiss plaintiff Paul Agostino's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff fails to properly articulate the arguments made by defendant Broska and fails even in opposition to this motion to cite facts sufficient to plead a claim for relief.

**Argument**

**Point I**

**Plaintiff's claims are time-barred by the applicable statutes of limitations.**

Plaintiff argues in opposition that defendant Broska's motion "improperly asks the Court to resolve disputed factual issues at the pleadings stage." Dkt. 41 at 5. Plaintiff's argument is simply wrong. He argues that "[d]efendant Broska's alleged involvement . . . did not consist of a single isolated act," *id.* at 6, however, plaintiff then states that she "conducted an employer-directed psychological evaluation after Plaintiff had already been medically cleared to return to work, prepared a report for the City's use, and participated in the process through which Plaintiff remained excluded from employment pending the Cit's eventual invocation of Civil Service Law § 72," *id.* In other words, all that plaintiff alleges that defendant Broska did was conduct the examination.

"For § 1983 claims, 'accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Specifically, the Second Circuit has concluded that due process claims relating to termination occur when the plaintiff "knew or had reason know that [ ]he actually would suffer deprivation of th[e] protective property



340424074v.1

interest" or when he was terminated. *See Palkovic v. Johnson*, 150 Fed. App'x 35, 37 (2d Cir. 2005) (citing *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994)). Here, plaintiff knew he was excluded from work on October 21, 2022. Dkt. 41 at 6. The fact that he "remained excluded from employment" does not change that fact.

Plaintiff alleges that the continuous violation doctrine applies from October 21, 2022, until February 14, 2023, when Civil Service Law § 72 proceedings were initiated against him. *Id.* The Second Circuit has explained that the continuing violation doctrine does not apply to "discrete acts" such as "termination." *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015); *see generally National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Here, plaintiff's allegations of some "ongoing pattern" again amount to being not permitted to return to employment on October 21, 2022. Dkt. 41 at 6. Plaintiff claims in opposition that "he repeatedly sought permission to return to work after receiving medical clearance," *id.*, but again, on October 21, 2022, plaintiff knew and had reason to know of his injury (not being permitted to return to work). As such, because plaintiff did not commence this action until initial complaint until February 2, 2026, *see* Dkt. 1, and plaintiff had three years to commence this action from the accrual of his causes of action, they expired on October 21, 2025.

Even in opposition, plaintiff's exhibits actually support defendant Broska's claim. Plaintiff alleged that he was directed to appear before defendant Broska on November 11, 2022, *see* Dkt. 41 at 31, also well past the three-year statute of limitations. As such, all of plaintiff's claims are time-barred.

**<u>Point II</u>**

**Plaintiff has failed to plead a claim upon which relief could be granted and leave to amend should be denied as futile.**

**A. Plaintiff has failed to plead a claim for a procedural due process violation.**

Even considering plaintiff's opposition, he still failed to plead a cause of action for violation of procedural due process. At best, plaintiff alleges that defendant Broska "fail[ed] to accurately reflect the circumstances Plaintiff described during the examination" and that she "failed to obtain readily available collateral information from Plaintiff's treating providers before forming her opinions." Dkt. 41 at 3. At most, plaintiff is alleging that the report is *misleading* and lacked other collateral informatoin, as notably, plaintiff does not actually state that there was any *false* statements made in the report.

The Second Circuit has made clear that even an error of evidentiary law was not sufficient alone to rise to constitutional dimensions. *See Vega v. Portuondo*, 120 Fed. App'x 380, 382–83 (2d Cir. 2005); *Tsirelman v. Daines*, 19 F. Supp. 3d 438 (E.D.N.Y. 2024). That defendant Broska could have allegedly sought out more information does not violate procedural due process. In fact, "[t]he absence of specific evidentiary rules" does not violate due process. *Tsirelman*, 19 F. Supp. 3d at 452; *see Balbuena v. Mattingly*, No. 05-cv-2986, 2007 U.S. Dist. LEXIS 72517, 2007 WL 2845021, at *8 (S.D.N.Y. Sept. 28, 2007) ("[T]here is no constitutional requirement that specific rules of evidence must apply in order for an administrative hearing to comport with due process."). Simply put, plaintiff cannot plead a procedural due process claim because he thought the report was erroneous or that other sources of information should have been considered.[1]

