CHUBB-5010
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X Case No.:26-CV-0946 (JGLC)
PAUL AGOSTINO,

Plaintiff,
-against-

CITY OF YONKERS, THOMAS G. MEIER, TRACEY KUZEMCZAK, GREGORY MACK, ARLENE BROSKA,

Defendants.
------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT GREGORY MACK's MOTION TO DISMISS PLAINTIFF's AMENDED COMPLAINT

AMABILE & ERMAN, P.C.
BRIAN M. LINARES-PONCE
Attorneys for Defendant
**GREGORY MACK**
1000 South Avenue, 2nd Fl.
Staten Island, NY 10314
(718) 370-7030

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... 3, 4

I. PRELIMINARY STATEMENT .......... 5

II. REPLY ARGUMENT .......... 6

A. PLAINTIFF'S CLAIMS AGAINST DR. MACK ARE TIME-BARRED .......... 7

B. PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM AGAINST DR. MACK .......... 9

a. Plaintiff Does Not Plausibly Plead State Action by Dr. Mack .......... 9

b. Plaintiff Does Not Plausibly Plead Deprivation of a Cognizable Property Interest by Dr. Mack .......... 13

c. Disputes About the Content of Recordings or the Weight of Dr. Mack's Opinions are Immaterial at the Pleadings Stage .......... 14

C. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DR. MACK .......... 16

D. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED .......... 17

E. CONCLUSION .......... 18

## TABLE OF AUTHORITIES

### CASES

Anilao v. Spota, 774 F.Supp.2d 457, 498 (E.D.N.Y. 2011) ........ 12

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........ 7, 11

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........ 7, 11

Brentwood Academy v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288 (2001) ........ 9

Bryant v. Steele, 462 F. Supp. 3d 249 (E.D.N.Y. 2020) ........ 9

Dennis v. Sparks, 449 U.S. 24, 27 (1980) ........ 12

Doe v. Rosenberg, 996 F. Supp. 343 (S.D.N.Y. 1998) ........ 9

Emanuel v. Griffin, 2013 U.S. Dist. LEXIS 142723 (S.D.N.Y. Oct. 2, 2013) ........ 10

Gorman v. Rensselaer Cnty., 98 F. Supp. 3d 498, 505 (N.D.N.Y. 2015) ........ 10, 12

Grogan v. Blooming Grove Volunteer Ambulance Corps, 768 F.3d 259 (2nd Cir. 2014) ........ 11

Hunt v. Alliance North Am. Gov't Income Trust, Inc ........ 18

Koltz v. Bezmen, 822 F. Supp. 114, 116-18 (E.D.N.Y. 1993) ........ 10

Lynch v. Southampton Animal Shelter Found. Inc., 971 F. Supp. 2d 340 (E.D.N.Y. 2013) ........ 12, 13

National Railroad Passenger Corp v. Morgan, 536 U.S. 101 (2002) ........ 9

San Filippo v. U.S. Trust Co. of NY, 737 F.2d 246, 252, 256 (2nd Cir. 1984) ........ 10

Scotto v. Almenas, 143 F.3d 105, 114 (2nd Cir. 1998) ........ 10

Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72 (2nd Cir. 2015) ........ 9

**STATUTES**

42 U.S.C. § 1983 .......... *passim*
FRCP 12(b)(6) .......... *passim*
FRCP 15(a) .......... 17, 18

**PRELIMINARY STATEMENT**

Defendant, Gregory Mack (hereinafter referred to as "Dr. Mack"), submits this Reply Memorandum of Law in further support of his motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all causes of action alleged in the Amended Complaint filed on March 11, 2026, by Paul Agostino (hereinafter referred to as "plaintiff"), for failure to state a claim upon which relief can be granted. Plaintiff fails to properly articulate the arguments advanced by Dr. Mack and fails even in opposition to this motion to cite facts sufficient to plead a claim for relief.

Plaintiff's opposition does not cure the fundamental pleading defects identified in Dr. Mack's motion. The Amended Complaint is untimely as to Dr. Mack, fails to plausibly allege that Dr. Mack acted under color of state law, fails to state a procedural due process claim or a First Amendment retaliation claim against Dr. Mack, and confirms there was no physician-patient relationship.