[1] Plaintiff repeatedly asserts that defendant Broska argued that she was exercising independent professional judgment in reaching her conclusion. *See, e.g.*, Dkt. 41 at 13. Plaintiff does not cite to any portion of defendant Broska's moving papers for support. Plaintiff misunderstands defendant Brroska's argument. Plaintiff cannot lump all the defendants together by alleging with

Additionally, as to plaintiff's purported property interest in his employment. *See* Dkt. 13. All plaintiff stated was that he was a "civil service employee" and that he had a "protected property interest in his public employment." *Id.* ¶¶ 11, 50. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not plead a plausible cause of action that would survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Again, plaintiff's claim is not based upon his termination from employment—he specifically alleges that. Dkt. 1 ¶¶ 47–48. He has failed to allege facts plausibly pleading that he had a constitutionally vested interest in not being assessed for mental fitness at his job. As such, this claim fails to plead a claim.

**B. Plaintiff has failed to plead a claim for relief under the First Amendment.**

A plaintiff alleging a First Amendment retaliation claim must show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (citing *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). Once again, plaintiff still fails to allege how or if defendant Brosky knew of the alleged protected activity or identify what adverse employment action she caused much less draw a causal connection between the protected activity and the action. Dkt. 41 at 9–10. In the context of the First Amendment retaliation claim, "[p]ersonal involvement can be shown when a supervisor either personally directs the retaliatory action or has actual knowledge of, and acquiesces in, the retaliation." *Beechwood Restorative Care Ctr. v. Leeds*, 811 F. Supp. 2d 667, 687 (W.D.N.Y. 2011) (quoting *Queer v. Westmoreland Cnty.*, 296 Fed. Appp'x 290, 295 (3d Cir.

only conclusory statements that they were all involved in preventing him from returning to work. Her "independent professional judgment" is of no moment on this motion.

2008)). Stated another way, plaintiff must have alleged facts showing that defendant Broska was "one how has knowledge of the facts that *rendered the conduct illegal*." *Id.* (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)). Plaintiff has completely failed to allege such personal involvement. As such, this claim should be dismissed.

## Point III

### Plaintiff's amended complaint should be dismissed with prejudice as leave to amend would be futile.

Finally, plaintiff requests once again leave to amend his complaint if it fails to plead a cause of action. *See* Dkt. 41 at 14. Plaintiff has now had two opportunities to plead a claim for relief. Plaintiff argues that he has proceeded diligently in this litigation and this is defendant Broska's first motion to dismiss. *See id.* at 14–15. However, plaintiff has already had this Court review his complaint for sufficiency (it failed) and now this motion. Furthermore, plaintiff's argument regarding prejudice to defendant Broska is irrelevant. "[L]eave to amend is not required where it would be futile" and that the defects in the complaint could not be cured with an amendment. *Dimitrov v. United States*, No. 23 Civ. 6451, 2023 U.S. Dist. LEXIS 141895, at *8–9 (S.D.N.Y. Aug. 14, 2023) (citing *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011)). It *is* prejudicial to subject defendant Broska to repeated time-barred claims. As such, plaintiff's amended complaint should be dismissed with prejudice without leave to amend.

## Conclusion

Plaintiff's amended complaint should be dismissed with prejudice as to defendant Broska without leave to amend. For the reasons discussed above, all of plaintiff's claims are time-barred by the statute of limitations. Moreover, plaintiff has failed to plead a claim for relief. Finally, in light of the fact that plaintiff's allegations are time-barred, it would be futile to permit amendment. As such, plaintiff's complaint should be dismissed with prejudice without leave to amend.

**PRINTING SPECIFICATIONS STATEMENT**

Pursuant to Local Rule 7.1(c), the foregoing reply memorandum of law was prepared on a computer. A proportionally spaced typeface was used, as follows:

| | |
|---|---|
| Name of Typeface: | Times New Roman |
| Point Size: | 12 |
| Line Spacing: | Double |

The total number of words in this reply memorandum of law, inclusive of point headings, footnotes, and endnotes, and exclusive of the caption, table of contents, table of authorities, and signature block, and any required certificates, is 1,584 words, which is in conformity with the 3,500-word limit.

Dated: July 20, 2026
Albany, New York

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP



Steven V. DeBraccio, Esq.
*Attorneys for Defendant Dr. Arlene Broska*
200 Great Oaks Blvd., Suite 228
Albany, New York 12203
Telephone: (518) 449-8893
steven.debraccio@wilsonelser.com