Plaintiff's opposition largely ignores the governing Rule 12(b)(6) standard and instead attempts to litigate the merits of Dr. Mack's evaluations. Yet plaintiff concedes that the Court's role at this stage is only to determine whether the Amended Complaint plausibly states claims upon which relief may be granted. Measured against that standard, plaintiff has not met his burden of pleading facts sufficient to establish state action, personal involvement, or any constitutional deprivation attributable to Dr.

Mack.

Accordingly, it is respectfully requested that this Court grant the underlying motion in its entirety and dismiss all claims against Dr. Mack with prejudice.

**REPLY ARGUMENT**

At the outset, in the interests of judicial economy and to avoid inundating the Court with duplicative briefing, defendant Gregory Mack hereby joins and adopts the relevant arguments set forth in co-defendants' respective reply briefs. (ECF Docket Nos. 40 & 44).

Section 1983 claims against privately retained independent medical examiners are routinely dismissed under Rule 12(b)(6) on the ground that such examiners are not state actors. As will be set forth below, Courts have consistently held that a private physician or psychologist who conducts a fitness for duty evaluation or independent medical examination ("IME") pursuant to a contract with a municipality does not act under color of state law, because (1) conducting medical evaluations is not a function traditionally and exclusively performed by the state; (2) a contractual or referral relationship with a government entity, standing alone, does not create a sufficiently close nexus or joint action; and (3) the government's mere authorization or use of a private examiner's independent professional judgment does not

constitute coercive state compulsion. Conclusory conspiracy allegations are insufficient to overcome these deficiencies under Iqbal and Twombly. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Separately, New York law establishes that no physician-patient relationship arises from an IME conducted for the benefit of a third party, and government retained examiner's enjoy immunity from § 1983 liability. Finally, § 1983 claims in New York are subject to a three-year statute of limitations that accrues when the plaintiff knew or had reason to know of the injury.

Finally, in opposition, plaintiff improperly attached documents that were not submitted or attached to the Amended Complaint. Such documents should be disregarded by this Court.

## I. PLAINTIFF'S CLAIMS AGAINST DR. MACK ARE TIME-BARRED

Plaintiff disputes that his Amended Complaint is time-barred. Those arguments are not supported by the allegations set forth in the Amended Complaint where plaintiff explicitly alleges that the exclusion from work began on October 21, 2022. See, Amended Complaint ECF Docket No. 13, ¶ 49, "exclusion of plaintiff from work between October 21, 2022 and February 14, 2023"; ECF Docket No. 13, ¶ 52, "Beginning October 21, 2022, defendants prevented plaintiff from returning to work".

Plaintiff filed his Complaint on February 2, 2026, and his Amended Complaint on March 11, 2026. As explained in the underlying

motion papers, claims under 42 U.S.C. § 1983 are governed by a three-year statute of limitations in New York, accruing when the plaintiff knows or has reason to know of the injury. Here, plaintiff's filings came after January 6, 2026, at the latest, when Dr. Mack performed his psychological evaluation on January 6, 2023. By plaintiff's own chronology, he was already excluded from work prior to Dr. Mack's evaluation, and Dr. Mack's assessment did not change plaintiff's employment status. Plaintiff knew he was excluded from work on October 21, 2022. See, plaintiff's Memorandum in Opposition, ECF Docket. No 42, pg. 5. The fact that he "remained excluded from employment" does not change that fact.

Plaintiff's allegations regarding the continuous violation doctrine are contradictory and misguided. Plaintiff's argument that his allegations are premised upon a continuing sequence of governmental actions is contradicted by the factual allegations in his Amended Complaint. For example, plaintiff now argues that he "remained excluded from work while defendants continued requiring employer-directed psychological evaluations before formally initiating proceedings under New York Civil Service Law § 72." See Plaintiff's Memorandum in Opposition, ECF Docket. No 42, pg. 5. However, in the Amended Complaint, plaintiff alleged that the constitutional violation was his exclusion from work and that an Article 78 proceeding had "addressed later employment actions but did not remedy plaintiff's earlier exclusion from work." See,

Amended Complaint ECF Docket No. 13, ¶¶ 47-48. Additionally, the Second Circuit has explained that the continuing violation doctrine does not apply to "discrete acts" such as "termination." See, Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 79 (2nd Cir. 2015); National Railroad Passenger Corp v. Morgan, 536 U.S. 101, 114 (2002).

Accordingly, plaintiff's claims are time barred and dismissal is warranted on the face of the pleadings.

## II. PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM AGAINST DR. MACK

### A. Plaintiff Does Not Plausibly Plead State Action by Dr. Mack.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law. The Supreme Court has established that the color of law requirement is co-extensive with the Fourteenth Amendment's state action requirement. See, Brentwood Academy v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288 (2001). Courts in the Second Circuit apply three principal tests to determine whether a private party's conduct constitutes state action: (1) the public function test, (2) the close nexus or joint action test, and (3) the state compulsion test. Bryant v. Steele, 462 F. Supp. 3d 249 (E.D.N.Y. 2020); Doe v. Rosenberg, 996 F. Supp. 343 (S.D.N.Y. 1998). Mere cooperation with a state official or investigatory agency is

insufficient to establish state action. See, Scotto v. Almenas, 143 F.3d 105, 114 (2nd Cir. 1998); San Filippo v. U.S. Trust Co. of NY, 737 F.2d 246, 252, 256 (2nd Cir. 1984). Under each test, however, plaintiff has failed to state a claim that Dr. Mack's actions were state action for purposes of Section 1983.

"The mere fact that a private actor is paid by state funds, or is hired by a state actor, is insufficient to establish state action. Gorman v. Rensselaer Cnty., 98 F. Supp. 3d 498, 505 (N.D.N.Y. 2015), *quoting* Emanuel v. Griffin, 2013 U.S. Dist. LEXIS 142723 (S.D.N.Y. Oct. 2, 2013); see also, Koltz v. Bezmen, 822 F. Supp. 114, 116-18 (E.D.N.Y. 1993)(finding no state action where a social worker had been requested by the Department of Social Services to conduct tests to determine whether children had been sexually abused).

Plaintiff's opposition frames Dr. Mack's involvement as having "participated in a governmental process," yet pleads no facts meeting any accepted state action test. The underlying motion papers set forth the governing Section 1983 state action standards and authorities and explained that private medical professionals retained to perform independent evaluations are not state actors by virtue of their retention or compensation by a municipality.

Plaintiff conflates Dr. Mack's examinations with "acting pursuant to authority delegated by the City of Yonkers." See, Docket No. 42, *passim*. Dr. Mack did not participate in the

governmental decision-making process. Rather, he conducted independent psychological evaluations and rendered professional opinions. Plaintiff identifies no facts demonstrating that Dr. Mack exercised governmental authority or made employment decisions. Plaintiff alleges only that Dr. Mack was retained to conduct an IME and prepared a report thereafter. Again, plaintiff provides no facts showing coercion, joint action, or delegation of traditionally exclusive public functions to Dr. Mack. Furthermore, plaintiff's Amended Complaint asserts in conclusory fashion that Dr. Mack "acted pursuant to authority delegated by the City," but pleads no facts showing a sufficiently close nexus, state compulsion, or public function. Such bald assertions are insufficient under Twombly, supra, and Iqbal, supra. Plaintiff provides no evidentiary support, aside from conclusory assertions, for the proposition that Dr. Mack's opinions were dictated by City officials or based upon information supplied by municipal actors. Such allegations are entirely speculative and insufficient under Twombly, supra, and Iqbal, supra.

Under the public function test, state action may be found only when a private entity exercises powers that are traditionally the exclusive prerogative of the state. Grogan v. Blooming Grove Volunteer Ambulance Corps, 768 F.3d 259 (2nd Cir. 2014). There are no facts alleged to indicate that Dr. Mack exercised powers that are traditionally the exclusive prerogative of the state.

The close nexus or joint action test requires a plaintiff to demonstrate a sufficiently close nexus between the state and the challenged action of the private entity so that the action of the latter may be fairly treated as that of the state itself. Lynch v. Southampton Animal Shelter Found. Inc., 971 F. Supp. 2d 340 (E.D.N.Y. 2013). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F.Supp.2d 457, 498 (E.D.N.Y. 2011), *quoting* Dennis v. Sparks, 449 U.S. 24, 27 (1980). In Gorman v. Rensselaer Cnty., 98 F. Supp. 3d 498 (N.D.N.Y. 2015), the Court dismissed § 1983 claims against a private psychological evaluation company contracted by a sheriff's department, holding that the company's only connection to the county defendants was that it was hired by the sheriff to perform a psychiatric evaluation, and that this allegation did not plausibly suggest the existence of a conspiracy or joint action. Mere communications between a private and a state actor, as here, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party, such as Dr. Mack, a state actor.

Under the state compulsion test, a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement,

either overt or covert, that the choice must in law be deemed to be that of the state. Lynch, supra. In the IME context, courts have uniformly rejected state compulsion arguments. Here, there is no indication that the state exercised coercive power over Dr. Mack's professional decision-making.

Moreover, plaintiff fails to assert sufficient facts showing how Dr. Mack personally participated in any constitutional deprivation under color of state law. The Amended Complaint alleges only that Dr. Mack conducted evaluations and rendered opinions. It does not plausibly allege that Dr. Mack deprived plaintiff of any constitutional right, made employment decisions, directed governmental action, or was coerced in any manner.

B. Plaintiff Does Not Plausibly Plead Deprivation of a Cognizable Property Interest by Dr. Mack.

Plaintiff alleges he has a property interest in continued public employment but identifies no independent source of entitlement and, critically, attributes no deprivation of that right to Dr. Mack. The underlying motion papers explained at length that a procedural due process claim requires a protected interest and deprivation without due process, and that plaintiff sufficiently pleaded neither element against Dr. Mack.

Nothing in plaintiff's Amended Complaint plausibly alleges that Dr. Mack deprived plaintiff of any property interest in his employment or dictated the decision-making process. Plaintiff's

allegations regarding his exclusion from work for nearly four months do not establish liability against Dr. Mack. By plaintiff's own allegations, he had already been excluded from work before Dr. Mack conducted either evaluation.

Accordingly, plaintiff has failed to plausibly state a claim for deprivation of a property interest in his employment against Dr. Mack.

C. Disputes About the Content of Recordings or the Weight of Dr. Mack's Opinions are Immaterial at the Pleadings Stage.

Plaintiff's emphasis on purported audio recordings or "sworn testimony" does not salvage his claims because the deficiency is legal, not evidentiary. Moreover, plaintiff has not plausibly stated state action or a deprivation by Dr. Mack. Plaintiff's opposition asserts that recordings of Dr. Mack's examinations exist and that he disputes portions of written reports, but such disputes go to weight and credibility and do not cure the absence of plausible state action or personal deprivation attributable to Dr. Mack. Rule 12(b)(6) requires plausible factual allegations of each element, which are lacking here. Plaintiff's allegations that Dr. Mack did not rely upon firsthand testimony or reached incorrect conclusions sound in negligence or medical malpractice. Yet plaintiff repeatedly disclaims any negligence or medical malpractice claim. Those allegations therefore fail to establish

a constitutional violation under Section 1983. Plaintiff cites no authority holding otherwise.

Dr. Mack is not asking the Court to accept the veracity of his medical or psychological opinions. Likewise, Dr. Mack does not ask the Court to adopt his characterization of the evaluations. Rather, the issue before the Court is whether plaintiff has plausibly alleged a claim against him. Accordingly, it is respectfully requested that the Court disregard those portions of plaintiff's arguments are red herrings.

## III. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DR. MACK

Plaintiff's retaliation claim fails for the same reasons noted above—no state action and no adverse action by Dr. Mack. The underlying motion papers set out that a First Amendment retaliation claim requires protected speech, an adverse action, and causation, and further explained that plaintiff pleads no facts that Dr. Mack, a private psychologist, took any adverse employment action or acted under color of state law.

Plaintiff's opposition reiterates that Dr. Mack performed an employer-directed evaluation after plaintiff's internal complaint. However, such facts are insufficient to show that Dr. Mack retaliated or caused an adverse action. Plaintiff further alleges he reported misconduct to the Human Resources Department of his

employer, City of Yonkers, after which he was directed to take leave under FMLA, and later underwent two evaluations, including one by Dr. Mack, all of which resulted in his being placed on involuntary leave on February 14, 2023. However, none of these allegations plausibly identify retaliatory action by Dr. Mack. Indeed, plaintiff's opposition concedes that he had already been excluded from work before Dr. Mack conducted an IME. Nothing changed with respect to plaintiff's work status at the time of Dr. Mack's evaluations, defeating any inference that Dr. Mack caused an adverse employment action.

Temporal sequence alone is insufficient, particularly where plaintiff concedes the exclusion began before Dr. Mack's involvement. The underlying motion papers further cited authority that vague allegations of on the job "misconduct" complaints do not necessarily constitute protected citizen speech absent factual context, which the Amended Complaint lacks as to Dr. Mack. Accordingly, it is respectfully submitted that plaintiff has not plausibly stated a First Amendment retaliation claim against Dr. Mack.

## IV. NO PHYSICIAN-PATIENT RELATIONSHIP AND INDEPENDENT IMMUNITY GROUNDS

Plaintiff's opposition confirms he does not assert malpractice, but the absence of a physician-patient relationship

remains relevant to underscore Dr. Mack's limited IME role and further defeats any attempt to impose duties sounding in treatment-based obligations. The underlying motion established that an IME physician examining on behalf of an employer does not form a physician-patient relationship, and that individuals retained by government to perform discrete tasks are protected by immunity principles recognized by the Supreme Court. These independent grounds reinforce dismissal. Plaintiff's theory in opposition would effectively expose every independent medical examiner to litigation whenever an examinee disagrees with an evaluation. Such a result is inconsistent with the immunity protections repeatedly recognized for IME professionals and would undermine the purpose of independent evaluations. Notably, plaintiff cites no authority supporting the proposition that alleged flaws in an IME examiner's methodology transform a private evaluator into a state actor or otherwise create liability under Section 1983.

## V. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Dr. Mack opposes plaintiff's request for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). The Court dismissed, *sua sponte*, plaintiff's initial Complaint filed on February 2, 2026, without prejudice and granted leave to amend. See, ECF Docket No. 12. Plaintiff then filed an Amended Complaint on March 11, 2026. See, ECF Docket No. 13. Plaintiff has not established that the

granting of additional leave to amend his Complaint would state valid claims and not be futile especially because plaintiff's claims are time-barred. See, Hunt v. Alliance North Am. Gov't Income Trust, Inc., 159 F.3d 723 (2nd Cir. 1998)(noting that "although Fed. R. Civ. P. 15(a) provides that the District Court should freely grant leave to amend when justice so requires, it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile.").

## CONCLUSION

For the foregoing reasons and those set forth in Dr. Mack's underlying motion papers, the Court should grant Dr. Mack's motion and dismiss all claims against him with prejudice.

Dr. Mack moved under Fed. R. Civ. P. 12(b)(6) to dismiss on statute of limitations grounds, failure to state due process and First Amendment claims, absence of state action, absence of a physician-patient relationship, entitlement to immunity, and requested such further relief as the Court deems just and proper.

**WHEREFORE**, it is respectfully requested that this pre-Answer motion to dismiss be granted in its entirety.

Dated: Staten Island, New York
July 28, 2026

Yours, etc.

AMABILE & ERMAN, P.C.

By: *Brian M. Linares-Ponce*
BRIAN M. LINARES-PONCE

Attorneys for Defendant
**GREGORY MACK**
1000 South Avenue, 2nd Floor
Staten Island, NY 10314
(718) 370-7030

**PRINTING SPECIFICATION STATEMENT**

Pursuant to Local Rule 7.1(c), the foregoing Memorandum of Law was prepared on a computer. A proportionally spaced typeface was used as follows:

Name of Typeface: **Courier New**

Point Size: **12**

Line Spacing: **Double**

The total number of words in this Reply Memorandum, inclusive of point headings, footnotes, and endnotes, and exclusive of the caption, table of contents, table of authorities, and signature block, and any required certificates, is **2,974 words**, which is in conformity with the 3,500-word limit.

Yours, etc.
AMABILE & ERMAN, P.C.

By: *Brian M. Linares-Ponce*

BRIAN M. LINARES-PONCE
Attorneys for Defendant
**GREGORY MACK**
1000 South Avenue, 2nd Floor
Staten Island, NY 10314
(718) 370-7030